Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TJS
F.#2013R00381

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 9, 2013

**By FedEx and ECF**

Anthony Cariddi, Esq.
Cariddi and Garcia Esqs.
PO Box 188
Hasbrouck Heights, NJ 07604

Heidi Cesare, Esq.
Federal Defenders of New York, Inc.
1 Pierrepont Plaza, 16th floor
Brooklyn, New York 11201

> Re:  United States v. Baslan, et al.
>      Criminal Docket No. 13-322 (RJD)

Dear Counsel:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter.  Please also consider this letter to be the government's request for reciprocal discovery.

1. Statements of the Defendant

Statements will be provided under separate cover.

2. Prior Criminal History

The defendants have no known criminal history.

3. Documents and Tangible Objects

Enclosed is a CD-ROM labeled USA CD 1, containing the following:

- Photographs of 1153 Ocean Parkway, Brooklyn, NY (USA 1 - USA 51);

- Documents seized from Bebars Baslan at the time of his arrest (USA 52);

- A search warrant for items seized at the time of the arrest of Bebars Baslan and Kristen Henry, signed by the Honorable Robert M. Levy on April 1, 2013 (USA 53 - USA 114);

- A search warrant for 1153 Ocean Parkway, Brooklyn, NY, signed by the Honorable Roanne L. Mann on March 19, 2013 (USA 115 - USA 177);

- An inventory of items seized from 1153 Ocean Parkway, Brooklyn, NY (USA 178 - USA 181);

- Documents received from AT&T (ATT 1 - ATT 24125);

- Documents received from AOL (AOL 1- AOL 2);

- Documents received from Facebook (FB 1 - FB 7);

- Documents received from GoDaddy (GB 1 - GB 516);

- Documents received from Google (GOO 1 - GOO 2).

Also enclosed are the following CD-ROMS:

- A CD-ROM labeled USA CD 2 containing the following:

  - 46 audio files of consensually recorded telephone calls;

  - 8 audio files of consensually recorded meetings;

  - 9 video files of consensually recorded meetings;

  - A video obtained from a computer seized from 1153 Ocean Parkway, Brooklyn, NY.

The date of each telephone call and meeting is reflected in the file name. The government also possesses a consensually recorded video of a meeting on March 7, 2013. That video contains child pornography. Pursuant to 18 U.S.C. § 3509(m)(1), that video is not included on USA CD 1. See id. ("In any criminal proceeding, any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court."). The government will comply with its obligation to make that video reasonably available to the defense by permitting you to inspect, view, and examine it at a government facility. See 18 U.S.C. §

3509(m)(2)(A)&(B).  Please call me if you wish to arrange a mutually convenient time to do so.

- A CD-ROM labeled USA CD 3 containing files obtained from the iPhone seized from Bebars Baslan at the time of arrest;

- A CD-ROM labeled USA CD 4 containing files obtained from the iPhone of Kristen Henry at the time of arrest.

The original documents identified above and the items identified in the search warrant for items seized at the time of arrest or inventory of items seized from 1153 Ocean Parkway, Brooklyn, NY are available for your inspection.  Please call me if you wish to arrange a mutually convenient time to review that material.

4.    Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case as they become available.

5.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

6.    Brady Materials

The government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

7.    Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Federal Rule of Evidence 404(b), 413, or 414.

8.    <u>The Defendant's Required Disclosures</u>

        The government hereby requests reciprocal discovery
under Rule 16(b) of the Federal Rules of Criminal Procedure.  The
government requests that the defendant allow inspection and
copying of (1) any books, papers, documents, photographs, tapes,
tangible objects, or copies or portions thereof, which are in the
defendant's possession, custody or control, and which the
defendant intends to introduce as evidence or otherwise rely on
at trial, and (2) any results of reports or physical or mental
examinations and of scientific tests or experiments made in
connection with this case, or copies thereof, which are in the
defendant's possession, custody or control, and which the
defendant intends to introduce as evidence or otherwise rely upon
at trial or which were prepared by a witness whom the defendant
intends to call at trial.

        The government also requests that the defendant
disclose prior statements of witnesses who will be called by the
defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to
avoid any unnecessary delay, we request that you have copies of
these statements available for production to the government no
later than the commencement of trial.

        The government also requests that the defendant
disclose a written summary of testimony the defendant intends to
use under Rules 702, 703, and 705 of the Federal Rules of
Evidence.  The summary should describe the opinions of the
witnesses, the bases and reasons for those opinions, and the
witnesses' qualifications.

<u>Future Discussions</u>

        If you have any questions or requests regarding further
discovery or a disposition of this matter, please do not hesitate
to contact us.

        Please be advised that, pursuant to the policy of the
Office concerning plea offers and negotiations, no plea offer is
effective unless and until made in writing and signed by
authorized representatives of the Office.  In particular, any
discussion regarding the pretrial disposition of a matter that is
not reduced to writing and signed by authorized representatives
of the Office cannot and does not constitute a "formal offer" or

5

a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132
S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                    Very truly yours,

                    LORETTA E. LYNCH
                    United States Attorney
                    Eastern District of New York


              By:   /s/_____
                    Tyler J. Smith
                    Assistant U.S. Attorney
                    (718) 254-6186

Enclosures

cc: Clerk of Court (RJD) (by ECF & without enclosures)