TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-A

---

FROM: 80637053
TO:
SUBJECT: Motion MD 5 HASH
DATE: 08/02/2013 01:13:16 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                                          Docket No: 13-CR-220
                                                          Hon. Raymond Dearie, U.S.D.J.

BEBARS BASLAN, et, al,.

                Defendant(s)
-------------------------------------------------------X

**MOTION FOR MD HASH ANALYSIS OF ALL ELECTRONIC
DATA STORAGE DEVICES THE POSSESSION OF THE
UNITED STATES GOVERNMENT PURSUANT TO A SEARCH
AND SEIZURE CONDUCTED AT 11533 OCEAN PARKWAY
and
OTHER LOCATIONS ON MARCH 13, 2013**

COMES NOW THE DEFENDANT, Bebars Baslan, acting pro-se, and in support of the above styled motion for a MD Hash Analysis of all Electronic Data Storage Devices, states as follows:

    1. On March 13, 2013 the Federal Bureau of Investigation conducted a unconstituional search (see: Motion to suppress filed seperately in this matter) of defendant Baslan's residence, located at 1153 Ocean Parkway, Brooklyn, New York, pursuant to a "Search Warrant", (hereinafter referred to as the "Warrant"), signed by the Hon. Roanne L. Mann, United States Magistrate Judge, dated March 19, 2013, in Magistrates Case Number 13-M-0239.

    2. The warrant was executed by Special Agent, Aaron Spivak, of the Federal Bureau of Investigation. During the search referenced supra, Agent Spivak seized a number of electronic data storage devices, along with other computer related components, and miscellaneous electronic gear data storage devices, along with other computer related disks, and thumb drive, data storage devices.

    3. Special Agent Spivak at the time of the search on March 19, 2013, compiled an inventory of all the items seized. The greater majority of the items seized are contained on the inventory, except for the defendants cell phone, a co-defendants computer, and one 16 Terabyte storage device.

    4. The inventory complied and executed by special Agent Spivak, consisted of four handwritten pages, labeled 1 through 4, and carry an FBI identification number of, 305C-NY-7393867, and is dated 3/19/2013.

    5. The inventory listed numerous electronic data storage devices, listed infra (All non-data storage devices and components have been intentionally omitted from this motion, as they are immaterial to the issue discussed herein). It is noted that the inventory is devoid of any reference to a major Electronic Data Storage Device component, which appears in the search scene photographs, Bates stamped USA000000015, USA000000048, more fully identified infra as item "A". This device is a crucial component of the defense in this case as it contains seized or unaccounted for items.

    A. 5-Bay External Storage Device (Estimates size between 11 to 16 Terabytes)
    B. 1 Auqua USB
    C. 1 Silver Disk
    D. 2 SanDisk Ultras
    E. 1 canon compact flash card
    F. 1 transcend micro SD adaptors

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-A

--------------------------------------------------------------------------------

G. 1 iPhone
H. 1 Song NX Flash Memory
I. 1 Seagate SN: wll0hj74 Hard drive
J. 1 Mac Tower S/N YYM04618CEAF
K. 2 iPads / Black Cover / Blue Cover
L. 1 Samsung hard drive SN:02431206605348
M. 1 OCZ Hard Drive SN:025431206005348
N. 1 Aprocon hard drive SN: A25-PL 256-XXX
O. 1 Seagate hard drive SN:NA0PAS7L
P. Seagate SN:610522Q3K
Q. 1 Mac book Laptop
R. 1 Apple Computer
S. 3 Seagate HD (Hard Drives)
T. 1 Fujitsu Extended Hard Drive
U. 1 Rock Mobile Disk
V. 2 iPhones
W. 1 iPod
X. 1 IS Storage Device
Y. 1 Seagate free agent disk
Z. 1 Seagate external drive
AA. 1 LaCie External hard drive.
BB. 1 Phantom green drive
CC. 1 Geek squad thumb drive
DD. 1 Compaq Laptop SN:CNF53327CD
EE. 1 LaCie Q2 Quadra hard drive
FF. 6 USBS
GG. 1 Silver Label Storage device
HH. 1 Firelight External HD
II. 1 Seagate free agent hard drive
JJ. 1 Barracuda HD
KK. 1 Samsung Drive
LL. 1 iPad

6. Additionally on March 19, 2013, an Apple Laptop, Serial Number 7393759V7XJ, a thumb drive, and an two (2) iPhones (1 being an iphone, series 4s, and the other being and iphone, series 5) Electronic Data Storage Devices were seized the defendant - and co-defendant Henry - at the Hyatt Hotel, in Jersey City, New Jersey.

7. It is anticipated the the FBI and or it's agents, officers, assigns or contractors, will conduct forensic examinations of the electronic data storage devices described supra at paragraph 5, and paragraph 6.

8. Based upon information and belief a portion of the electronic data storage devices set forth at paragraph 5 supra are encrypted.

9. Based upon information and belief the FBI is currently conducting forensic examination of the electronic data storage devices using conventional passwords as well as "FORCED"(emphasis added) entry to gain access to the information contained on the devices which may result in destruction of the information or damage to the information, rendering the information irretrievable, and thus obstructing justice in the instant case.

10. Based upon information and belief obtained from government pleadings in the above captioned criminal matter, the forced entry set forth supra, is currently underway, without any supervision from the defense.

11. Defendant Baslan, a noted computer expert (Baslan is described by the government in it's pleadings as such an expert) estimates the totality of all unencrypted and encrypted data set forth at paragraph 5 supra to be 43 Terabytes, which in laymen's terms would equal more that 6 times the textual content of the Library of Congress, or if converted to conventional two hour feature films, would require two(2) years of continuous, 24 hour a day, 7 day a week viewing.

12. Defendant Baslan, has reason to believe, based upon written documents supplied by the United States in answer to a discovery motion filed by defendants Baslan in this case, that data seized from one of the defendant's electronic data storage devices in this case, either by error design, is unaccounted for. The Loss includes but is not limited to the Memo App recordings

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-A

---

on the iPhone for all entries recorded after December 1 2012.

13. In order to protect the defendants access to exculpatory defense data contained on the seized data storage devices, defendant Baslan herby seeks an ORDER from this honorable court granting what is commonly referred to as a MD HASH analysis.

14. An MD Hash analysis is an algorithm that measures all of the data contained on electronic data storage devices, and transforms the data into a number known as a Hash or Hash value.

15. An MD Hash is an Algorithm specifically designed for digital applications. Various numerical versions of MD Hash analysis exit. Variations such as MD2, MD4, and MD5 were designed for different purposes based upon the size of the computer memory being analyzed, The Hash requested in this motion is commonly referred to as MD5 Hash.

16. In the interest of judicial economy and brevity and to avoid arcane discussion of forensic data collection principles, the defense respectfully draws the courts attention to the following concise collection of material on the subject of MD Hash Analysis: "What are MD2, MD4, and MD5" By: RSA Laboratories at http://www.rsasecurity.com/rsalabs/faq/3-6-6.html.

17. The odds of two computer files having the same Hash value, are 10 to the 38th power. (1 in 340 Undecillion a higher level of certainty than DNA analysis) [See: Richard Hardy, and Susan Kreston, "Computers are like filing cabinets", using analogy to explain computer forensics, 15 NCPCA Update Newsletter, No 9, American Prosecutors Research Institute, Alexandria, Virginia, 2002.

18. In order to preserve the integrity of the electronic data currently in the "Sole" (emphasis added) possession of the FBI and United States Attorney for the Eastern District of New York, a Hash analysis is required.

19. The requested Hash analysis will assign a numerical value to all the data on the defendant's electronic storage devices, seized by the FBI. An example would be if one has to fill a swimming pool with marbles. The Hash analysis would count the number of marbles in the pool to an exact number. Then if someone came alone and removed a pail full marbles the Hash Analysis would show that a pail full of marbles has been removed from the pool, or if someone simply rearranged the marbles, such rearrangement would be revealed. In the instant case there already exist a curious data misplacement along with the unrecorded location for 35% of the data devices located at the seizure address on the day of the seizure, which lead the defendant to conclude that wither by error or by design, someone maybe tampering with the marbles in this case. An ORDER requiring the Hash Analysis would remove any question as to any suspected data loss.

20. Defendant Baslan respectfully requests an ORDER for the production of a Hash Analysis for each and every electronic data storage device set forth supra at the paragraphs five(5) and six (6), to be produced on or before August 15, 2013.

21. Each Hash Analysis shall be labeled to correspond with whatever storage device it is obtained from either by engraving the device with an electric machine, or via devices serial number, if the device possesses such a serial number.

22. The defendant is aware that electronic data storage device are subject to various conditions that may corrupt the date contained therein. The defendant requests that mirror image (exact replica copies) of all the data devices subject to the Hash Analysis order by made. The mirror images may contain images the government seeks to maintain in camera, to with the defendant does not object, In order to comply with the mirror image request pled herein, such exact copies, which may contain alleged objectionable material, once created shall be kept in seal in the District Court Clerk Office. All other images that are considered by this Court to be releasable, shall be turned over to the defense, with all the Hash Analysis.

WHEREFORE ALL PREMISE CONSIDERED, the defendant prays entry of an ORDER granting leave to have the United States, at government expense, prepare a Hash Analysis of all items set forth in Paragrapgh Five(5) and six(6) supra, and mirror image exact copies of all the electronic data storage devices, and such other further relief as to this Honorable Court appears to be just and proper.

    Date this ____Day of August, 2013

    Respectfully Submitted;

By:_____
    Bebars Baslan, Pro-se.