# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE  
SUITE 2200  
NEW YORK, NEW YORK 10016  
WWW.SAVITTESQ.COM

(212) 679-4470  
FAX: (212) 679-6770  
EPHRAIM@SAVITTESQ.COM

October 16, 2013

**BY HAND AND ECF**

HONORABLE RAYMOND J. DEARIE  
U. S. District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    **United States v. Bebars Baslan**

                 **Docket No. 13 CR 220 (RJD)**

Dear Judge Dearie:

      This is a letter motion to direct the Warden of the Metropolitan Detention Center ("MDC"), or his authorized representative, to show cause why counsel is being prevented from providing DVD's and documents, which had been produced to the defense by the government as part of its Rule 16 (a) discovery obligations, to a detained defendant, Bebars Baslan who is facing charges ranging from mandatory minimum sentences of 5 to 15 to 30 years.

      Additionally, the relief requested covers the MDC's denial of counsel's ability to leave a DVD for the defendant relating to the defense investigation and a statement of services by Baslan's prior counsel for his review and expected referral for gross overbilling either to the appropriate attorney disciplinary committee or for arbitration.

In his October 7, 2013 letter (a copy of which is enclosed for the Court's convenience), which I received by U.S. mail only today, the MDC Warden explain the reasons for the denial of these plainly case-related materials, and the billings statement from his prior counsel, which I had physically deposited in the legal mail slot at the MDC, two days shy of a month ago on September 18, 2013 (a copy of my handwritten enclosure letter to Baslan is also enclosed). The Warden's letter asserts that because "staff discovered items that were not permissible or were not appropriate" in the legal mail I left almost a month ago, the entire contents were being returned to me. The Warden's letter also claims that "the discs enclosed in the envelope contain inappropriate material for possession at MDC Brooklyn."

Concededly, among the items in the DVDs are photos that, it is safe to assume, the MDC would normally prohibit. But the nature of the case, which concerns, inter alia, allegations of a conspiracy to commit the sexual abuse of minors, dictates that "inappropriate" materials and photos will be among the exhibits the government will seek to introduce at a trial. Indeed 4 of the DVD's were part of the government's production. The fifth has nothing more "inappropriate" than photos of electronic equipment the FBI apparently chose not to seize from Baslan's apartment. There is no child pornography included in the government's discovery, given the restrictions of the Adam Walsh Act.

It is ludicrous for the MDC to hold on to Rule 16 discovery materials for almost an entire month for "investigation," only to return the materials to the attorney because they are deemed "inappropriate." It seems that the MDC investigators managed to see some "dirty pictures" of adults that had been downloaded by the FBI from the defendants' cell phone, without bothering to "investigate" what the charges in this case are about or contacting the government to determine whether the materials were bona fide discovery. Certainly, the prosecutor in this case would have set the MDC investigators straight about what they were looking at these past several weeks.

Apart from the discovery materials, the DVD of photographs taken by co-defendant Henry's original counsel of the items left behind in Baslan's apartment does not contain "inappropriate"

2

materials. Among the items left behind by the FBI searchers, who took dozens of electronic and computer equipment and files pursuant to a warrant, was an external hard drive stack, called a Drobo, which was in "plain view" in the apartment, just as the DVD photos depict. The present whereabouts of that Drobo is the gravamen of the government's obstruction case lodged against a woman named Toby Tessler. According to the complaint against her, Baslan instructed her to destroy the Drobo. It is not a stretch to assume that the DVD photos of the Drobo and other objects, which were in full view of the FBI agents who had searched the premises, but which the agents decided not to seize, is of some importance to Baslan's case, particularly given the government's obstruction charge against Ms. Tessler.

Finally, the billings statement of Baslan's prior counsel, which may or may not be "inappropriate" as a matter of legal billings, is certainly not "inappropriate" for Baslan to review. Baslan needs to decide whether prior counsel's handful of MDC visits and counsel's failure to appear at the one court appearance before Your Honor that he was required to attend is an "appropriate" basis for keeping nearly $57,000 of the $60,000 retainer he had received from Baslan's parents. This is the first instance of which I am aware, where a federal detention facility denied a defendant access to his case discovery, defense investigatory materials and to the billings statements of counsel, absent SAMs or other security restrictions. It is unheard of and creates a real impediment to needed review of the evidence with the client's imput and to appropriate attorney-client consultations.

I ask that Your Honor issue an order to directing the MDC Warden or his designated representative to appear before the Court and explain why the MDC is depriving my client of his ability to prepare his defense. I will bring the "inappropriate" materials, in their delivered and returned form, to the hearing in which the issues raised in this application are addressed. In this fashion, the Court will be able to make a determination, based on a complete record of what the MDC considers "inappropriate," whether the MDC should be directed to accept case-related materials without further obstruction and concomitant delay to the progress of this case. After all, I have only 4 weeks before the

scheduled November 22nd court conference to advise the Court whether we can pursue plea negotiations or set a motion schedule and a trial date.

I thank Your Honor for Your courtesy and consideration.

Respectfully Yours,

Ephraim Savitt

Encl.

cc: Warden, MDC Brooklyn
AUSA Tyler Smith
Bebars Baslan



**U.S. Department of Justice**

Federal Bureau of Prisons

---

Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

October 7, 2013

Ephraim Savitt, Esq.
Attorney At Law
260 Madison Avenue
Suite 2200
New York, NY 10016

**RE:** **Bebars Baslan, Register No. 80637-053**

Dear Mr. Savitt:

I write regarding legal mail sent to the above-referenced inmate at the Metropolitan Detention Center, New York (MDC Brooklyn). Specifically, staff discovered items that were not permissible or were not appropriate. For the reasons that follow, the envelope is being returned to you in its entirety.

Processing inmate "special" (legal) mail is staff intensive and the special mail privilege is fraught with the potential for abuse. Specifically, the discs enclosed in the envelope contain inappropriate material for possession at MDC Brooklyn.

If you have any questions or concerns, feel free to contact me at (718) 840-4200.

Sincerely,

Frank Strada
Warden

9-18-13

Hi Bebas,

These are the documents and DVD's received from your previous lawyer relating to your case.

Because of the unexpected emergency, I could not see you today or place these in the legal Mail at the MDC.

See you next week,

Best regards,

Ephraim Savitt