# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE
SUITE 2200
NEW YORK, NEW YORK 10016
WWW.SAVITTESQ.COM

(212) 679-4470
FAX: (212) 679-6770
EPHRAIM@SAVITTESQ.COM

**February 28, 2014**

**BY ECF**

HONORABLE RAYMOND J. DEARIE
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **United States v. Bebars Baslan**
                  **Docket No. 13 CR 220 (RJD)**

Dear Judge Dearie:

      On behalf of my client Bebars Baslan, I respectfully join the motion to extend the time for filing pretrial motions filed by Ying Stafford on behalf of co-defendant Kristen Henry from this Monday March 3rd to March 24th. Although Baslan does not have a Curcio issue, we are still in need of investigative and paralegal assistance under CJA, as well as my own appointment in light of my unintended current status as a "free-lawyer" in every sense of that expression. I have fully researched and formulated the issues that I will raise in the motions, and discussed them thoroughly with Mr. Baslan. I also drafted some of the needed submissions in support of those motions. The motions include suppression of post-arrest statements and computer searches, dismissal of the indictment because of a demonstrable Massiah violation and breach of the attorney client privilege by the government by improperly utilizing a jailhouse informant who recorded his discussions with Baslan regarding the pending charges against him in the indictment and his attorney-client conferences with me, a motion to make the computer files seized from Baslan available for

inspection by both defendants and their counsel and for early disclosure of Brady/Giglio and Rule 404(b) evidence in light of the present tight trial schedule. The suppression and Massiah motions will include a request for evidentiary hearings and will be premised on affidavits, the jailhouse informant's recordings and the seriousness of the Sixth Amendment violation in ferreting out an indicted defendant's trial defense strategy and his privileged discussions with his counsel regarding pretrial motions and the overall defense to the charges. The fruit of the poisonous tree doctrine makes this a far from trivial or standard dismissal motion.

But I am still at a disadvantage in finishing the motions in a timely fashion because, at present, my co-counsel is in the throes of Curcio proceedings and that is a roadblock to effective division of labor and coordination in a common approach by co-defendants who, I have every reason to believe, intend to work harmoniously in defending this case at trial. Additionally, I need to consult with Mr. Baslan regarding the drafts I have already prepared of portions of the motions, and visiting him, especially in the context of co-defendant meetings in the MDC has been a vastly time consuming and herculean effort, characterized by internal institutional miscommunications, approved meetings that were then denied by the gatekeeper staff and delays caused by escorting Baslan from the West building to the East building where co-ed co-defendant meetings can be held under MDC rules (boys only in the West wing).

I thank Your honor for your courtesy and consideration.

Respectfully submitted,

*Ephraim Savitt /TP*

Ephraim Savitt

cc: AUSA Tyler Smith
    Ying Stafford, Esq.
    Bebars Baslan