

U.S. Department of Justice

United States Attorney
Eastern District of New York

TJS:TAD
F. #2013R00381

271 Cadman Plaza East
Brooklyn, New York 11201

July 3, 2014

By Hand and ECF

Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Bebars Baslan, 13-CR-220 (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter brief in response to the defendant's motion, dated July 2, 2014, requesting yet another adjournment of the trial scheduled to begin on July 14, 2014.[1]  In short, the defendant claims that he is entitled to a trial adjournment or the preclusion of evidence admissible pursuant to Rule 413 of the Federal Rules of Evidence because the government made a timely disclosure of its intention to call his earlier victims, whom he concedes he has known about since at least a year ago. The defendant's claim is baseless.  The Court should deny his latest request for an adjournment and permit the introduction of evidence relating to his prior sexual assaults at trial.

ARGUMENT

I.    RULE 413 APPLIES IN THIS CASE

      As an initial matter, the defendant claims that because the charged crimes are "child molestation" offenses within the definition of Rule 414 of the Federal Rules of Evidence the government cannot offer evidence of prior sexual assaults, which are governed

---

[1] This marks the defendant's third motion to adjourn trial.  On January 22, 2014 the defendant requested an adjournment of the then-scheduled trial date of June 2, 2014.  Trial was adjourned at the request of his co-defendant. (Docket No. 48).  On May 27, 2014, he requested an adjournment of six or seven months, or until approximately October 2014—the same extension he now seeks.  (Docket No. 85.)

by Rule 413 of the Federal Rules of Evidence.  (See Defendant's Adjournment Request, dated July 2, 2014, Docket No. 96, ("Adj. Req.") at 5-6.)  This is incorrect.  As the government set forth in its motion-in-limine (Docket No. 93), both the charged crimes and prior offenses are "sexual assaults" within the definition of Rule 413.  The government is aware of no case, and the defendant cites none, in which a court has read Rule 413 as requiring the exclusion of evidence unless it also is admissible under Rule 414.

In fact, at least one circuit has reviewed almost precisely the same issue and rejected such an analysis of Rules 413 and 414.  In United States v. Seymour, 468 F.3d 378 (6th Cir. 2006), the Sixth Circuit analyzed the admission of evidence that fell within the definitions of both Rules.  In that case, the district court admitted evidence that the defendant, who was charged with the sexual abuse of an 11-year-old, had committed prior uncharged sexual assaults against women who were not "children."  Id. at 381-382.  The Circuit Court affirmed the district court's decision and rejected the defendant's claim that "Rule 414 is the exclusive rule governing child-molestation cases."  Id. at 383.  The Court noted that Rules 413 and 414 apply to different conduct and that each "contain a clause stating that '[t]his rule shall not be construed to limit the admission or consideration of evidence under any other rule.' Fed.R.Evid. 413(c), 414(c)," and found that there was "no incompatibility between the two rules."  Id. at 385.

Another court in this district came to the same conclusion just months ago when it analyzed almost the same issue.  In United States v. Schaffer, 2014 WL 1515799 (E.D.N.Y. April 18, 2014) (Ross, J.), the court allowed evidence of the defendant's sexual assaults of children under 14 in a case involving the sexual abuse of a child older than 14.  The court found that "nothing about the fact [the evidence] could also be admitted in a different case under FRE 414 prevents them from being admitted here under FRE 413."  Id. at 10 n.6.  Indeed, it would be a perverse result if Rule 414—which was enacted to allow evidence of a defendant's prior sexual assaults of children to be admissible—was found to bar admission of the defendant's sexual assaults of adolescents.

II.   RULE 413 ALLOWS EVIDENCE OF THE DEFENDANT'S SEXUAL ASSAULTS OF MINORS TO PROVE HIS INTENT AND PROPENSITY TO SEXUALLY ASSAULT CHILDREN

The defendant next claims that his prior video-recording of the sexual assault of drugged minors does not show his propensity to video-record the sexual assault of drugged minors.  He argues that because the victims of his prior crimes were older than the intended victims of the charged crime, his prior crimes are irrelevant. This argument is baseless.

The defendant's prior crimes mirror the actions the defendant attempted to take in the charged crimes.  The only difference is that he chose more vulnerable victims this time.  In both cases, the defendant produced (or intended to produce) child pornography.  In both cases, the child pornography featured (and was to feature) the defendant himself sexually assaulting the victims.  In both cases, the defendant accomplished (or attempted to

accomplish) this result by first drugging his victims. The jury needs no expert testimony to see the similarities between what the defendant has done and what he intended to do.

Rule 413 "renders evidence of prior sexual assaults presumptively admissible in a federal prosecution for sexual assault." Morris v. New York, No. 07–CV–3418 (JG), 2008 WL 850679, at *6 (E.D.N.Y. Mar.29, 2008) (citing United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir.1998), which held FRE 413 constitutional); Schaffer, 2014 WL 1515799, at *10 (same). Rule 413 does not restrict this broad standard of admissibility to sexual assaults involving victims of similar ages. Nor does it require that the government prove that a defendant's prior actions prove a psychological propensity to commit sexual violence or propensity to commit sexual violence against some particular age range, as the defendant seems to suggest.[2]

Courts have frequently admitted evidence of sexual assaults of adults or adolescents in cases charging the sexual assault of children. In United States v. Hollow Horn, 523 F.3d 882 (8th Cir. 2008), the Eight Circuit affirmed the district court's admission of evidence of the rape of a 20-year-old in a case involving the sexual assault of a 7-year-old pursuant to Rule 413. In concluding that the assault of the 20-year-old was relevant, the court noted that "both offenses involved sexual assaults of defenseless victims" because the charged crimes involved the "alleged sexual assault of sleeping minor victims, and the earlier alleged rape also involved an unconscious victim." Id. at 888. The court also determined that the admission of the rape of the 20-year-old was not unduly prejudicial stating that: the adult victim's "testimony is prejudicial to [the defendant] for the same reason it is probative—it tends to prove his propensity to commit sexual assaults on vulnerable female members of his family when presented with an opportunity to do so undetected." Id. Similarly, in Seymour, 468 F.3d 378 (6th Cir.2006), the Sixth Circuit affirmed the admission of evidence regarding the defendant's rape of adult women in a trial charging child molestation pursuant to Rule 413. In United States v. Batton, 602 F.3d 1191, 1195-96 (10th Cir. 2010), the Tenth Circuit affirmed the admission of evidence relating to the defendant's sexual assault of a 14-year-old in a case involving the sexual abuse of a child between approximately 7 and 11 years of age pursuant to Rule 413.[3] None of these cases involved expert testimony as to the defendant's propensity to commit sexual assaults on victims of different ages and the defendant cites no case in which such testimony was required.[4]

---

[2] To the extent the defendant believes he now needs a psychiatric examination, the government notes that over a year ago he requested an order permitting his examination by Dr. N. G. Berrill, which the Court granted. (Docket No. 21.)

[3] The Batton decision indicates that the victim was abused from the time until he was in second grade until he was in sixth grade. Children are generally 7 years old in second grade and 11 years old in sixth grade.

[4] To the extent that the defendant is claiming that he will seek a psychiatric expert to opine on whether he is sexually attracted to children, the defendant has been on notice since

3

### III.     THE GOVERNMENT PROVIDED TIMELY NOTICE UNDER RULE 413

The defendant also claims that the government is conducting "trial by ambush" because it disclosed its intent to call the defendant's prior victims over two weeks before trial. (Adj. Req. at 7.) Rule 413 requires that the government provide notice of Rule 413 evidence "at least 15 days before trial or at a later time that the court allows for good cause." The government complied with this rule by providing notice of its intent to offer evidence pursuant to Rule 413 and providing prior statements of the victim-witnesses 18 days before opening statements were set to begin.

This timeframe is consistent with those imposed for Rule 404(b) notice where courts have consistently found two-weeks' notice proper even in complex cases. See United States v. Solomonyan, 451 F. Supp 2d 626, 646 (S.D.N.Y. 2006) (finding that "two weeks notice is adequate" for 404(b) disclosure in fourteen-defendant case involving ten counts of trafficking in arms and firearms); United States v. Valenti, 60 F.3d 941, 945 (2d Cir.1995) (holding a period of four days may constitute reasonable notice in advance of trial); United States v. Berganza, No. 03 Cr. 987(DAB), 2005 WL 372045, at *9 (S.D.N.Y. Feb. 16, 2005) ("Because the Government has consented to provide its 404(b) disclosures to Defendant fourteen days prior to trial, and because no trial date has yet been set by this Court, Defendant's motion to compel early 404(b) disclosure is denied."); United States v. Velasquez, No. 96 Cr. 126(JFK), 1997 WL 414132, at *5 (S.D.N.Y. July 23, 1997) ("This portion of the motion requires no further discussion because two weeks provides 'reasonable notice.' "); United States v. Richardson, 837 F.Supp. 570, 575–576 (S.D.N.Y.1993) (directing government to provide notice of prior bad acts within ten days of trial); see also United States v. O'Connor, 650 F.3d 839 (2d Cir. 2011) (affirming district court's denial of continuance when a government witness unexpectedly testified at trial that the defendant had admitted to having sex a 12 year old, which is evidence that would have been admissible pursuant to Rule 413 and 414).

Nor was the defendant entitled to the statements of VICTIMS 1 and 2 prior to 15 days before trial. Rule 16 specifically excludes the discovery of "statements made by prospective government witnesses except as provided by 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 does not obligate the government to disclose a witness's statement until after he or she has testified. Additionally, despite his exhaustive pretrial motions, in which he requested early disclosure of Giglio material, the defendant did not request early disclosure of 413, 414, or even 404(b) evidence. (See Defendant's Omnibus Pretrial Motions, dated April 1, 2014, Docket No. 73.)

Apart from the fact that the government's notice was timely, the defendant's claim that this disclosure was a "surprise" is contradicted by the text of his own motion. The defendant concedes that he revealed information about his prior rapes of minors during the

---

his arrest that his sexual interest in children may come into play at this trial as he was charged with crimes relating to the sexual abuse of children.

government's investigation of his obstruction of justice, which occurred almost a year ago. (See Adj. Req. at 7 (claiming that this evidence is derived from the government's use of the jailhouse informant because "the events that occurred in Buffalo in the middle of the first decade of this century became the subject of inquiries by the government's jailhouse informant.").) The defendant makes this admission as part of yet another attempt to draw the jailhouse informant into a trial at which the government agrees he has no place. Further, the defendant knows that his "surprise" argument is specious. As the defendant concedes, the government learned of VICTIMS 1 and 2 and interviewed them in March 2013, many months before the jailhouse informant approached the government.[5] (Adj. Req. at 6.)

### IV. THE RULE 413 EVIDENCE IS NOT UNFAIRLY PREJUDICIAL AND WILL NOT CAUSE UNDUE DELAY OR CONFUSE THE ISSUES

The defendant also claims that the evidence of his prior sexual assaults should be precluded pursuant to Rule 403, which grants the court the power to exclude evidence "if its probative value is substantially outweighed by a danger of . . . : unfair prejudice, confusing the issues, misleading the jury, [or] undue delay." Fed. R. Evid. 403. Evidence of the defendant's prior sexual assaults is highly probative and none of the concerns enumerated in Rule 403 outweigh, let alone _substantially_ outweigh, this probative value.

"[I]t is important to note that the Second Circuit has repeatedly recognized that in sexual assault and child molestation cases, the presumption is that evidence of prior acts of sexual assault or child molestation is relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice." United States v. Donaldson, No. 09-CR-321, 2012 WL 2317343, at *3 (W.D.N.Y. June 18, 2012); United States v. Levy, 594 F. Supp. 2d 427, 439 (S.D.N.Y. 2009) ("[I]n sexual assault and child molestation cases, the presumption is that the probative value of the propensity evidence is not outweighed by the risk of unfair prejudice."); see also United States v. Mann, 193 F.3d 1172, 1173 (10th Cir.1999) (courts are to "liberally admit evidence of prior uncharged sex offenses"). While "[t]here can be no doubt that admission of [evidence of prior] child molestation carries a high risk of prejudice for any defendant, especially one charged with sexual exploitation of a minor . . . such evidence may be 'highly prejudicial' but not necessarily 'unfairly prejudicial'." United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010). Such is the case here.

---

[5] The jailhouse informant, in his first proffer with the government, did indicate that Baslan had admitted to being investigated for sexual assaults of underage girls near Buffalo, New York, but had gotten away with it. Although the government does not intend to call the jailhouse informant to testify about these conversations, this information was not obtained in violation of Massiah because the jailhouse informant was not yet a government agent when he obtained the information. See Kuhlmann v. Wilson, 477 U.S. 436, 460 (1986); United States v. Edwards, 342 F.3d 168, 182 (2d Cir. 2003).

The defendant's prior acts are strong evidence that when the defendant talked, in the present case, about plans to drug and rape minors, he actually intended to do it. They go directly to the main point of contention at trial—the defendant's state of mind. As the government noted in its motion-in-limine, each time the Second Circuit has addressed the Rule 403 balancing test in the context of Rules 413 and 414, it has affirmed the admission of evidence of prior sexual assaults. See United States v. O'Connor, 650 F.3d 839, 853 (2d Cir. 2011) (finding "no abuse of discretion in the admission of testimony about acts that occurred 16 to 20 years before the trial where "[t]he similarity of the events clearly demonstrated the ... testimony's relevance."); United States v. Larson, 112 F.3d 600, 605 (2d Cir. 1997) (finding no abuse of discretion in district court's decision to admit testimony of victims abused 16 to 20 years prior to trial); United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010) (finding no abuse of discretion in district court's decision to admit evidence of 19-year-old sodomy conviction). This analysis does not change merely because the defendant's attempt to complete the charged crimes was frustrated by law enforcement. See, e.g. United States v. Blazek, 431 F.3d 1104, 1109 (8th Cir. 2005) (no abuse of discretion where district court admitted testimony that the defendant fondled an 11-year-old in a case in which the defendant attempted to entice a law enforcement officer posing as a minor).

Nor will the admission of the proffered evidence cause undue delay. The government intends to call no more than two additional witnesses, specifically, the defendant's prior victims. To the extent the defendant is claiming that this evidence must be rejected because the defendant's own response to these witnesses will cause undue delay, his argument is baseless. If a defendant's claim that he would call a legion of witnesses to counter any Rule 413, 414, or 404(b) evidence, constituted "undue delay" as described in Rule 403, any defendant could invoke Rule 403, merely by claiming that he would call enough witnesses to cause "undue delay." That cannot be correct.

Finally, to the extent that there could be any possible jury confusion, the Court can and should instruct the jury as to the limited purposes for which the offered evidence can be used. See United States v. Hollow Horn, 523 F.3d 882, 889 (8th Cir.2008) (upholding admission of prior sexual assaults under Rule 413, in part, because the district judge's limiting instruction mitigated any danger that the defendant was unfairly prejudiced).

## CONCLUSION

For the foregoing reasons, the Court should reject the defendant's request for an adjournment and allow the government to present evidence of the defendant's prior sexual assaults pursuant to Rule 413.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Tyler J. Smith
Tiana A. Demas
Assistant U.S. Attorney
(718) 254-6186/6116

cc: Clerk of the Court (RJD) (by ECF)
Ephraim Savitt, Esq.
Natasha Marosi, Esq.

7