SD:TAD
F.#2013R00381

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                    13-CR-220 (RJD)

BEBARS BASLAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## THE GOVERNMENT'S REQUESTS TO CHARGE

LORETTA E. LYNCH
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Tiana A. Demas
Tyler J. Smith
Assistant United States Attorneys
    (Of Counsel)

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury. In addition, the government requests leave to offer such other instructions as may become appropriate during the course of the trial.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.    The Role of the Court and the Duties of the Jury;

b.    Equality of the Parties Before the Court;

c.    Jury Communications with Lawyers and the Court;

d.    Presumption of Innocence;

e.    Burden of Proof and Reasonable Doubt;

f.    Circumstantial Evidence and Direct Evidence;

g.    Function of the Indictment and What Is Not Evidence;

h.    Permissible Inferences Drawn from the Evidence;

i.    Stipulations (if applicable) and Objections;

j.    Credibility of Witnesses and Discrepancies in Testimony;

k.    Defendant's Right Not to Testify (if applicable);

l.    Law Enforcement Witnesses;

m.    Dates Approximate;

n.    Transcripts not Evidence;

o.    Lawfulness of Video and Audio Recordings;

p.    Deliberations;

q.    Right to See Exhibits and Have Testimony Read During Deliberations; and

r.    Verdict Must Be Unanimous.

REQUEST NO. 2

Count One of the Indictment:
Travel With Intent to Commit Aggravated Sexual Abuse of a Minor Under Twelve

The defendant is formally charged in an indictment.  As I instructed you at the outset of this case, the indictment is a charge or accusation.  The indictment in this case contains five counts.  The first count of the indictment charges the defendant with Attempted Aggravated Sexual Abuse of a Minor Under Twelve.

Count One of the indictment reads as follows:

On or about March 19, 2013, within the Eastern District of New York, the District of New Jersey and elsewhere, the defendant BEBARS BASLAN crossed a state line with intent to engage in a sexual act, to wit: contact between the mouth and the vulva, contact between the mouth and penis and the intentional touching, not through the clothing, of the genitalia of another person who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade or arouse and gratify the sexual desire of any person, with another person who had not attained the age of 12 years, to wit: John Doe I and Jane Doe I, individuals whose names are known to the Grand Jury.

Count One of the indictment charges the defendant with violating Section 2241(c) of Title 18 of the United States Code.  That section provides, in relevant part:

Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . shall be punished.

In order to prove the defendant guilty of Travel With Intent to Commit Aggravated Sexual Abuse of a Minor Under Twelve, the government must prove each of the following two elements beyond a reasonable doubt:

First, that the defendant crossed a state line; and

3

Second, that the defendant did so with the intent to commit a sexual act with a person under the age twelve, specifically, Daniel, who is identified in the indictment as John Doe I, or Leah, who is identified in the indictment as Jane Doe I.[1]

The first element of Count One that the government must prove beyond a reasonable doubt is that the defendant crossed a state line.[2]  I instruct you that to travel from the State of New York to the State of New Jersey, one must cross a state line.

The second element of Count One that the government must prove beyond a reasonable doubt is that the defendant crossed a state line with the intent to commit a sexual act with a person under the age of twelve.  The term "sexual act" means: (1) contact between the mouth and the penis; (2) contact between the mouth and the vulva; or (3) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.  With regard to these types of sexual acts, only "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 12 years

---

[1]    United States v. Cryar, 232 F.3d 1318, 1324 (10th Cir. 2000) (affirming propriety of the court's jury instruction for violating 18 U.S.C. § 2241(c): "First, that the defendant crossed a State line; Second: that the Defendant did so with the intent to commit a sexual act with a person under 12 years old"); United States v. Irving, 432 F.3d 401, 416 (2d Cir. 2005) (Cabranes, J., dissenting) ("Irving I") (explaining the two elements of 18 U.S.C. § 2241(c) as follows: "first that the defendant went to Honduras, and second, that he did so for the purpose of engaging in sexual acts with children under the relevant age," and adding: "the government was not required to prove that the defendant engaged in particular sexual acts in Honduras, or indeed, in any specific acts in Honduras"); United States v. Irving, 452 F.3d 110, 114 (2d Cir. 2006) ("Irving II") (reversing majority decision in Irving I and affirming defendant's conviction for violating 18 U.S.C. § 2241(c) by traveling to Mexico and Honduras for the purpose of engaging in sexual acts with minors under the age of twelve); see also United States v. Farley, 607 F.3d 1294 (11th Cir. 2010).

[2]    See n.1 supra.

4

old" requires the intent that I just described to you. With respect to contact between the mouth and penis and contact between the mouth and vulva, no specific intent is necessary.

To establish that the defendant crossed a state line with the intent to commit a sexual act with a person under the age of twelve, it is not necessary for the government to prove that the illegal sexual activity was the sole purpose for crossing the state line. A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across a state line was to engage in a sexual act with a child under twelve years old. In other words, the illegal sexual activity must not have been merely incidental to the trip.

Finally, to establish this second element, the government is not required to prove that the defendant actually engaged in any sexual act, as I have defined that term for you, after he crossed a state line. [3]

The defendant is also charged with Travel With Intent to Commit Aggravated Sexual Abuse of a Minor Under Twelve on an aiding and abetting theory. Therefore, you may find the defendant is guilty of Count One if you find that he aided and abetted another person to commit this crime. The aiding and abetting statute, Section 2 of Title 18 of the United States Code provides that: "whoever commits an offense against the United States or aids, abets,

---

[3]    Adapted from Sand, et al., Modern Federal Jury Instructions, §§ 61-9, 61-13; see also Cryar, 232 F.3d at 1324 ("You are instructed that the illicit activity with Jane Doe need not be the sole or primary purpose for traveling across state lines. It is sufficient if the intent to commit a sexual act with Jane Doe was one of the defendant's efficient and compelling purposes, or one [] of the Defendant's dominant purposes, in making the trip"); Irving I, 423 F.3d at 418 (Cabranes, J., dissenting) ("By the explicit terms of the statutes, the government is not required to prove that the defendant engaged in particular sex acts with children in Honduras, or indeed, in *any* specific acts in Honduras.") (Emphasis in original.)

counsels, commands, induces or procures its commission is punishable as a principal; whoever willfully causes an act to be done, which if directly performed by him or another, would be an offense against the United States, is punishable as a principal." This means that if you find that the defendant knowingly and willfully aided and abetted another person in the commission of a crime, he is as guilty as if he personally committed it.

Before you can convict a defendant on the ground that he aided and abetted a commission of the crimes charged, you must first find beyond a reasonable doubt that another person committed that crime. No one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

In order for the defendant to be guilty of aiding and abetting, it is necessary that there be more than mere knowledge that a crime is being committed and acquiescence in the crime itself. The defendant must have willfully associated himself in some way with the criminal venture; he must have willfully participated in it as something he wanted to bring about. That is, the defendant must willfully seek by some act to make the criminal venture succeed. Mere presence or relationship to the person who actually committed the crime, even coupled with knowledge that a crime was committed, is not enough.[4]

---

[4]    Adapted from the charge of the Honorable Nicholas G. Garaufis in United States v. Ledee, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012).

6

<u>REQUEST NO. 3</u>

<u>Knowingly, Intentionally and Willfully</u>

Certain allegations in the indictment require that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly, intentionally or willfully. I will now define those terms.  An act is done knowingly if done voluntarily or intentionally but not because of mistake, accident or other innocent reason.  An act is done intentionally if done voluntarily and with the specific intent to do something the law forbids.  In order to prove that the defendant acted willfully, the government must prove that he acted knowingly and purposefully and that he intended to commit an act which the law forbids.

The person need not be aware of the specific law or rule that his conduct may be violating but he must act with the specific intent to do whatever it is the law forbids.  The defendant's knowledge is a matter of inference from facts proved.  These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proven directly.  A wise and careful consideration of all the circumstances of the case may, however, permit to you make such a determination as to the state of mind of the defendant.  Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance.  You are asked to do the same here.[5]

---

[5]     Adapted from the charge of the Honorable Nicholas G. Garaufis in <u>United States v. Ledee</u>, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012), and the charge of the Honorable Raymond J. Dearie in <u>United States v. Byam et al.</u>, 12-CR-586 (S-1) (RJD) (E.D.N.Y. Aug. 8, 2013).

<u>REQUEST NO. 4</u>

Count Three of the Indictment:
<u>Attempted Sexual Exploitation of a Child</u>

The second and third counts of the indictment charge the defendant with

Attempted Sexual Exploitation of a Child in Count Three and Conspiracy to Sexually Exploit a

Child in Count Two.  I will first address Count Three and then Count Two.  Count Three of the

indictment reads as follows:

> On or about and between February 1, 2013 and March 19, 2013,
> both dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendant BEBARS
> BASLAN did knowingly and intentionally attempt to employ, use,
> persuade, induce, entice and coerce a minor, to wit: John Doe 1,
> John Doe 2 and Jane Doe 1, to engage in sexually explicit conduct
> for the purpose of producing one or more visual depictions of such
> conduct knowing and having reason to know that such visual
> depictions would be transported using any means and facility of
> interstate commerce, and in and affecting interstate and foreign
> commerce, and which visual depictions were to be produced using
> materials that had been mailed, shipped and transported in and
> affecting interstate and foreign commerce, by any means, to wit:
> one or more digital cameras.

Count Three of the indictment charges the defendant with violating Section

2251(e) of Title 18 of the United States Code.  That section provides, in relevant part:

> Any individual who . . . attempts . . . to violate (18 U.S.C. §
> 2251(a), which makes it a crime to sexually exploit a minor), shall
> be punished.

In order to prove that the defendant attempted to sexually exploit a child, the

government must prove beyond a reasonable doubt: (1) that the defendant intended to commit

the crime of sexual exploitation of a child; and (2) that the defendant willfully took some action

that was a substantial step in an effort to bring about or accomplish the crime.

To determine whether the government has proven beyond a reasonable doubt that the defendant committed the crime of <u>attempt</u> to commit the crime of sexual exploitation of a child, I will first explain to you the elements of sexual exploitation of a child.

<u>First</u>, that Daniel, who is identified in the indictment as John Doe I, Ellie, who is identified in the indictment as John Doe II, or Leah, who is identified in the indictment as Jane Doe I, was under the age of 18;

<u>Second</u>, that the defendant used or employed or persuaded or induced or enticed or coerced Daniel, Ellie or Leah to take part in sexually explicit conduct for the purpose of using or transmitting a visual depiction of that conduct; and

<u>Third</u>, that the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce or using a facility of interstate and foreign commerce or produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce.

As to the first element of sexual exploitation of a child, the government must prove beyond a reasonable doubt that at least one of the intended victims, Daniel, Ellie or Leah, was less than 18 years old at the time of the acts alleged in the indictment. The government does not need to prove that the defendant knew that Daniel, Ellie or Leah was less than 18 years old.

As to the second element of sexual exploitation of a child, the government must prove beyond a reasonable doubt that the defendant used or employed or persuaded or induced or enticed or coerced Daniel, Ellie or Leah to take part in sexually-explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct.

The words "used," "employed," "persuaded," "induced," "enticed" and "coerced" are words of common usage, and I instruct you to interpret these words by using your own common sense. The words "persuade," "induce" and "entice" are, in effect, synonyms that convey the idea of leading or moving another person by persuasion or influence as to some action, state of mind, etc., or to bring about, produce or cause. The word "coerce" means to compel by force and intimidation or authority, without regard for individual desire or volition.

A "visual depiction" includes any photograph, film, video or picture, including undeveloped film and videotape, data stored on computer disc or by electronic means which is capable of conversion into a visual image or data that is capable that is capable of conversion into a visual image that has been transmitted by any means. A visual depiction includes a digitally recorded photograph or video.

"Sexually-explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays to bring to view to attract others to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes lascivious exhibition. In deciding whether a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions: Whether the focal point of the visual depiction is of the child's genitals or public area or whether there is some other focal area; whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or

10

pose generally associated with sexual activity; whether the child is displayed in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially clothed or nude, although nudity is not in and of itself lascivious; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; whether the visual depiction was intended or designed to elicit a sexual response from the viewer.[6]

It is not required that a particular visual depiction involve all of the factors that I have just listed for you.  The importance you give to any one factor is up to you to decide. While the government must prove that the defendant acted with the purpose of producing a visual depiction of sexually explicit conduct, the government does not need to prove that the visual depiction of that conduct was actually produced.

The third element of sexual exploitation of a child that the government must prove beyond a reasonable doubt is that the depiction was transported or transmitted in or affecting interstate or foreign commerce or using a facility of interstate and foreign commerce or produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce.  If a visual depiction of sexually explicit conduct, as I have defined that term, is stored on a digital camera or other type of recording device, and the camera or recording device crosses from one state to another, then that is sufficient to satisfy the interstate commerce element.  Furthermore, it is sufficient to satisfy the interstate or foreign commerce element if the visual depiction of sexually explicit conduct is recorded or stored on a device that was made either outside of the state of New York or in a foreign country.   In addition, if the visual

---

[6]    Adapted from the charge of the Honorable Nicholas G. Garaufis in United States v. Ledee, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012)

depiction was transmitted via the internet, including through a file sharing or peer-to-peer system, that is also sufficient to satisfy the interstate or foreign commerce element.

Whether or not a minor consented to engage in sexually-explicit conduct is irrelevant, as the consent or voluntary participation of a minor is not a defense to the charge.

As I stated at the outset of this charge, the defendant is charged on an attempt theory in Count Three of the indictment. To prove that the defendant attempted to sexually exploit a child, the government must prove beyond a reasonable doubt that the defendant: (1) intended to commit the crime of sexual exploitation of a child; and (2) the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish that crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action, which was a substantial step toward the commission of the crime.

In determining whether a defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent to willfully commit the crime, and where the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

In determining whether the defendant took "a substantial step" towards the commission of a crime, you should consider all of the evidence admitted in the case concerning the defendant and the alleged commission of the crime.

Factual or legal impossibility is not a defense to a charge of attempting to commit a crime if the crime could have been committed had the relevant factual or legal circumstances been as the defendant believed them to be. In other words, a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the crime, he intentionally engages in conduct which would constitute the crime if the relevant factual and legal circumstances were as he believed them to be.

To prove that the defendant attempted to sexually exploit a child, the government does not need to prove that a visual depiction of sexually explicit conduct (as I have already defined these terms) was actually produced or transmitted.

Nor does the government have to prove that the visual depiction was actually transported or transmitted in or affecting interstate commerce. It is sufficient for the government to prove that the defendant intended that that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce or that the defendant had reason to know that this transmission would occur because it was reasonably foreseeable that the defendant's activities would result in the depiction's transmission in or affecting interstate commerce or that the defendant intended to produce the visual depiction using a device that had

traveled in interstate or foreign commerce; that is a device produced somewhere other than the state in which it was to be used or which was transported across state lines.[7]

---

[7]    Adapted from the charge of the Honorable Nicholas G. Garaufis in United States v. Ledee, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012).

<u>REQUEST NO. 5</u>

Count Two of the Indictment:
<u>Conspiracy to Sexually Exploit a Child</u>

Count Two of the indictment charges the defendant with Conspiracy to Sexually

Exploit a Child.  Count Two of the indictment reads as follows:

> On or about and between February 1, 2013 and March 19, 2013,
> both dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendant BEBARS
> BASLAN, together with others, did knowingly and intentionally
> conspire to employ, use, persuade, induce, entice and coerce a
> minor, to wit: John Doe 1, Jane Doe 1, and John Doe 2, individuals
> whose identities are known to the Grand Jury, to engage in sexually
> explicit conduct for the purpose of producing one or more visual
> depictions of such conduct, knowing and having reason to know
> that such visual depictions would be transported using any means
> and facility of interstate and foreign commerce, and in and affecting
> interstate and foreign commerce, and which visual depictions were
> to be produced using materials that have been mailed, shipped and
> transported in and affecting interstate and foreign commerce, by
> any means, to wit: one or more digital cameras, contrary to Title 18,
> United States Code, Section 2251(a).

Count Two of the indictment charges the defendant with violating Section 2251(e)

of Title 18 of the United States Code.  That section provides, in relevant part:

> Any individual who . . . conspires . . . to violate (18 U.S.C. §
> 2251(a), which makes it a crime to sexually exploit a minor), shall
> be punished.

I have already instructed you on all the elements of the substantive offense of

sexual exploitation of a child.   I will now instruct you on what the government must prove to

show that the defendant conspired to sexually exploit a child, in violation of 18 United States

Code, Section 2251(e).

A conspiracy is a criminal partnership, an agreement by two or more persons to

join together to violate the law.  A conspiracy to commit a crime is an offense distinct from the

underlying crime that the conspirators agreed to commit. You may, therefore, find the defendant guilty of the crime of conspiracy even if the substantive crime that was the object of that conspiracy—here, sexual exploitation of a child—was not actually committed.

There are two elements of the crime of conspiracy. First, that two or more persons entered the unlawful agreement charged in the indictment; and second, that the defendant became a member of the conspiracy with knowledge of its criminal goal or goals, and with the intent to help the conspiracy achieve its criminal goals by his own actions.

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment. In order for the government to satisfy this element, you do not need to find that the alleged members of a conspiracy met together and entered into any express or formal agreement to sexually exploit a child. Similarly, you need not find that the alleged conspirators stated in words or writing what the scheme was, its object or purpose or every precise detail of the scheme or the means by which its object and purpose was to be accomplished. But the government must prove that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act, specifically, sexual exploitation of a child.

Since conspiracy is, by its nature, characterized by secrecy, direct proof may not be available. You may, therefore, infer the existence of the conspiracy from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those who are

found to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

The second element that the government must prove beyond a reasonable doubt is that a defendant became a member of the charged conspiracy with knowledge of its goal or goals, and intended by his actions to help it succeed. The key question is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement. Whether the defendant acted knowingly and willfully may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

You may ask yourselves whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and with the specific intent of furthering its objective. In that regard, it has been said that for a defendant to be deemed a participant in a conspiracy, he must have had some stake in the outcome. It is important for you to note that a defendant's participation in the conspiracy may be established by independent evidence of his or her own acts or statements, as well as those of other alleged coconspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities. Moreover, the defendant does not need to have been informed of all the details or the scope of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you that a defendant's mere presence at the scene of an alleged crime does not by itself make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know or be friendly with a criminal without being a criminal himself or herself.

I also want to caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a defendant without knowledge merely happened to further the purposes or objectives of the conspiracy does not make the defendant a member of the conspiracy. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of those unlawful ends. In sum, a defendant with an understanding of the unlawful character of the conspiracy must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.

The government admitted into evidence against the defendant the acts and statements of another person because these acts and statements were committed by a person who, the government charges, was also a confederate or coconspirator of the defendant in the

conspiracy charged in Count Two. The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.

A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other coconspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed under the law to be acts of all of the members, and all of the members of the conspiracy are deemed to be responsible for such acts, declarations, statements and omissions.

If you find beyond a reasonable doubt that the defendant was a member of a conspiracy charged in Count Two of the indictment, then any reasonably foreseeable acts done or statements made in furtherance of the conspiracy by a person also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and such statements were made in the defendant's absence and without his knowledge; however, before you may find the statements or acts of a coconspirator should be considered as tending to show the defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the conspiracy.[8]

---

[8]     Adapted from the charge of the Honorable Nicholas G. Garaufis in <u>United States v. Ledee</u>, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012).

<u>REQUEST NO. 6</u>

Count Four of the Indictment: Attempted Coercion and
<u>Enticement of a Minor to Engage in Illegal Sexual Activity</u>

The fourth count of the indictment charges the defendant with Attempted

Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity.  Count Four of the

Indictment reads as follows:

> On or about and between February 1, 2013 and March 19, 2013,
> both dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendant BEBARS
> BASLAN, using facilities and means of interstate and foreign
> commerce, to wit: a telephone, did knowingly and intentionally
> attempt to persuade, induce, entice and coerce one or more
> individuals, to wit: John Doe 1, John Doe 2, or Jane Doe 1, to
> engage in sexual activity for which a person can be charged with a
> criminal offense, to wit: criminal sex act in the first degree, in
> violation of Section 130.50 of the New York Penal Law and sexual
> assault, in violation of Section 2C:14-2(b) of the New Jersey Code
> of Criminal Justice.

Count Four of the indictment charges the defendant with violating section 2422(b)

of Title 18 of the United States Code.  That section provides, in relevant part:

> Whoever, using the mail or any facility or means of interstate or
> foreign commerce . . . knowingly persuades, induces, entices or
> coerces any individual to who has not attained the age of 18 years,
> to engage in . . . any sexual activity for which any person can be
> charged with a criminal offense, or attempts to do so . . . shall be
> punished.

In order to prove the defendant guilty of Attempted Coercion and Enticement of a Minor to

Engage in Illegal Sexual Activity, the government must prove each of the following elements

beyond a reasonable doubt:

<u>First</u>, that the defendant intended to commit the crime of Coercion and Enticement

of a Minor to Engage in Illegal Sexual Activity; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.[9]

To determine whether the government has met its burden of proving beyond a reasonable doubt that the defendant committed the crime of <u>Attempted</u> Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity, I will first define for you the elements of the crime of Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity.

First, that on or about the dates set forth in the indictment, the defendant used a facility or means of interstate or foreign commerce, that is, a telephone;

Second, that the defendant used the telephone to unlawfully, willfully and knowingly attempt to persuade or induce or entice or coerce a person whom the defendant believed to be under 18 years of age to engage in any sexual activity, specifically, Daniel, Ellie or Leah; and

Third, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under either New York State or New Jersey State law.

The first element that the government must prove beyond a reasonable doubt is that the defendant used a facility or means of interstate or foreign commerce, specifically, a telephone.  Transmissions of communications by means of a telephone constitute the use of a facility of interstate commerce, regardless of whether the communication actually crossed a state line.  However, you must find beyond a reasonable doubt that the specific communication or communications was actually transmitted by a telephone.[10]

---

[9]    Sand et al., <u>Modern Federal Jury Instructions</u>, § 10-1.

[10]    Sand et al., Modern Federal Jury Instructions, § 64-12; <u>see</u> <u>United States v. Giordano</u>, 44 F.3d 30, 39-40 (2d Cir. 2006).

The second element that the government must prove beyond a reasonable doubt is that the defendant used a telephone to unlawfully, willfully and knowingly persuade, induce, coerce or entice a person whom the defendant believed to be under the age of 18 years to engage in any sexual activity. I have already instructed you on the meanings of the terms "willfully," "knowingly," "persuade," "induce," "entice" and "coerce."

I instruct you that the crime of using a facility of interstate commerce to attempt to persuade, induce, entice or coerce a minor to engage in a sexual act is completed when the defendant uses a facility of interstate commerce to attempt to persuade, induce, entice or coerce person he believed to be under 18 years of age to engage in any sexual activity.[11]

The person with whom the defendant was communicating does not need to be a minor in order for the defendant to be guilty of the charge. It is sufficient if the government proves that the defendant was communicating with an adult intermediary such as a parent or relative for the purpose of leading the person he believed to be under the age of 18 to participate in sexual activity. Nor is it a defense to the crime that the adult intermediary with whom the defendant was communicating never intended to allow a minor to be persuaded, induced, enticed or coerced to engage in any sexual activity. The government has met its burden of proof so long as it proves beyond a reasonable doubt that the defendant was communicating with an adult

---

[11]    Adapted from the charge of the Honorable Richard Owen in United States v. Joseph, 05-CR-1075 (RO) (S.D.N.Y. July 14, 2006) and from the charge of the Honorable Paul A. Crotty in United States v. McDarrah, 05-CR-1182 (PAC) (S.D.N.Y. Dec. 19, 2006). See also United States v. Aigebevbolle, 827 F.2d 664 (10th Cir. 1987); United v. Kufrovich, 997 F. Supp. 246, 257 (D. Conn. 1997); United States v. Sherman, 268 F.3d 539 (7th Cir. 2001).

intermediary whom the defendant believed would cause, lead or facilitate the minor to engage in sexual activity.[12]

In addition, the sexual act does not need to have been completed in order to find the defendant guilty of the charge. It is not a defense to the charge that, as a result of circumstances unknown to the defendant, he was unable to complete the intended sexual act or acts.[13]

The third element that the government must prove beyond a reasonable doubt is that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under New York State law or New Jersey State law.

Under New York State law, the following definitions apply. Oral sexual conduct means conduct between the mouth and penis, the mouth and the anus or the mouth and the vulva or vagina. Sexual contact means any touching of the sexual or intimate parts of a person not married to the actor for the purpose of gratifying the sexual desire of either party. Sexual contact includes the touching of the actor by the victim as well as the touching of the victim of the actor, whether directly or through clothing. (NYPL § 130.00).

---

[12]    See United States v. Douglas, 626 F.3d 161, 164-65 (2d Cir. 2010) ("[18 U.S.C. § 2242(b)] criminalizes obtaining or attempting to attain a minor's assent to unlawful sexual activity. Such assent might be obtained, for example, by persuading a minor's adult guardian to lead a child to participate in sexual activity. Accordingly, we join our sister circuits in holding that a defendant may commit criminal enticement pursuant to § 2242(b) by communicating with an adult guardian of a minor. . . . We conclude that placing a sexual predator's communications with an adult intermediary beyond the reach of the statute would be an illogical result.")

[13]    Adapted from the charge of the Honorable Richard Owen in United States v. Joseph, 05-CR-1075 (RO) (S.D.N.Y. July 14, 2006) and from the charge of the Honorable Paul A. Crotty in United States v. McDarrah, 05-CR-1182 (PAC) (S.D.N.Y. Dec. 19, 2006). See also United States v. Aigebevbolle, 827 F.2d 664 (10th Cir. 1987); United v. Kufrovich, 997 F. Supp. 246, 257 (D. Conn. 1997); United States v. Sherman, 268 F.3d 539 (7th Cir. 2001).

Under New York State law, a person is deemed incapable of consent when he or she is less than 17 years old.  (NYPL § 130.05(3)(a)).

I further instruct you as a matter of law that it is a crime under New York State law for a person to engage in oral sexual conduct or anal sexual conduct with another person who is less than eleven years old.  (NYPL § 130.50). [14]

Under New Jersey law, the following definitions apply.  "Sexual contact" means an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor.  Sexual contact of the actor with himself must be in view of the victim whom the actor knows to be present.  See New Jersey Code of Criminal Justice, § 2C:14-1(d).

Under Section 2C:14-2(b) of the New Jersey Code of Criminal Justice, an actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim.

With regard to the third element of the offense— that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under New York State law or New Jersey State law—you need only find that the activity would have violated any one of the aforementioned laws.[15]

As I explained at the outset of this charge, the defendant is charged with attempting to commit the crime of Coercion and Enticement of a Minor to Engage in Illegal

---

[14]    See n.11, supra.

[15]    See n.11, supra.

Sexual Activity.  In order to prove that the defendant attempted to commit this crime, the

government must establish beyond a reasonable doubt: (1) that the defendant intended to commit

the crime of Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity; and (2)

that the defendant willfully took some action that was a substantial step in an effort to bring

about or accomplish this crime.  I have already instructed you on the law of attempt, and you

should apply those instructions here.

REQUEST NO. 7

Count Five of the Indictment: Possession of Child Pornography

The fifth count of the indictment charges the defendant with Possession of Child

Pornography.  Count Five of the indictment reads as follows:

> On or about and between February 1, 2013 and March 19, 2013,
> both dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendant BEBARS
> BASLAN did knowingly and intentionally possess matter
> containing one or more visual depictions, which visual depictions
> had been mailed and shipped and transported using a means and
> facility of interstate and foreign commerce, and in and affecting
> interstate and foreign commerce, and which were produced using
> materials which had been mailed, and so shipped and transported,
> by any means including by computer, the production of such visual
> depictions having involved the use of one or more minors engaging
> in sexually explicit conduct and such visual depictions were of such
> conduct.

Count Five of the Indictment charges the defendant with violating section 2252(a)

of Title 18 of the United States Code.  That section provides, in relevant part:

> [Any person who] . . . knowingly possesses, or knowingly accesses
> with intent to view, 1 or more books, magazines, periodicals, films,
> video tapes, or other matter which contain any visual depiction that
> has been mailed, or has been shipped or transported using any
> means or facility of interstate or foreign commerce or in or affecting
> interstate or foreign commerce, or which was produced using
> materials which have been mailed or so shipped or transported, by
> any means including by computer, if (i) the producing of such
> visual depiction involves the use of a minor engaging in sexually
> explicit conduct; and (ii) such visual depiction is of such conduct . .
> . shall be punished.[16]

In order to prove that the defendant possessed child pornography, it is necessary

that the evidence establish beyond a reasonable doubt:

---

[16]     Sand et al., Modern Federal Jury Instructions, § 62-11.

First, that the defendant knowingly possessed a visual depiction, as I have already explained that term to you;

Second, that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in interstate or foreign commerce;

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.[17]

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally possessed a visual depiction. I have already defined the terms "knowingly," "intentionally" and "visual depiction" in the context of Counts Two and Three, and you should apply those definitions and instructions here. To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

---

[17]    Sand et al., Modern Federal Jury Instructions, § 62-12.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction.  This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.[18]

The second element of Count Five that the government must prove beyond a reasonable doubt is that the visual depiction was mailed or transported in or affecting interstate or foreign commerce.  The indictment alleges that the particular visual depictions were transported in or affecting interstate or foreign commerce.  Transmission of photographs or video by means of the Internet constitutes transportation in (or affecting) interstate commerce.  However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.[19]

The third element of Count Five that the government must prove beyond a reasonable doubt is that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as I have already explained that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of

---

[18]     Sand et al., Modern Federal Jury Instructions, § 62-17.

[19]     Id., at § 62-19; see also Charge of the Honorable Nicholas G. Garaufis in United States v. Ledee, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012).

eighteen engaging in sexually explicit conduct.[20]  I have already defined the term "sexually explicit conduct."  You should apply that definition here.

The fourth element of Count Five that the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material.  The defendant need not have specific knowledge as to the identity or actual age of the underage performer, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.  Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant. [21]

---

[20]    Sand et al., Modern Federal Jury Instructions, § 62-22.

[21]    Id. at § 62-24.

## REQUEST NO. 8

### No Duty to Call All Witnesses to an Event

Keep in mind that the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require the government to produce as exhibits all papers and other items mentioned during the course of the trial.[22]

---

[22]    Adapted from the charge of the Hon. Kiyo A. Matsumoto in United States v. Barret, et al., 10-CR-809 (E.D.N.Y.), and the charge of the Hon. Sterling Johnson in United States v. Scalisi, 10-CR-46 (E.D.N.Y.).

REQUEST NO. 9

Interviews of Witnesses
(If Applicable)

There was testimony at trial that attorneys for the government interviewed

witnesses when preparing for trial.  You should not draw any unfavorable inference from that

testimony.  To the contrary, the attorneys were obligated to prepare this case as thoroughly as

possible and might have been derelict in the performance of their duties if they failed to

interview witnesses before this trial began and as necessary throughout the course of the trial.[23]

---

[23]    Adapted from the charge of the Hon. Sterling Johnson in United States v. Young Taek Lee, 93 CR 1072 (E.D.N.Y.); charge of the Hon. Brian M. Cogan in United States v. Anastasio, et al., 06 CR 815 (E.D.N.Y.).

REQUEST NO. 10

Similar Acts Evidence

There has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the acts charged in the indictment.  In a criminal case in which the defendant is accused of illegal sexual acts involving a minor, evidence of the defendant's commission of another offense or offenses of illegal sexual acts involving a minor is admissible and may be considered for its bearing on whether the defendant committed the offense for which he is charged in this indictment.  However, evidence of another offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment.  As you consider this evidence, bear in mind at all times that the government has the burden of proving that the defendant committed each of the elements of the offense in the indictment as I have explained them to you.  I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the indictment.[24]

---

[24]    Adapted from Sand et al., Modern Federal Jury Instructions, § 5-27; see also Federal Rule of Evidence 413.

REQUEST NO. 11

Basing Verdict on Sympathy

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and under the law as I charge you.  It must be clear to you that, once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[25]

---

[25]    Sand et al., Modern Federal Jury Instructions, § 2-12.

## REQUEST NO. 12

### Punishment

I instruct you that the question of possible punishment of the defendant is of no concern to the jury and should not, in any way, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.[26]

---

[26]    Sand et al., Modern Federal Jury Instructions, § 7-4.

## REQUEST NO. 13

### Expert Testimony
### (If Applicable)

You have heard testimony from persons described as experts.  Experts are witnesses who by education, experience, or training have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such a person has given an opinion does not mean that you are required to accept it.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, then you may disregard the opinion of the expert.  Furthermore, if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, training and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing great reliance on his testimony.[27]

---

[27]    Adapted from the charge of the Hon. Pierre N. Leval in United States v. Mucciante, 91 CR 403 (S.D.N.Y.); the Hon. Michael B. Mukasey in United States v. Mensah, 91 CR 705 (S..D.N.Y.); see also Sand, Modern Federal Jury Instructions, §7.21.

## REQUEST NO. 14

### Testimony of the Defendant
(If Applicable)

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains with the government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.[28]

---

[28]    See United States v. Brutus, No.06-CR-2710, 2007 WL 2828690, n.7 (2d Cir. Oct. 2, 2007), adapting charging language from United States v. Gaines, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated: Brooklyn, New York
      July 9, 2014

                                Respectfully submitted,

                                LORETTA E. LYNCH
                                United States Attorney

                By:       /s/
                                Tiana A. Demas
                                Tyler J. Smith
                                Assistant U.S. Attorneys
                                Tel: (718) 254-6116/6186

cc:    Clerk of the Court (RJD) (by ECF)
       Ephraim Savitt, Esq. (by ECF)