

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

TJS:TAD
F. #2013R00381

*271 Cadman Plaza East
Brooklyn, New York 11201*

July 13, 2014

<u>By ECF</u>

The Honorable Raymond J. Dearie
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Bebars Baslan, No. 13 Cr. 220 (RJD)</u>

Dear Judge Dearie:

   For the reasons stated herein, the government respectfully moves to correct a portion of the transcript of the suppression hearing held on June 26, 2014 ("Tr."). The government makes this motion because both the government and the case agent recall the agent's response to a particular question differently than what appears in the transcript. The passage at issue currently reads as follows:

> Q: Explain that.
>
> A: I asked Mr. Baslan outright if they were going to view the kids that night. Mr. Baslan responded, quote, "we didn't do it. You should have waited." And stated that, "we would have seen that nothing was going to happen."

Tr. at 22.

   Both the government and the case agent recall that the agent stated "abuse the kids," not "view the kids." Today, the government asked the court reporter, Ronald Tolkien, to review the audio recording of the suppression hearing to see if this word was incorrectly transcribed. Mr. Tolkien checked the audio recording of the suppression hearing and confirmed that he had, indeed, made a transcription error. <u>See</u> Exhibit 1 (7/13/14 email re: transcript). The court reporter also informed the government that he has amended the suppression hearing transcript and will be distributing an amended transcript to defense counsel and the Court. <u>Id.</u> The government has advised defense counsel of the transcription

error.  In light of the fast-approaching trial date and the fact that the case agent will likely be cross-examined concerning statements he made at the suppression hearing, the government respectfully requests that the Court order that suppression hearing transcript be corrected to reflect the word the agent actually used at page 22 of the transcript: "abuse" not "view."

I.      Legal Standard

The Second Circuit has held that: "[i]t is plain that error may occur in compiling a transcript no matter how expert or experienced the reporter.  In that instance it is appropriate for him to review the tapes and determine if they were mistranscribed." United States v. Rush, 666 F.2d 10, 12-13 (2d Cir. 1981).  Even assuming, for the sake of argument, that the current transcript is subject to a presumption of correctness,[1] that presumption can easily be overcome by a review of the tapes of the suppression hearing.  In addition, the Court is entitled to consult "other contemporaneous data," such as its own notes, concerning the inaccuracy of the transcript.  For example, in United States v. Zichettello, 201 F.3d 72, 93-98  (2d Cir. 2000), the Second Circuit granted the government's motion to correct the trial transcript after considering affidavits submitted by the parties, the district judge and her law clerk, and the court reporter, as well as the district court and clerk's contemporaneous notes. See also United States v. Carter, 347 F.2d 220, 221 (2d  Cir. 1965) (district court checked its own notes and directed court reporter to check his minutes before granting motion to correct trial transcript); Long v. Andrews, No. 99-CV-7553, 2000 WL 1716443, at *4 (E.D.N.Y. Nov. 13, 2000) (district court considering habeas petition found that state court's decision to correct the record was appropriate where court heard arguments from both parties, undertook its own independent examination of transcripts, and reviewed the government's notes); United States v. Santa, 656 F. Supp. 840, 843 n.3 (E.D.N.Y. 1987) (district court relied on contemporaneous notes taken by court reporter and government,  contemporaneous statements by defense counsel, affidavits, and the circumstances surrounding the alleged omission in the transcript to determine the accuracy of the transcript.)

II.     Argument

As discussed above, both the government and the case agent recall the agent testifying that he "asked Mr. Baslan outright if they were going to abuse the kids that night."  This recollection is consistent with the agent's report of the defendant's post-arrest statement, which states: "when asked by the agents if they were going to abuse the kids, Baslan responded: 'we didn't do it.'" See 3500-AS-5, attached hereto as Exhibit 1.  The record is clear that at this point in the suppression hearing, the agent was consulting this

---

[1] The current transcript does not appear to have been certified by the court reporter because there is no certification attached to the transcript.  Thus, the presumption of correctness that applies to transcripts pursuant to 28 U.S.C. § 753(b) would not appear to apply here.  Even assuming that such a presumption did apply, the presumption can be overcome by evidence that the particular portion of the transcript was not accurately transcribed, as happened here.

2

report to refresh his recollection of the defendant's post-arrest statements. See Tr. at 20. In addition, the words "view" and "abuse" have similar-sounding phonetic endings, which tend to explain the error. Finally, the court reporter has reviewed the audio recording of the suppression hearing and has confirmed that he incorrectly transcribed the relevant portion.

III.  Conclusion

        For the reasons stated above, the government respectfully requests that the Court grant the government's motion to correct the transcript of the suppression hearing at page 22 so that the word "view" is replaced with "abuse."

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /s/
TIANA A. DEMAS
Assistant U.S. Attorney
(718) 254-6116

cc:    Ephraim Savitt, Esq. (by ECF)
       Clerk of Court (RJD) (by Hand and ECF)