# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE  
SUITE 2200  
NEW YORK, NEW YORK 10016  
WWW.SAVITTESQ.COM

(212) 679-4470  
FAX: (212) 679-6770  
EPHRAIM@SAVITTESQ.COM

July 14, 2014

**BY ECF**

HONORABLE RAYMOND J. DEARIE  
U. S. District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

              Re:    <u>United States v. Bebars Baslan</u>  
                   <u>Docket No. 13 CR 220 (RJD)</u>

Dear Judge Dearie:

      As I advised the Court at the end of today's proceedings, Mr. Baslan has asked me to file the attached motions; each with 2 subsets; as follows:

1 a)    An elaboration of the <u>Massiah</u> motion, directed at the government's learning of the defense strategy.

1 b)    A complaint that insufficient CJA funding prompted the undersigned not to ask for cloned copies of some of his substantial computer files and additional investigative funds, and that he had insufficient opportunity to review the Rule 16 materials contained on multiple CD's at the MDC (in that regard, the $110,000 figure Mr. Baslan referred to are his <u>total</u> defense expenditures, of which I was paid $40,000).

2 a)    Elaboration and request for reconsideration of the denial of suppression of extrinsic witness;

2 b)    Request for <u>in limine</u> hearing in which the Buffalo witness testified to provide record of the Court's Rule 403/404 (b) / balancing test.

3 a)    The need for experts to analyze the defendant's computer files to show that substantially all of the CP was not downloaded.

3 b)    The need for subpoenaed information from the internet provider as to defendant's "browsing pattern" and cell site information from defendant's cellular phone provider in order to time "map" defendant's downloads.

      I will openly advise the Court that Mr. Baslan has spoken about all of these requested topics with me for at least the past several months, if not longer. My decision not to make these applications stemmed from my evaluation that the requested testing and expert witnesses were not

1

germane either to the factual issues raised by the charges or to any defense that would be of value in meeting those charges.

    Mr. Baslan strenuously disagrees, and, in my judgment he has the right to make these motions on the record and to preserve the record, should any or all of these motions be denied.

    I have already set forth the defense arguments for preclusion of some of the child pornography evidence at the trial on this date on the record after the jury selection process.

I thank Your Honor for Your courtesy and consideration.

Respectfully submitted,

Ephraim Savitt

Encl.:
    Pro se Massiah Motion
    Pro se Rule 413/414
    Pro se Need for Experts Subpoenaed Records for Internet Provider and Cell Site Mapping

Cc By ECF:

Clerk of the Court (RJD)
AUSA Tyler Smith
AUSA Tiana Demas
Ying Stafford, Esq.