*[Handwritten annotations: "Defendant Pro Se ... Motion to /", "Massiah - ...", "CJA Funding", circled "1"]*

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-C

---

FROM: 80637053
TO:
SUBJECT: Confidential
DATE: 07/13/2014 01:03:16 PM

In the Massiah Motion opinion, the judge exclusively concentrated on why the investigation started, although he acknowledged the claim of "intrusion into the defense / client attorney privilege", he denied us the opportunity to have a hearing, to demonstrate the extent of the invasion into the defense camp. Had we had a hearing we would have presented the court with evidence that

1- Defendant knew for months about the Drobo being in his possession, and did nothing about it.
2- Celani, had full access to the Defendant's locker and defense notes, and as Mr. Savitt can attest I keep detailed notes research about everything pertaining to the case.
3- Celani, wrote the defendant's motions.
4- When the Defendant was moved out of the unit, Celani still had his legal paper work including all paper
5- Celani then went and shredded all the defendant's file shortly after.
6- Other witnesses can attest that the plan was fully Celani's.

Additionally not having a hearing circumvents the adversarial process, the tapes are neither clear and contain many references to conversations outside the tape, in doing so the court applied the government's version of these outside conversations without giving the defense a chance to interject or present it's side.

By listening to the tapes and shifting the focus of the decisions and the argument, the delay to post the opinion till the last business day before trial, added yet another hurtle onto the defense. It was an error to shift the focus to "the defense plan was not discusses with Mr. Savitt", thus no harm done, and to ignored the fact that it was indeed discussed in full with Mr. Carridi. More interestingly Mr. Savitt, recently ran into Mrs. Cesari, Miss Henry's previous counsel (which happens to have no love lost for the defendant), she confirmed that during a co-defendant meeting a mere couple of weeks after the arrest (and prior to meeting Celani), I the defendant "spoke of nothing but 'this' defense, meaning the investigation plan, or as she called the reverse entrapment". Thus the court credited the government's argument, without the proper hearing. Please note that the government on the record, changed it's theory for the obstruction of justice two or three times. The Court SHOULD NOT NULLIFY the value and the damage in the defense theory that Celani's tape has effected.

The main fact that is still ignored, the complaint started on the merit of "Defendant wanted to destroy the Drobo, because it contained encryption keys, and CP files", when the first tape was recorded, it was obvious that I the defendant was eagerly reporting to Celani my progress of the plan, it can be plainly inferred from the tape that Celani was part of the plan, for he merely had to ask for the status report, and I provided him. In the tape I clearly ( and on multiple occasions, and during the proffer session) state that the Drobo had no value. Nonetheless, when the it was proven that the drobo had no substantial value, the government shifted it's theory.

We can easily prove this in trial, however, the court based other decisions including why not to grant us additional time for the sake of the safely of the witnesses because of it's reliance on the findings from the Celani tapes (the Court stated this during the last hearing before trial). Thus we are suffering from compound consequences to unresolved issues. Prejudice is already evident. Also transforming this trial to an extremely completely web of unrelated facts, facts that should have been resolved before the trial takes place in front of the jury.

The court by the constant restriction of CAN funds and admonitions on public record, is creating a conflict of interest (albeit not intentional from the side of the attorney), I have been presented many time with "well do you really need a copy of the drives, or you would rather have an associate attorney during trial?", I have asked for experts many times before, almost for the a year now, yet the court delayed the approval of even the initial CAN funds for months after the request was files. My family showed good faith in making payments, we paid $110000.00 so far, yet we are unprepared for this trial. I explained through my previous letter to the court the time line and the detriment to the defense these event created, yet my letter was ignored, and the court generously admonishes the defense for any delay, yet takes 3 weeks to files a the denial of massiah motion, making it near impossible time wise to object.

Now a day before trial the defense attorney has to call witnesses himself, because we have no hope or idea, if we will get CJA funds for the investigator. Seems that the outcome has already been set, and we are just working our way to it. I am sitting and waiting for the call from my defense team telling me, well, it's over, there is no way to do this in this time frame.

The court supported the rush for the trial, although the case has been designated complex for the sake of the discovery, at least

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-C

---

as the record shows, the court obligingly approved the designation when it suited the government, but now when it was needed by the defense, well we are seemed to be proceeding.

The court accepted the government assertion that the defense attorney should have known this was coming, or the defendant should have informed him, this argument was absurd, how could the defendant supply his attorney with information about a crime he did not commit, the defendant only presented defense attorney with the history of "i may allege because I am or a family member is jealous" threat (which corroborated by statements in the 3500 material), the defendant can not advise his attorney with the possibility of fictional allegation, and it is not fair to accept, Given the collective experience of everyone involved, I wonder how this question did not come up.

The government, and apparently the court is entertained the "post hoc ergo prospector hoc", or since the main case of such type, it makes sense that the old allegation are true, instead of. While in truth, since the instant case of such type, it makes defendant very vulnerable for such allegations.

I the defendant still have not accessed or had access to essential RULE 16, even the latest Discovery DVDs, contained tens of thousands of email, each in a separate file. However computers in MDC will not open such files, and there is not way to index or search these files. I the defendant, have not yet had access to a copy of the computer seized in my house which contains exculpatory files to impeach the witnesses. I the defendant am willing to offer the court, that if I am not able to produce evidence to impeach the buffalo allegations then I would take a plea to the full indictment. However I need to have full and fair and particle way to access and use my hard drives, that will allow me to search, open and isolate files needed for my defense. The defense attorney has full details for the request.

I intend to serve time to what I did, but I not willing to serve a minute to which I did not.

Thank you.

*Ref case 1:13... Ex parte Motion #2*

*Rule 413/414 and request for a hearing of the extensive Buffalo witness* ①

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-C
---

FROM: 80637053
TO:
SUBJECT: Savitt - 413,414 [Confidential]
DATE: 07/11/2014 10:39:33 AM

Evidentiary hearing regarding the validity and admissibility of victim 1 and victim 2's allegation is required before trial.

The government is relying on Rule 413, and Rule 414 to introduce alleged claims of various past 'sexual misconducts'.

I - Rule 414 has no merit to this case, because the definition of "child" per this rule does not apply to the victims.

Rule 414: Similar Crimes in Child-Molestation Cases.
(a) Permitted Uses. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.
(b) Disclosure to the defendant. (Omitted)
(c) Effect on other Rules. (Omitted)
(d) Definition of "Child" and "Child Molestation" In this rules and Rule 415:
 (1) "child" means a person below the age of 14; and
 (2) "child molestation" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. Sec. 513) Involving:
   (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a "child";
   (B) any conduct prohibited by 18 U.S.C. chapter 110;
   (C) contact between any part of the defendant's body - or an object - and a child's genitals or anus;
   (D) contact between the defendant's genitals or anus and any part of a child's body;
   (E) depriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
   (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

In summery, Rule 414 covers consensual and none consensual contact with a person below the age of 14. Since both victim 1 and victim 2 purported through their statements to the FBI, that when they first met the defendant, both victims were already at least 14 years old, this rule does not apply to this case. Government's citation and reliance on this rule is without merit.

II - Rule 414 has no merit in this case, because no "sexual assault" as defined by this rule ever took place between the defendant and victims.

Rule 413: Similar Crimes in Sexual - Assault Cases.
(a) Permitted Uses. In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence maybe considered on any matter to which it is relevant.
(b) Disclosure to the Defendant. (Omitted)
(c) Effects on other rules. (Omitted)
(d) Definition of "Sexual Assault." In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. Sec. 513) involving:
 (1) any conduct prohibited by 18 U.S.C chapter 109A;
 (2) contact, without consent, between the defendant's body - or an object - any another persons genitals or anus;
 (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
 (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
 (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

In summery, Rule 413 covers non-consensual (forced) sexual contact with any person of any age.

Application of Rule 413 to Victim 1:

In an ex-parte session, we can prove by preponderance of evidence:
 (1) Unlike her statements to the FBI, Victim 1 never considered the defendant a threat, danger, nor been haunted by his presence for 8 years.
 (2) Victim 1's statement about contact attempts initiated by the defendant to be false.
 (3) Victim 1, regularly sent (and mostly out of the blue) affectionate messages, sexual text messages, and nude photos of herself to the defendant. This happened ever since she reached the age of 18 years old, most have been unsolicited.
 (4) Victim 1's claim her last contact was initialed by the defendant is false, and defendant did not invite her to come to NYC, in fact she offered to stop by NYC, because she was already in Connecticut.

(5) Proving the negative is very difficult. Thus, while we can not prove that defendant and victim 1 never have any sexual contact while she was underage, we can prove by preponderance of evidence, and in some instances beyond reasonable doubt, that victim 1 and the defendant never had any non-consensual or forced sexual contact of any kind at any time, to wit "Sexual Assault", we can also prove that Victim 1 despite her claims sought and solicited the affection of the Defendant after she turned 18.

We will produce evidence and documents to show that victim 1's friendship with the defendant continued on. We can also produce many witnesses, some are friends, some are relatives, that will attest that she never acted threatened, or complained of a threat, in fact she carried her self in the exact opposite way.

Application of Rule 413 to Victim 2:

Because of the sensitive nature, and the witness involved, we will not outline our plan of proof, but will proceed to present it in the hearing.

This hearing has to take place, so we are able to present our case, have an opportunity to prove the falsity of these allegations before trial. We have to be afforded the opportunity to investigate and produce witnesses to re-butt. After this hearing we will establish that the Rule 413 no longer has any merit in this case. To forth the defense to continue without the ability to defend against the witnesses, would be a violation of due process.

We asked to be granted CJA funds for investigation, and to be able to produce the witnesses, because after trial, I will not have access to such funds, and I can never prove the the witness lied.

In the alternative, we ask to be granted a hearing to present preliminary evidence that we have to date in order to show good cause to support our claims, and continue with our investigation.

Your Honor, I thank you for your patience.

Mr. Savitt, feel free to make use this as part of your application, or to post it on public record.

*Def Pro se Motion #3* [handwritten]

*Need for expert, Subpoena records for internet provider and cell site mapping* [handwritten margin note]

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-C

---------------------------------------------------------------------------

FROM: 80637053
TO:
SUBJECT: Savitt Confidential, experts
DATE: 07/13/2014 01:03:44 PM

Needed Experts, and Defense Strategy

In this case, the defense contends that it started investigating Jack at the end of 2012, after he confessed to his history of abusing children. The defense intends to prove it's case in a (5) prong approach:

I- Downloads only started after Jack's Confession, and after the defendants decided to engage in their investigation. This would easily proved by a computer expert, however as this has already been conceded by the government, there is no longer a need for an expert.

II- The 'File Structure' and the pattern of downloaded and storage of the contra band files indicates a massive dump useful for analysis and research, rather than downloaded and categorized for viewing or distribution purposes (Examples of patterns of download and storage typical of pedophiles is amply covered in the sentencing commission report on sex crimes):

-Once the file structure is analyzed, it will show that the files were stored in the same complex hierarchy of directories as it was original hosted online, that the files were kept in their original form, and were not organized nor categorized in the manner typical of how pedophiles store their pictures and videos.
The analysis, will further show that the storage format to be ill-suited for convenient browsing and viewing.
-Additionally it will establish the source of the files being 'Usenet Groups' and Google site downloads rather than peer to peer (P2P), and will also show that the defendant never intended to distribute the files, nor got obtained from P2P communities.

To prove this point we need a computer expert, possibly to be the same as the expert from point III.

III- The browsing history (starting before Jack's confession, till time of arrest) pattern supports the defense theory:

-The first step would be to obtain the browsing history from Time Warner (the internet provider of the defendants' residence) to be analyzed. This history includes all online activities including all the files that were uploaded or downloaded from few months prior to Jack's Confession, till the time of arrest.

-Second step would be to analyze the browsing history, this report most essential to the defense, it will prove that:
  1- The browsing pattern of the defendants, does not fit one of a pedophile cruising the internet to find CP file.
  2- The history will how the amount of time spent on obtaining the files vs. researching treatments, psychological problems, case research, sting operations, etc.
  4- The browsing history will show how much of the time spent in front of the computer, how much was spent researching CP, how much time spent online for legitimate work related tasks, and how much time of idle computer time (time on computer but where not online activates took place)
  3- Will reinforce that all downloads, despite of being voluminous, were a massive file dump, and not in individual files that were browsed viewed, and downloaded based on preference of pleasure. In other words there were downloaded all at once in few sessions, they retained the original hierarchy from there online storage. Now this massive collection will be nothing few files dumping session from 2 internet sources.

To prove this point, defense need to retain a forensic analysis company.

IV- Cell Site Mapping:
We will need to obtain a time / locations trail, to map out the defendant's location, mainly when he was at home. This cross referenced with browsing history (item 4), will show how little time the defendant spent home, and how little of the time was idle computer time, and even how much less time spent downloading the files vs. researching the matter. It will also prove that defendants never spend had time to even watch the files.

To conserve costs, defense suggests that since the FBI already obtained the cell site data, the FBI should provide a location per entry, and the data as whole in a format usable by the defense, alternatively defense asks to retain a Cell Site Expert.

==================

Upon the conclusion of these tests, the result will provide substantial support to the defense theory, and also highlight the level

TRULINCS 80637053 - BASLAN, BEBARS - Unit: BRO-I-C

---

of skill the defendant had in tracking and downloading the contra band files (this is important since NONE of the files were obtained from peer to peer downloads sources, and were mainly form news groups, then Google, we will present the importance of this point during trial), this will also highlight the thorough nature of the defendant's research techniques.

These tests will also prove that the defendant only engaged in these activities after Jack's confession, and none of the patterns, files, browsing or psychological profile, fit those of actual pedophiles, rather they fit the pattern of a person that intended on launching a serious investigation.

Additionally it will indisputable that considering the voluminous nature of the files, the defendants never reviewed all the files, and did not intended to use them for pleasure or to further the exploitation of children.

All these reports and results will be shared in full with Mr. Henry's defense team, and making them even more cost effective.

To deny these tools, is to to deny me the basic right to defend myself, without them we are basically forced to forfeit any chance to prevailing during the trial.

P.S I apologize in advance in advance for the rushed typing of this message, or any typos, but I had to write this in one session in an email format and print it, because the promise that ASUA Smith made few months back during a status conference, of asking MDC to grant me more time in the law library to use discovery computers and type writes etc, never happened, and the discovery computers in our unit been down for moths now, so I am always forced to rush type and delete in order to preserve whatever little remaining of our strategy.

Mr. Savitt, would You please include this in your ex-parte application to the judge.

By: Bebars Baslan

---

Date:

---