



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TJS:TAD
F. #2013R00381

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 14, 2014

By Email and ECF

The Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Bebars Baslan
>          Criminal Docket No. 13-220 (RJD)

Dear Judge Dearie:

   The government respectfully submits this letter brief in opposition to the defendant's submission of *pro se* motions.  On July 14, 2014—at the conclusion of jury selection—the defendant's counsel represented that the defendant would like the Court to consider three motions drafted by the defendant himself.  Defense counsel then filed them by ECF at 9:53 p.m. that evening.  The government respectfully requests that the Court deny these motions. The defendant is represented by experienced counsel and has not put forward any reason as to why this Court should now consider a motion made on a *pro se* basis.

   The Second Circuit has held that "...a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney" but "the decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989); see Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977) (holding defendant did not have a right to act as co-counsel with his attorney); United States v. D'Souza, No. CR-88-00374, 1992 WL 151920, at *1 (E.D.N.Y. Jun. 17, 1992) (noting that a defendant has no right to both represent himself and have counsel but it is at the court's discretion).  In weighing whether to allow such representation, the court should look at whether the defendant has put forward any compelling reason or demonstrated why any interest of justice would be served by doing so.

See United States v. Parker, No. 08-CR-6270L, 2009 WL 5342774, *2, *3 (W.D.N.Y 2009) ("A court need not permit hybrid representation if a defendant does not offer a 'compelling reason'…. or show that 'the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel'"); United States v. Swinton, 400 F. Supp. 805, 806 (S.D.N.Y. 1975) (denying hybrid representation because the court found no compelling reason for it). The defendant in the instant case has not put forward any such reason and none exists. Instead, it is evident that the only reason the defendant makes this motion on his own is because it is too frivolous for his counsel to put forward.

Further, the defendant has in the past made not only frivolous motions, but used *pro se* motions as part of a scheme to obstruct justice. The defendant previously had his counsel submit a motion drafted by the defendant requesting an MD5 hash analysis of evidence in the government's possession. As the Court found, that motion was a part of an effort to set up a false claim that the government had destroyed exculpatory evidence. The instant motions are equally without merit and are merely an attempt to add to the government's workload literally on the eve of trial. In D'Souza, the court denied the defendant's pro se motion when the defendant had counsel after considering, among other factors, that the defendant's "…correspondence places a severe work load on the Assistant United States Attorney in his case, as well as on this Court." United States v. D'Souza, No. CR-88-00374, 1992 WL 151920, at *2 (E.D.N.Y. Jun. 17, 1992). The government respectfully requests that the Court take the same approach here and deny the defendant's *pro se* motions.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/_____
Tyler J. Smith
Tiana Demas
Assistant United States Attorneys
(718) 254-6186/6116

cc:    Ephraim Savitt, Esq.
       Clerk of Court (RJD)

2