

U.S. Department of Justice

United States Attorney
Eastern District of New York

TJS:TAD
F. #2013R00381

271 Cadman Plaza East
Brooklyn, New York 11201

July 15, 2014

By Hand and ECF

Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Bebars Baslan, 13-CR-220 (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter brief in connection with testimony expected to be offered by Ralph Steven ("Steven"), who is the brother of the confidential informant, Jack. As set forth below, Steven is expected to testify regarding statements that Jack made while in an extremely excited and agitated state. The government requests that these statements be admitted at trial as excited utterances pursuant to Rule 803(2) of the Federal Rules of Evidence.

      "[T]he rules on hearsay should be read to exclude unreliable hearsay but to admit reliable hearsay.... [S]uch 'reliable hearsay' has, of course, the effect of promoting the truth-seeking function of a criminal trial and, therefore, ought to be presented to the finders of facts." In re Drake, 786 F. Supp. 229, 234-35 (E.D.N.Y. 1992). One such type of "reliable hearsay" are excited utterances. Fed. R. Evid. 803(2). This "firmly rooted" hearsay exception applies to statements made by a declarant while statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused" whether or not they are contemporaneous with the startling condition. United States v. Tocco, 135 F. 3d 116, 127-28 (2d Cir. 1998). It is applicable whether or not the witness is available to testify. See White v. Illinois, 502 U.S. 346, 346-347 (1992).

      The government expects that Steven will testify that in late January 2013, Jack came to his house at approximately 5 a.m. one morning. Jack appeared disheveled and, after he came inside, he paced up and down the hallway, crying. While still crying, Jack indicated that earlier that morning, he had been at the defendant's apartment and that, while Jack was having sexual relations with the defendant's girlfriend, Baslan had viewed a Facebook photograph of Steven's daughter on his laptop and began masturbating to it. Jack said that

Baslan also watched child pornography earlier that morning in Jack's view. Jack apologized to Steven over and over for not killing Baslan. Jack did not calm down until after he had told Steven this entire series of events.

These statements fall within the excited utterance exception to hearsay. It is unquestionable that the viewing of child pornography is startling. It is undoubtedly more startling to watch someone view child pornography and also masturbate to a photograph of one's 7-year-old niece. Jack's statements occurred close in time to the startling event because he traveled to Steven's house that same morning at approximately 5 a.m. See United States v. Scarpa, 913 F.2d 993, 1017 (2d. Cir. 1990) (holding statement made 5 hours after startling event admissible); See also Tocco, 135 F. 3d at 128 (holding statement made 3 hours after startling event admissible); Guthrie v. United States, 207 F.2d 19, 22-23 (D.C. Cir. 1953) (holding statement made 11 hours after event admissible); United States v. Tabaja, 91 F. App'x 405, 409 (6th Cir. 2004) (holding it was not unreasonable to assume that declarant's excited state persisted 11 hours after learning of kidnap so that admission of the statement was not unreasonable). It was also evident from Jack's demeanor that he was still under the stress of his experiences. As indicated, Steven will testify that Jack was clearly distraught and would not stop crying throughout the time he was relaying the events from a few hours earlier to Steven. Courts have routinely relied on testimony regarding a declarant's demeanor in determining whether they remained under the sway of a startling event. See Tocco, 135 F. 3d at 128 (holding that statement was properly admitted when declarant appeared "all hyped" and "nervous" three hours after startling event); United States v. Jones, 299 F.3d 103, 113 (2d Cir. 2002) (wife appearing to be agitated after witnessing a man masturbating and exposing himself to daughter's friend considered as a factor in deciding to admit statement as an excited utterance); United States v. Moore, 791 F.2d 566, 571-72 (7th Cir. 1986) (holding that district court did not abuse its discretion in admitting statement when testimony showed declarant appeared excited and was jumping up and down when making statement).

These statements, therefore, fall within the exception delineated by Rule 803(2) of the Federal Rules of Evidence, and the government respectfully requests that the Court allow them to be elicited during Steven's testimony.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /s/
Tyler J. Smith
Tiana A. Demas
Assistant U.S. Attorney
(718) 254-6186/6116

cc:    Clerk of the Court (RJD) (by ECF)
      Ephraim Savitt, Esq.
      Natasha Marosi, Esq.