# EPHRAIM SAVITT
*Attorney at Law*

260 MADISON AVENUE  
SUITE 2200  
NEW YORK, NEW YORK 10016  
WWW.SAVITTESQ.COM

(212) 679-4470  
FAX: (212) 679-6770  
EPHRAIM@SAVITTESQ.COM

July 20, 2014

**BY ECF**

HONORABLE RAYMOND J. DEARIE  
U. S. District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re: **United States v. Bebars Baslan**  
         **Docket No. 13 CR 220 (RJD)**

Dear Judge Dearie:

  Defendant Baslan respectfully submits the following modifications and additions to the Court's First Draft jury charge of July 18th:

**PAGE 4, 3RD PARA [TO BE DELETED]:**

  A "visual depiction" includes any photograph, film, video or picture, including undeveloped film and videotape, data stored on computer disc or by electronic means [which is capable of conversion into a visual image or data that is capable] that is capable of conversion into a visual image that has been transmitted by any means.

**PAGE 17, END OF PARA. 3 UNDER ATTEMPT DEFINITION:**

  Remember, the government always has the burden of proving beyond a reasonable doubt whether the defendant actually had the requisite intent to commit the crime that the indictment charges him with having attempted.

**EVALUATING THE DEFENDANT'S TESTIMONY:**
**(To be inserted on page 27 after instructions as to law enforcement witnesses):**

In a criminal case, the defendant has no duty to testify or come forward with any other evidence. He may, of course, choose to take the witness stand on his own behalf. In this case, the defendant Bebars Baslan has chosen to testify. As with any other witness, you may take his interest into account in evaluating his credibility as a witness. You should evaluate and examine his testimony as you would the testimony of any witness with an interest in the outcome of the case. However, the government always has the burden of proving the charges against the defendant beyond a reasonable doubt. The fact that the defendant has chosen to take the stand and testify on his own behalf does not, in any manner, shift the burden of proof from the government to him.

*(Adapted from United States v. Brutus, 505 F.3d 80, 88 & n.7 (2d Cir. 2007): United States v. Gaines, 457 F.3d 238, 249 & n.9 (2d Cir. 2006)).*

## DEFENDANT'S [POST-ARREST] [PROFFER] STATEMENT (if introduced by the govt in rebuttal):

You have heard testimony that the defendant Bebars Baslan made a statement [statements] [following his arrest in March 2013 to FBI Special Agent Aaron Spivack] and/or [at a proffer session in October 2013 to, among others, FBI Special Agent John Robertson].

> You must decide whether the defendant actually made the statement as described in the Agent's testimony, and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made, as well as the defendant's testimony about those circumstances.

*(Seventh Circuit pattern Jury Instructions Sec. 309 (as revised 2012), derived from 18 USC 1501); Crane v. Kentucky, 476 U.S. 683, 688 (1986)).*

**CHARACTER AND REPUTATION OF DEFENDANT:**

> You have heard reputation and opinion evidence from Marianna Kowal, the other witness for the defense, about the defendant's good character and character trait for truthfulness. You should consider character evidence together with and in the same way as all the other evidence in the case.

*(Seventh Circuit Pattern Jury Instructions Secs. 307, 308; Fed. R. Crim. P. 401(a), 608).*

I thank Your Honor for Your courtesy and consideration.

Respectfully submitted,

Ephraim Savitt, Esq.
*Attorney for defendant*
*Bebars Baslan*

Cc: BY ECF
Clerk of the Court (RJD)
All counsel
Bebars Baslan