

U.S. Department of Justice

United States Attorney
Eastern District of New York

TJS:TAD  
F. #2013R000381

271 Cadman Plaza East  
Brooklyn, New York 11201

July 20, 2014

<u>By Hand and ECF</u>

The Honorable Raymond J. Dearie  
United States District Court Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    <u>United States v. Bebars Baslan</u>, No. 13-CR-220 (RJD)

Dear Judge Dearie:

      For the reasons stated in more detail below, the government respectfully requests that the Court preclude the defendant from testifying on direct examination about issues that are purely legal and are not within the province of the jury. Specifically, the government requests that the defendant be precluded from testifying about: (1) the voluntariness of his post-arrest statement, as the Court already ruled on this issue at the June 24, 2014 suppression hearing; (2) the defendant's alleged lack of access to his computer hard drives, which hard drives, according to the defendant, contain "exculpatory information"; (3) the defendant's motion to have trial adjourned so that he would have sufficient time to review the contents of his hard drives; (4) the <u>Massiah</u> violation; and (5) the punishment the defendant faces should he be convicted of the charged crimes.

      All of the above topics were the subject of pre-trial motions, on which the Court already has ruled. The Court ruled on June 24, 2014 that the defendant's post-arrest statement was admissible at trial because the defendant had failed to show that it was coerced or involuntarily given. On May 29, 2014 and July 15, 2014, the Court ruled on the defendant's repeated <u>pro se</u> discovery motions (Docket Nos. 85 and 116). On July 10, 2014, the Court denied the defendant's motion to adjourn trial. <u>See</u> Docket No. 103. On July 11, 2014, the Court denied the defendant's motion to dismiss the indictment based on the government's <u>Massiah</u> violation. <u>See</u> Docket No. 109. Finally, on July 15, 2014, the Court ruled that the defendant could not reference the punishment he faces upon conviction at trial.

      Based on recent emails that the defendant has sent to his co-defendant, the government is concerned that despite these rulings, the defendant may seek to inject these purely legal issues into the trial when he takes the stand tomorrow. Were the defendant to do

so, there would be a profound risk of jury confusion because the jury's role is to decide facts, now law.  See United States v. DeCristina, 726 F.3d 92, 105 ("While a defendant has the right to have a jury decide whether the prosecution has proved the elements of the charged crime, the district court must resolve questions of law.") (citations omitted); see also United States v. Kraeger, 711 F.2d 6, 7-8 (2d Cir. 1983) (finding that court decisions the defendant claimed to have read in reference to his case was likely to "confuse a jury on the distinction between questions of law, which are for the court to decide, and questions of fact, which are for the jury."); United States v. Stewart, 03 CR.717(MGC), 2004 WL 113506, at *2 (S.D.N.Y. Jan. 26, 2004) (a defense cannot argue or present evidence that improperly invites the jury to make legal determinations, which are the "exclusive province of the court.").

      The defendant and his attorney have previously raised the five legal issues outlined above, and the court has issued rulings on each. This court conducted a suppression hearing on June 24, 2014 in order to review a number of pre-trial motions submitted by the defendant including a motion to suppress his post-arrest statements. As a result of this hearing, the court determined that the defendant's post-arrest statements were made voluntarily.  The defendant should therefore be precluded from offering any testimony that his post-arrest statement was coerced or involuntarily made when he testifies at trial.

      Additionally, the court already has ruled on the defendant's pro se motions regarding access to his hard drives.  The government has consistently offered a procedure by which the defendant could review the contents of his seized computers; apart from the defendant's viewing of the March 7, 2013 video of the defendant, Kristen Henry and Jack, the defendant has not taken the government up on its offer. Based on the government's continued willingness to provide the defendant access to his discovery materials, the defendant should be precluded from suggesting otherwise during his testimony. See United States v. Dupree, 833 F. Supp. 2d 255, 270 (E.D.N.Y. 2011), vacated and remanded on other grounds, 706 F.3d 131 (2d Cir. 2013) ("It is established Second Circuit law that allegations of prosecutorial misconduct are properly directed to the judge, not the jury."); see also United States v. Watts, 934 F. Supp. 2d 451, 465 (E.D.N.Y. 2013) (granting the government's motion to preclude testimony regarding potential allegations of prosecutorial misconduct on the basis that the court previously found such allegations to be meritless.)

      The government also notes that the defendant has not produced any discovery to the government, despite the government's repeated requests for reciprocal discovery.  The Court reminded the defendant of his reciprocal discovery obligations on May 29, 2014:

> Court:    You can have all the access you want, we just arranged it.  You have a reciprocal discovery obligation.
>
> Mr. Savitt:    Absolutely, your Honor, I'm well aware of it.

May 29, 2014 Transcript of Status Conference Hearing at p. 22.

In light of the fact that the defendant has had the ability to access his hard drives since the outset of this case, and he has not produced any discovery to the government, the defendant should be precluded from testifying at trial that there is "exculpatory" evidence on his hard drives or elsewhere or from seeking to introduce such evidence. See Fed. R. Crim. P. 16(d)(2)(C) ("If a party fails to comply with this rule, the court may: prohibit that party from introducing the undisclosed evidence.")

In a similar vein, the Court should preclude the defendant from seeking to re-air his motion to adjourn trial in front of the jury or from referencing the government's Massiah violation. Both of these motions involved purely legal issues – indeed, the Court denied the defendant's motion to dismiss the indictment based on the government's conceded Massiah violation without a hearing for that very reason. Were the defendant to testify about the fact that the government used an informant while the defendant was incarcerated at the MDC, but the government was precluded from calling that informant at trial, the jury would be profoundly confused.

Finally, in spite of the Court's ruling that the defendant cannot question any witnesses about the punishment the defendant faces if convicted, the defendant appears to have other ideas. On July 7, 2014, the defendant sent an email to his co-defendant, Kristen Henry, in which he informed her of the government's position that the jury should not be informed of the potential punishment the defendant faces. The defendant wrote:

> One issue now, the government is asking the judge to restrict us from even telling the jury about the mandatory minimum consequences that come from my case, but that is not going to happen, given our full defense, so we can not be precluded from discussing it.

See Exhibit 1 hereto (July 7, 2014 email from Bebars Baslan to Kristen Henry).

It is the general practice in federal courts that juries are not to be told about potential punishment or mandatory minimum sentences facing defendants. See Shannon v. United States, 512 U.S. 573, 579, 586 (1994) ("[A]s a general matter, jurors are not informed of mandatory minimum or maximum sentences."); see also United States v. Pabon-Cruz, 391 F.3d 86, 94-95 (2d Cir. 2004) (finding that a defendant has no entitlement to receive a jury instruction as to the sentence he would receive if convicted). While the Second Circuit noted in Pabon-Cruz that the Shannon left open the possibility that in "certain limited circumstances," it might be necessary "to instruct a jury regarding the sentencing consequences of its verdict," this only pertained to instances in which the jury was "affirmatively misled by counsel or a witness." Id. at 95 (quoting Shannon at 587.); see also United States v. Polouizzi, 564 F.3d 142, 160 (2d Cir. 2009) (holding that a defendant charged with possession and receipt of child pornography did not have a Sixth Amendment right to a jury instruction on the applicable mandatory minimum sentence.) For these reasons, the government requests that the Court remind the defendant that he is not permitted to mention the mandatory minimum sentences associated with any of the charged counts

3

when he testifies. The Court should also preclude the defendant from testifying about the maximum sentence he faces or his applicable Guidelines range.

  For the reasons stated herein, the government respectfully requests that the defendant be precluded from testifying about any of the above legal issues when he testifies tomorrow.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

  By:  /s/
          TIANA A. DEMAS
          Assistant U.S. Attorney
          (718) 254-6116