COURT EXHIBIT
CR 13-220
7/24/14

_____ 7/24/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,


            - against -                          13 CR 220 (RJD)


BEBARS BASLAN,


                 Defendant.
-------------------------------------------------------- x




JURY CHARGE

Members of the Jury:

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. Shortly after you retire for your deliberations, I will provide you with several copies of these instructions.

## FUNCTION OF JURY

Let me remind you that in accordance with your oath as jurors it is your duty to follow the law as I state it. You have the important responsibility to judge the facts. And you alone are the judges of the facts – not counsel – not I.

## COURT HAS NO VIEW

I express no view whether the defendant is guilty or not guilty. You should not draw any inference or conclusion as to whether he is guilty or not guilty from anything I may have said or done. You will decide the case solely on the evidence and the law.

## PARTIES EQUAL

The prosecution is brought in the name of the United States, but that does not entitle the government to any greater consideration than the defendant. The parties – the government and the defendant – are equal before this Court. They are entitled to equal consideration.

## WHAT IS EVIDENCE

The evidence comes in several forms:

      A.      Sworn testimony of witnesses, both on direct and cross-examination;

7/24/14

    B.       Exhibits that have been received by the Court in evidence; and

    C.       Facts to which the lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

The following things are <u>not</u> evidence and are to be disregarded by you in deciding what the facts are:

    A.       Arguments or statements by lawyers are not evidence.

    B.       Questions put to the witnesses, standing alone, are not evidence.

    C.       Objections to the questions or to offered exhibits are not evidence. In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received. You should not be influenced by the objection or by the Court's ruling on it. If the objection was sustained, ignore the question and any answer that may have followed. If the objection was overruled, treat the answer like any other answer.

    D.       Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence and must be disregarded.

## NO BIAS

You must not be influenced by sympathy, prejudice, or public opinion. I remind you that each of you has undertaken a solemn obligation, a sworn obligation, to decide this case solely on the evidence. You must carefully and impartially consider the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences.

## INDICTMENT ACCUSATION ONLY

An indictment is merely an accusation in writing. It is not evidence of guilt. It is entitled to <u>no</u> weight in your determination of the facts. The defendant has pleaded not guilty, thereby placing in issue each allegation in the indictment.

7/24/14

## BURDEN OF PROOF

The government has the burden of proving guilt beyond a reasonable doubt. This burden never shifts to the defendant. The defendant does not have to prove his innocence; he need not have submitted any evidence at all.

## PRESUMPTION OF INNOCENCE

The law presumes the defendant innocent of the charges against him. I instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven the defendant guilty beyond a reasonable doubt with respect to the offense you are considering.

## REASONABLE DOUBT

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question, naturally, is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt is not a caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

4

7/24/14

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

TYPES OF EVIDENCE

There are, generally speaking, two types of evidence from which you may find the truth as to the facts. One is direct evidence – such as the testimony of an eyewitness or participant, or physical evidence. The other is indirect or circumstantial evidence – evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in the common experience.

CIRCUMSTANTIAL EVIDENCE

There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. The courtroom has no windows and you could not look outside.

As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet.

Now, you cannot look outside of the courtroom to see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of reason, experience and common sense, you infer from an established fact or facts the existence or the nonexistence of some other fact.

There is no distinction between the weight to be given to direct evidence and the weight to be given to circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence.

STIPULATIONS

When the attorneys on both sides stipulate, that is, agree, to the existence of a fact, you the jury must accept the stipulation and consider the fact as proven.

When the attorneys on both sides stipulate that a witness, if called, would have given certain testimony, the jury must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect or weight given to that testimony.

DATES APPROXIMATE

The indictment charges "on or about" and "between" certain dates. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

WEIGH ALL EVIDENCE

You should weigh all the evidence in the case. After considering the evidence or the lack of evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt

with respect to any charge, then you must find him not guilty of that charge.  On the other hand, if you are convinced beyond a reasonable doubt that the defendant is guilty of an offense charged in the indictment, then you should find him guilty of that charge.

THE INDICTMENT

I will now turn my attention to the specific charges in the indictment. The indictment contains four counts for your consideration. I will first instruct you on Count One, which charges the defendant with interstate Travel With Intent to Commit Aggravated Sexual Abuse of a Minor Under Twelve. Count Three charges the defendant with Attempted Sexual Exploitation of a Child. Count Four charges the defendant with Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity. And, finally, Count Two charges the defendant with Conspiracy to Sexually Exploit a Child.

COUNT ONE: TRAVEL WITH INTENT TO COMMIT AGGRAVATED SEXUAL ABUSE OF A MINOR UNDER TWELVE

Count One reads as follows:

On or about March 19, 2013, within the Eastern District of New York, the District of New Jersey and elsewhere, the defendant BEBARS BASLAN crossed a state line with intent to engage in a sexual act, to wit: contact between the mouth and the vulva, contact between the mouth and the penis and the intentional touching, not through the clothing, of the genitalia of another person who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person, with another person who had not attained the age of 12 years, to wit: John Doe I and Jane Doe I, individuals whose identities are known to the Grand Jury.

Count One charges the defendant with violating Section 2241(c) of Title 18 of the United States Code. That section provides, in relevant part:

Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . shall be punished in accordance with law.

In order to prove the defendant guilty of Travel With Intent to Commit Aggravated Sexual Abuse of a Minor Under Twelve, the government must prove each of the following two elements beyond a reasonable doubt:

8

First, that the defendant crossed a state line; and

Second, that the defendant did so with the intent to commit a sexual act with a person under the age twelve, specifically, Daniel, who is identified in the indictment as John Doe I, or Leah, who is identified in the indictment as Jane Doe I.

The first element of Count One that the government must prove beyond a reasonable doubt is that the defendant crossed a state line. I instruct you that to travel from the State of New York to the State of New Jersey, one must cross a state line.

The second element of Count One that the government must prove beyond a reasonable doubt is that the defendant crossed a state line with the intent to commit a sexual act with a person under the age of twelve. The term "sexual act" means: (1) contact between the mouth and the penis; (2) contact between the mouth and the vulva; or (3) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. With regard to these types of sexual acts, only "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 12 years old" requires the intent that I just described to you. With respect to contact between the mouth and penis and contact between the mouth and vulva, no specific intent is necessary.

To establish that the defendant crossed a state line with the intent to commit a sexual act with a person under the age of twelve, it is not necessary for the government to prove that the illegal sexual activity was the sole purpose for crossing the state line. A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across a state line was to engage in a sexual act

with a child under twelve years old. In other words, the illegal sexual activity must not have been merely incidental to the trip.

Finally, to establish this second element, the government is not required to prove that the defendant actually engaged in any sexual act, as I have defined that term for you, after he crossed a state line.

The defendant is also charged with Travel With Intent to Commit Aggravated Sexual Abuse of a Minor Under Twelve on an aiding and abetting theory. Therefore, you may find that the defendant is guilty of Count One if you find that he aided and abetted another person to commit this crime. The aiding and abetting statute, Section 2 of Title 18 of the United States Code provides that: "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal; whoever willfully causes an act to be done, which if directly performed by him or another, would be an offense against the United States, is punishable as a principal." This means that if you find that the defendant knowingly and willfully aided and abetted another person in the commission of a crime, he is as guilty as if he personally committed it.

Before you can convict the defendant on the ground that he aided and abetted a commission of the crimes charged, you must first find beyond a reasonable doubt that another person committed that crime. No one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

In order for the defendant to be guilty of aiding and abetting, it is necessary that there be more than mere knowledge that a crime is being committed and acquiescence in the crime itself.

10

The defendant must have willfully associated himself in some way with the criminal venture; he must have willfully participated in it as something he wanted to bring about. That is, the defendant must willfully seek by some act to make the criminal venture succeed. Mere presence or relationship to the person who actually committed the crime, even coupled with knowledge that a crime was committed, is not enough.

If you find that the government has proven each of the elements of the crime alleged in Count One beyond a reasonable doubt, you should find the defendant guilty on Count One. If the government fails to prove any one element, you must find the defendant not guilty as to Count One.


KNOWINGLY, INTENTIONALLY AND WILLFULLY

The allegations in the indictment require that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly, intentionally or willfully. An act is done knowingly if done voluntarily or intentionally but not because of mistake, accident or other innocent reason. An act is done intentionally if done voluntarily and with the specific intent to do something the law forbids. In order to prove that the defendant acted willfully, the government must prove that he acted knowingly and purposefully and that he intended to commit an act which the law forbids.

The person need not be aware of the specific law or rule that his conduct may be violating but he must act with the specific intent to do whatever it is the law forbids. The defendant's knowledge is a matter of inference from facts proved. These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proven directly. A wise and careful consideration of all the circumstances of

the case may, however, permit to you make such a determination as to the state of mind of the defendant. Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

## COUNT THREE: ATTEMPTED SEXUAL EXPLOITATION OF A CHILD

The third count of the indictment charges defendant with Attempted Sexual Exploitation of a Child.

Count Three reads as follows:

On or about and between February 1, 2013 and March 19, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BEBARS BASLAN did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe 1, John Doe 2 and Jane Doe 1, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct knowing and having reason to know that such visual depictions would be transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were to be produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, to wit: one or more digital cameras.

Count Three of the indictment charges the defendant with violating Section 2251(e) of Title 18 of the United States Code. That section provides, in relevant part:

Any individual who . . . attempts . . . to violate (18 U.S.C. § 2251(a), which makes it a crime to sexually exploit a minor), shall be punished in accordance with law.

In order to prove that the defendant attempted to sexually exploit a minor, the government must prove beyond a reasonable doubt:

First, that the defendant intended to commit the crime of sexual exploitation of a minor; and

12

Second, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

To determine whether the government has proven beyond a reasonable doubt that the defendant attempted to sexually exploit a minor, I will first explain to you the law of attempt.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action, which was a substantial step toward the commission of the crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation, on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent to willfully commit the crime, and where the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

In determining whether the defendant took "a substantial step" towards the commission of a crime, you should consider all of the evidence admitted in the case concerning the defendant and the alleged commission of the crime.

Factual or legal impossibility is not a defense to a charge of attempting to commit a crime if the crime could have been committed had the relevant factual or legal circumstances been as the defendant believed them to be. In other words, a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the crime,

he intentionally engages in conduct which would constitute the crime if the relevant factual and legal circumstances were as he believed them to be.

I will now explain to you the crime of sexual exploitation of a minor, which is the crime that the defendant is charged with attempting to commit. There are three elements to this crime:

First, that Daniel, who is identified in the indictment as John Doe I, Ellie, who is identified in the indictment as John Doe II, or Leah, who is identified in the indictment as Jane Doe I, was under the age of 18;

Second, that the defendant used or employed or persuaded or induced or enticed or coerced Daniel, Ellie or Leah to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

Third, that the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce or using a facility of interstate and foreign commerce or produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce.

As to the first element of sexual exploitation of a minor, the government must prove beyond a reasonable doubt that at least one of the intended victims, Daniel, Ellie or Leah, was less than 18 years old at the time of the acts alleged in the indictment. The government does not need to prove that the defendant knew that Daniel, Ellie or Leah was less than 18 years old.

As to the second element of sexual exploitation of a minor, the government must prove beyond a reasonable doubt that the defendant used or employed or persuaded or induced or enticed or coerced Daniel, Ellie or Leah to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct.

14

The words "used," "employed," "persuaded," "induced," "enticed" and "coerced" are words of common usage, and I instruct you to interpret these words by using your own common sense. The words "persuade," "induce" and "entice" are, in effect, synonyms that convey the idea of leading or moving another person by persuasion or influence as to some action, state of mind, etc., or to bring about, produce or cause. The word "coerce" means to compel by force and intimidation or authority, without regard for individual desire or volition.

A "visual depiction" includes a digitally recorded photograph or video.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays to bring to view or attract others to the genitals or pubic area of minors in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes lascivious exhibition. In deciding whether a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions: Whether the focal point of the visual depiction is of the minor's genitals or pubic area or whether there is some other focal area; whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity; whether the minor is displayed in an unnatural pose or in inappropriate attire, considering the age of the minor; whether the minor is fully or partially clothed or nude, although nudity is not in and of itself lascivious; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; whether the visual depiction was intended or designed to elicit a sexual response from the viewer.

15

It is not required that a particular visual depiction involve all of the factors that I have just listed for you. The importance you give to any one factor is up to you to decide. While the government must prove that the defendant acted with the purpose of producing a visual depiction of sexually explicit conduct, the government does not need to prove that the visual depiction of that conduct was actually produced.

The third element of sexual exploitation of a minor that the government must prove beyond a reasonable doubt is that the depiction was transported or transmitted in or affecting interstate or foreign commerce or using a facility of interstate or foreign commerce or produced using materials that had been mailed, shipped and transported in and affecting interstate or foreign commerce. If a visual depiction of sexually explicit conduct, as I have defined that term, is stored on a digital camera or other type of recording device, and the camera or recording device crosses from one state to another, then that is sufficient to satisfy the interstate commerce element. Furthermore, it is sufficient to satisfy the interstate or foreign commerce element if the visual depiction of sexually explicit conduct is recorded or stored on a device that was made either outside of the state of New York or in a foreign country. I instruct you that the parties have stipulated that the camera seized from the defendant on March 19, 2013 was manufactured outside the United States.

Whether or not a minor consented to engage in sexually explicit conduct is irrelevant, as the consent or voluntary participation of a minor is not a defense to the charge.

To prove that the defendant attempted to sexually exploit a minor, the government does not need to prove that a visual depiction of sexually explicit conduct (as I have already defined these terms) was actually produced or transmitted. Nor does the government need to prove that the visual depiction was actually transmitted in or affecting interstate commerce. The

16

government need not prove that the defendant actually committed the substantive crime of sexual exploitation of a minor.  The government must prove beyond a reasonable doubt: (1) that the defendant intended to commit the crime of sexual exploitation of a minor; and (2) that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

If you find that the government has proven each of the two elements of the crime alleged in Count Three beyond a reasonable doubt, you should find the defendant guilty on Count Three. If the government fails to prove any one element, you must find the defendant not guilty as to Count Three.


## COUNT FOUR: ATTEMPTED COERCION AND ENTICEMENT OF A MINOR TO ENGAGE IN ILLEGAL SEXUAL ACTIVITY

The fourth count of the indictment charges the defendant with Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity.

Count Four reads as follows:

On or about and between February 1, 2013 and March 19, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BEBARS BASLAN, using facilities and means of interstate and foreign commerce, to wit: a telephone, did knowingly and intentionally attempt to persuade, induce, entice and coerce one or more individuals who had not attained the age of 18 years, to wit: John Doe 1, John Doe 2, and Jane Doe 1, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: criminal sex act in the first degree, in violation of Section 130.50 of the New York Penal Law and sexual assault, in violation of Section 2C:14-2(b) of the New Jersey Code of Criminal Justice.

Count Four charges the defendant with violating Section 2422(b) of Title 18 of the

United States Code.  That section provides, in relevant part:

Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices or coerces any individual

17

who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so . . . shall be punished in accordance with law.

In order to prove the defendant guilty of Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

I have already instructed you on the law of attempt, and you should apply those instructions here. I will now define for you the elements of the crime of Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity.

First, that on or about the dates set forth in the indictment, the defendant used a facility or means of interstate or foreign commerce, that is, a telephone;

Second, that the defendant used the telephone to unlawfully, willfully and knowingly attempt to persuade or induce or entice or coerce a person whom the defendant believed to be under 18 years of age to engage in any sexual activity, specifically, Daniel, Ellie or Leah; and

Third, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under either New York State or New Jersey State law.

The first element that the government must prove beyond a reasonable doubt is that the defendant used a facility or means of interstate or foreign commerce, specifically, a telephone. Transmissions of communications by means of a telephone constitute the use of a facility of interstate commerce, regardless of whether the communication actually crossed a state line.

18

However, you must find beyond a reasonable doubt that the specific communication or communications was actually transmitted by a telephone.

The second element that the government must prove beyond a reasonable doubt is that the defendant used a telephone to unlawfully, willfully and knowingly persuade, induce, coerce or entice a person whom the defendant believed to be under the age of 18 years to engage in any sexual activity. I have already instructed you on the meanings of the terms "willfully" and "knowingly."

I instruct you that the crime of using a facility of interstate commerce to attempt to persuade, induce, entice or coerce a minor to engage in a sexual act is completed when the defendant uses a facility of interstate commerce to attempt to persuade, induce, entice or coerce a person he believed to be under 18 years of age to engage in any sexual activity.

The person with whom the defendant was communicating does not need to be a minor in order for the defendant to be guilty of the charge. It is sufficient if the government proves that the defendant was communicating with an adult intermediary such as a parent or relative for the purpose of leading the person he believed to be under the age of 18 to participate in sexual activity. Nor is it a defense to the crime that the adult intermediary with whom the defendant was communicating never intended to allow a minor to be persuaded, induced, enticed or coerced to engage in any sexual activity. The government has met its burden of proof so long as it proves beyond a reasonable doubt that the defendant was communicating with an adult intermediary whom the defendant believed would cause, lead or facilitate the minor to engage in sexual activity.

19

In addition, the sexual act does not need to have been completed in order to find the defendant guilty of the charge. It is not a defense to the charge that, as a result of circumstances unknown to the defendant, he was unable to complete the intended sexual act or acts.

The third element that the government must prove beyond a reasonable doubt is that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under New York State law or New Jersey State law.

It is a crime under New York State law for a person to engage in oral sexual conduct or anal sexual conduct with another person who is less than eleven years old. (NYPL § 130.50).

Under New York State law, the following definitions apply. "Oral sexual conduct" means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina. "Anal sexual conduct" means conduct between persons consisting of contact between the penis and anus. (NYPL § 130.00).

Under Section 2C:14-2(b) of the New Jersey Code of Criminal Justice, an actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim.

Under New Jersey law, the following definition applies. "Sexual contact" means an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor. Sexual contact of the actor with himself must be in view of the victim whom the actor knows to be present. See New Jersey Code of Criminal Justice, § 2C:14-1(d).

With regard to the third element of the offense – that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under New York State law or

New Jersey State law – you need only find that the activity would have violated any one of the aforementioned laws.

If you find that the government has proven each of the elements of the crime alleged in Count Four beyond a reasonable doubt, you should find the defendant guilty on Count Four. If the government fails to prove any one element, you must find the defendant not guilty as to Count Four.

COUNT TWO: CONSPIRACY TO SEXUALLY EXPLOIT A CHILD

Count Two of the indictment charges the defendant with Conspiracy to Sexually Exploit a Child. Count Two reads as follows:

> On or about and between February 1, 2013 and March 19, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BEBARS BASLAN, together with others, did knowingly and intentionally conspire to employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe 1, Jane Doe 1 and John Doe 2, individuals whose identities are known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were to be produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, to wit: one or more digital cameras, contrary to Title 18, United States Code, Section 2251(a).

Count Two of the indictment charges the defendant with violating Section 2251(e) of Title 18 of the United States Code. That section provides, in relevant part:

> Any individual who . . . conspires . . . to violate (18 U.S.C. § 2251(a), which makes it a crime to sexually exploit a minor), shall be punished in accordance with law.

In my instruction as to Count Three, I have already instructed you on all the elements of the substantive offense of sexual exploitation of a minor. I will now instruct you on what the

7/24/14

government must prove to show that the defendant conspired to sexually exploit a minor, in violation of 18 United States Code, Section 2251(e).

The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful. You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy. That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime. Thus, if a conspiracy exists, even if it should fail in achieving its purpose, it is still punishable as a crime.

In order to prove the defendant guilty of Conspiracy to Sexually Exploit a Child, the government must prove each of the following three elements beyond a reasonable doubt:

First, that two or more persons, other than the person referred to as Jack, conspired or agreed;

Second, that they knowingly and willfully conspired or agreed and that the defendant knowingly and willfully was or became a member of the conspiracy;

Third, that they conspired or agreed to commit the unlawful act charged in the Indictment – in this case, the sexual exploitation of a minor – or, in other words, that the objective of the conspiracy was to commit that unlawful act.

Let me start with the first and second elements that the government must prove beyond a reasonable doubt. A conspiracy is a combination or agreement of two or more persons to accomplish an unlawful purpose. While conspiracy involves an agreement to violate the law, the government need not prove that the defendant entered into an express or formal agreement, or that he stated, orally or in writing, what the scheme was, or how it was to be accomplished. It is

22

sufficient to show that he came to a mutual understanding with another or others to bring about an unlawful act. You may infer such an agreement – or conspiracy – from the circumstances and conduct of the parties, since ordinarily a conspiracy is secret.

The second element of conspiracy that the government must prove beyond a reasonable doubt is that the defendant was or became a member. That is, if you find that a conspiracy existed, you must determine whether he participated in the conspiracy willfully and with knowledge of its unlawful purpose and in furtherance of its unlawful purpose. A person's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The extent or duration of the defendant's participation has no bearing on the issue of the defendant's guilt. An equal role is not what the law requires. If you find that the conspiracy existed and if you further find that the defendant participated in it knowingly and willfully, the extent or degree of his participation is not material. Moreover, it is not required that a person be a member of the conspiracy from its very start.

I want to caution you, however, that the defendant's mere presence at the scene does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient to make the defendant a member of a conspiracy. The fact that the acts of the defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

The third element that the government must prove beyond a reasonable doubt is that the conspiracy was to commit an unlawful act, in this case, the sexual exploitation of a minor. The government need not prove that the defendant actually committed sexual exploitation of a minor. Rather, what the government must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit sexual exploitation of a minor.

If you find that the government has proven each of the elements of the crime alleged in Count Two beyond a reasonable doubt, you should find the defendant guilty on Count Two. If the government fails to prove any one element, you must find the defendant not guilty as to Count Two.

7/24/14

## GENERAL PRINCIPLES

I will now instruct you on some general principles you will use in your deliberations.

## CREDIBILITY

In deciding whether or not the government has proven beyond a reasonable doubt the crimes I have described to you, you must weigh the evidence before you. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. The assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility very largely must depend upon the impression that a witness makes upon you as to whether or not he or she is telling the truth or giving you an accurate version of what occurred.

## INTERESTED WITNESSES

Consider each witness' motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship each witness bears to either side of the case, the nature of that relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

25

The question really is, how did the witness impress you?  Did the witness' version appear straightforward and candid or did the witness try to hide some of the facts?  Is there a motive of any kind to testify falsely or truthfully or to shade the testimony offered?  In other words, what you try to do, in plain English, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward, or otherwise reliable.

If you believe that a witness has made an earlier statement that conflicts with his or her trial testimony, you should consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency that appealed to your common sense.

LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  You should evaluate such testimony in the same manner as you would the testimony of any other witness.

NO DUTY TO CALL ALL WITNESSES TO AN EVENT

Keep in mind that the law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have

some knowledge of the matters in issue at this trial.  Nor does the law require the government to produce as exhibits all papers and other items mentioned during the course of the trial.

## EVALUATING THE DEFENDANT'S TESTIMONY

In a criminal case, the defendant has no duty to testify or come forward with any other evidence.  He may, of course, choose to take the witness stand on his own behalf.  In this case, the defendant, Bebars Baslan, has chosen to testify.  As with any other witness, you may take his interest into account in evaluating his credibility as a witness.  You should evaluate and examine his testimony as you would the testimony of any witness with an interest in the outcome of the case.  However, the government always has the burden of proving the charges against the defendant beyond a reasonable doubt.  The fact that the defendant has chosen to take the stand and testify on his own behalf does not, in any manner, shift the burden of proof from the government to him.

## CHARACTER AND REPUTATION OF DEFENDANT

You have heard reputation and opinion evidence from Marianna Kowal, the other witness for the defense, about the defendant's good character and character trait for truthfulness.  You should consider character evidence together with and in the same way as all the other evidence in the case.

7/24/14

## DEFENDANT'S STATEMENTS

You have heard testimony that the defendant Bebars Baslan made statements following his arrest on March 19, 2013 to FBI Special Agent Aaron Spivack and at a proffer session in October 2013 to, among others, FBI Special Agent John Robertson.

You must decide whether the defendant actually made the statements as described in the Agent's testimony, and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made, as well as the defendant's testimony about those circumstances.


## TAPE RECORDINGS AND TRANSCRIPTS

During the trial, typed transcripts were made available to you. These documents contained an interpretation of what was said on the recordings. These documents were given to you as an aid to assist you in listening to the tapes. They are not evidence. When the tapes were played, I advised you to listen very carefully to the tapes themselves. You alone should interpret the recordings based on what you heard. If you think you heard something different from what appeared on a transcript, then what you heard is controlling. If you cannot determine from the tape that particular words were spoken, you must disregard the transcripts insofar as those words are concerned.


## STATEMENTS OF COUNSEL

The statements, comments, arguments, demeanor, and tone of voice of the attorneys do not constitute evidence. Nor does anything I have said or done.

7/24/14

JUROR'S RECOLLECTION GOVERNS

Your recollection governs. Nobody else's. Not the Court's – if I have made reference to the testimony – and not counsel's recollection. It is <u>your</u> recollection that must govern during your deliberations. If necessary during those deliberations, you may request a reading from the trial transcript that may refresh your recollection.

Please, as best you can, try to be as specific as possible in your requests for read backs; in other words, if you are interested only in a particular part of a witness' testimony, please indicate that to us. It may take some time for us to locate the testimony in the transcripts, so please be patient. And, as a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it. None of us goes anywhere. As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately.

If you have any questions about the applicable law and you want a further explanation from me, or if you want to see any or all of the exhibits, send me a note.

INFERENCES

The attorneys in summing up have asked you to draw certain inferences from the evidence in this case. Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters that are not in evidence.

7/24/14

DELIBERATIONS

You are entitled to your own opinions but you should exchange views with your fellow jurors and listen carefully to each other. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

JURY CHARGE

In a few minutes, I will supply you with several copies of my instructions. If you refer to these instructions, keep in mind that you should consider them as a whole. Each part of these instructions is important in your deliberations. And, most importantly, do not let my giving you my instructions discourage you from requesting further instructions or clarification from the Court.

UNANIMOUS VERDICT

Any verdict you reach must be unanimous. That is, with respect to each count, you must all agree as to whether your verdict is guilty or not guilty.

VERDICT FORM

When you retire to the jury room, you will also be given a verdict form which may well be self-explanatory. Needless to say, if you have any questions about the verdict form, do not hesitate to ask the Court for further instructions. When you are ready to report your verdict, check the verdict sheet carefully so that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned by the Court.

7/24/14

COMMUNICATION WITH COURT

If you wish during your deliberations to communicate with the Court, for any reason,

send me a note through the Marshal.  No member of the jury should ever attempt to

communicate with the Court by any means other than a signed writing; and the Court will never

communicate with any member of the jury on any subject touching the merits of the case, other

than in writing, or, more likely than not, orally here in open court.


NO DISCUSSION

You will not discuss this case with anyone outside the jury room.  And that includes your

fellow jurors.  You will only discuss the case when all 12 deliberating jurors are together, in the

jury room, with no one else present, behind the closed door.  At no other time is there to be any

discussion about the merits of the case.  Period.


FOREPERSON

In order that your deliberations may proceed in an orderly fashion, you should have a

foreperson.  Traditionally, juror number one acts as foreperson.  If juror number one prefers not

to serve in that role, you can choose a foreperson however you deem appropriate, such as by

asking for a volunteer.  The foreperson's vote is entitled to no greater weight than that of any

other juror.


NOT TO REVEAL STATUS

Bear in mind also that you are not to reveal to any person – not even to the Court – how

the jury stands numerically on the question of whether the defendant is guilty or not guilty, until

31

after you have reached a unanimous verdict on all counts. At that time, you should simply send me a note saying, "We have reached our verdict." You will be summoned to the courtroom and the Clerk of the Court will take the verdict.

## OATH

Your oath sums up your duty – and that is, without fear or favor to any person, you will well and truly try the issues before these parties according to the evidence given to you in court, and the laws of the United States.

**END OF JURY CHARGE**