UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,

              - against -                      **MEMORANDUM AND ORDER**

                                                     13 CR 220 (RJD)

BEBARS BASLAN,

              Defendant.
-------------------------------------------------------- x

DEARIE, District Judge.

      After a trial during which he testified in his own defense, defendant Bebars Baslan was convicted, by a jury, of: (1) one count of crossing state lines with the intent of sexually molesting a child under the age of 12, in violation of 18 U.S.C. § 2241(c) (the "Travel Act"), which carries a 30-year mandatory minimum sentence; (2) one count each of conspiring to sexually exploit children, and attempting to exploit children, in violation of 18 U.S.C. § 2251(a), each of which carries a minimum 15-year minimum sentence; and (3) one count of attempting to coerce and entice minors to engage in illegal sexual activity, in violation of 18 U.S.C. § 2242(b), which carries a 10-year mandatory minimum sentence.

      In motions under Rules 29(c) and 33 of the Federal Rules of Criminal Procedure, Baslan seeks (1) a judgment of acquittal on the Travel Act count on the ground that the statute's 30-year mandatory minimum sentence is unconstitutionally disproportionate to the crime it punishes and, therefore, a "cruel and unusual punishment" prohibited by the Eighth Amendment, and (2) a new trial on the remaining counts on the ground that the government committed a "spy in the camp" violation of his Sixth Amendment rights, or in the alternative, an evidentiary hearing to establish

the claim. See generally Massiah v. United States, 377 U.S. 201 (1964); Weatherford v. Bursey, 429 U.S. 545 (1977).[1]

The motions are denied.

As a threshold matter, and assuming without deciding that the relief Baslan seeks is available under Rule 29, the Court rejects the government's assertion that disproportionality arguments are not justiciable until sentence is actually imposed. Plainly, this species of claim would be forfeited if not raised now. See, e.g., United States v. Rivera, 546 F.3d 245, 254 (2d Cir. 2008) ("Rivera challenges his sentence as cruel and unusual, in violation of the Eighth Amendment [but] [s]ince Rivera failed to raise this claim in the District Court, we deem it forfeited"), cert.denied, 555 U.S. 1204 (2009).

Turning to the merits, it is now clear "that the Eighth Amendment contains a 'narrow proportionality principle,' that 'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are 'grossly disproportionate' to the crime.'" Graham v. Florida, 560 U.S. 48, 59-60 (2010) (quoting Harmelin v. Michigan, 501 U.S. 957, at 997, 1000–1001 (Kennedy, J., concurring in part and concurring in judgment).[2] Graham reaffirms that under Harmelin's "controlling" opinion, "[a] court must begin by comparing the gravity of the offense and the severity of the sentence" and that only "in the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" should a court

---

[1] Baslan's motion does not challenge the plea he entered to a separate count charging him with possession of child pornography, in violation of 18 U.S.C. § 2252, which carries a five-year mandatory minimum sentence.

[2] In Graham, the Court identifies Justice Kennedy's concurring opinion among the several issued in Harmelin as "controlling." 560 U.S. at 59. The Second Circuit notes this aspect of Graham. See United States v. Reingold, 731 F.3d 204, 210 n. 11 (2d Cir. 2013) ("[i]n Graham, the Supreme Court recognized Justice Kennedy's concurring opinion in Harmelin, joined in by Justices O'Connor and Souter, as 'controlling' in its discussion of constitutional proportionality").

take the additional step of "compar[ing] the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." 560 U.S. at 59-60 (internal quotations and citations omitted).[3]

Examining the gravity of the offense alongside the severity of the sentence disposes of Baslan's Eighth Amendment claim. The disturbing facts, which speak for themselves, foreclose any inference of gross disproportionality between crime and punishment.[4] See Graham, 560 U.S. at 59 (in a case "involv[ing] a challenge[] to the length of term-of-years sentences . . . the court considers all of the circumstances of the case"). Indeed, Baslan's attempts to minimize his culpability—he argues, for example, that his "design, at most, was to take pictures of his girlfriend licking the penis of a baby"—serve only to cast the underlying moral void in high relief.

In addition, both the Eleventh and Ninth Circuits have rejected Eighth Amendment disproportionality challenges to the Travel Act's 30-year mandatory sentence. See United States v. Farley, 607 F.3d 1294, 1336-1346 (11th Cir.), cert.denied, __ U.S.__, 131 S. Ct. 369 (2010); United States v. Schumaker, 479 Fed. App'x 878, 886 (11th Cir.) (applies Farley), cert.denied, __ U.S.__, 133 S. Ct. 387 (2012); United States v. Lyons, 363 Fed App'x 485 (9th Cir. 2010) (memorandum disposition); United States v. Lamere, 337 Fed. App'x 669 (9th Cir.) (memorandum disposition), cert.denied, 558 U.S. 977 (2009). In rejecting Baslan's challenge, the Court is guided by these holdings, especially the Eleventh Circuit's considered discussion in

---

[3] Baslan's submission of comprehensive sentencing data obviously reflects his misguided reading of Solem v. Helm, 463 U.S. 277 (1983), which by its terms invites but does not mandate the multi-jurisdictional analyses he advances. See Solem, 463 U.S. at 291 ("*it may be helpful* to compare the sentences imposed on other criminals in the same jurisdiction. . . . [and] *courts may find it useful* to compare the sentences imposed for commission of the same crime in other jurisdictions") (emphases added).

[4] The Court writes for the parties, whose familiarity with the facts can be assumed.

3

Farley, where the facts were remarkably similar to those presented here. See also United States v. Puglisi, 458 Fed. App'x 31, 35 (2d Cir.) (rejects Eighth Amendment challenge to 15-year mandatory minimum for attempted production of child pornography, citing Farley approvingly), cert.denied, __ U.S.__, 132 S. Ct. 2410 (2012).

Resolution of Baslan's post-trial Massiah/Weatherford claim begins and largely ends with this Court's discussion of these same Sixth Amendment issues in the memorandum and order denying Baslan's pre-trial motion to dismiss. United States v. Baslan, 2014 WL 3490682 (E.D.N.Y. July 11, 2014). Baslan "ask[s] the Court to re-examine its pre-trial determination that the 'spy-in-the-camp' corollary to the Massiah rule was not violated because Baslan did not discuss his trial strategy with his first and current counsel, and instead, only discussed it with a 'Rabbi' and that, therefore, the Court had 'serious doubts that the attorney-client relationship was implicated at all." Baslan Memorandum at 58. He also "ask[s] the Court[] to reconsider its conclusion that 'Baslan confirmed that he never discussed his defense theories with his current attorney and gave no indication that he developed these theories in consultation with either his current or previous attorneys." Id. Finally, Baslan "ask[s] the Court to re-evaluate whether" its review of the two recorded jailhouse conversations between Baslan and CS-2 "was a sufficient record on which to deny Baslan's requested pre-trial Massiah hearing . . . and to grant him a post-trial hearing to expand the record." Id. at 59.[5]

The short answer to these requests is, no. Of course Baslan is now on the other side of his trial and conviction, but there has been no change in the material Sixth Amendment facts or law warranting a departure from this Court's earlier, considered ruling. In fact, Baslan himself

---

[5] Baslan states that he "take[s] no issue" with the branch of this Court's pre-trial decision holding that the only remedy for an undirected Massiah violation is the exclusion of any inculpatory statements Baslan made to CS-2 from the government's case-in-chief.

4

has retreated from the unwieldy reach of his earlier accusations, as he now concedes that there was no "*ab initio* deliberate intrusion by the government that was [sic] an intentional violation of Massiah." Indeed: the Court makes no secret of its view that the government's imperative to investigate, once it was alerted to the nature and scope of Baslan's plans to obstruct justice and commit a fraud upon this Court, largely disposes of Baslan's abstract and opportunistic Sixth Amendment claims. See United States v. Simels, 654 F.3d 161, 167 (2d Cir. 2011). In any event, the principal argument unavailable pre-trial that Baslan advances now—that the government's decision not to call "Jack" as a witness is proof or reason to suspect that it acquired privileged information—is without merit. Baslan made no secret of his plans to discredit Jack, having revealed them in his proffer and during recorded telephone calls to individuals other than his attorney. Baslan's motion otherwise fails to articulate a convincing theory of cognizable Weatherford injury warranting a hearing or other post-trial relief.

      For the foregoing reasons, Baslan's post-trial motions are denied in their entirety. Sentencing will proceed as scheduled on February 3, 2015 at 3:00 p.m.

SO ORDERED.

Dated: Brooklyn, New York  
       January 29, 2015

/s/ Judge Raymond J. Dearie  
_____  
RAYMOND J. DEARIE  
United States District Judge