# EPHRAIM SAVITT

*Attorney at Law*

| | |
|---|---|
| 260 MADISON AVENUE | PHONE: (212) 679- 4470 |
| Suite 2200 | FAX:    (212) 679- 6770 |
| NEW YORK, NEW YORK 10016 | EMAIL:EPHRAIM@SAVITTESQ.COM |

January 31, 2015

**BY ECF FILING AND EMAIL**

The Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Bebars Baslan
                   Criminal Docket No. 13-CR-220 (RJD)

Dear Judge Dearie:

At the risk of submitting one submission too many, I believe it is important for me to convey to the Court the following message to me that I received from Mr. Baslan after I sent him a copy of my Friday's adjournment request letter (ECF Document 177), and which he asked me to convey to the Court in *haec verba*:

> Please correct the message you sent, I am not hiring a lawyer to take over the case, but just to read over my submission and see if they make sense, something you promised to do, but time prevented it I am sure.
>
> They are not only sentencing submission but to preserve some issues so I can bring them up on appeal. All I need are few days, this move of time was not fair, after I have been given time to plan, then have that time taken away from me.

1

> Please, if anything just sent a sincere message to the judge that will buy me some time. All I ask the court to stick to the original time it set, or something close to it.
>
> This is not a Savitt bashing campaign, so you rest about the hard work you did.
>
> I am hoping beyond hope that you will do this.

It is not a "Savitt bashing campaign" that worries me. This is not, and should not be, about me. When a client asks me to do something for him, while saying "I am hoping against hope that you will do this," I take that request very seriously. Will Mr. Baslan's additional *pro se* submissions make a difference in sentencing or on appeal? I am not sufficiently gifted to know that and I certainly cannot foretell the future, thank heavens.

All I can do is convey my client's earnest request for a short sentencing adjournment to submit what he believes will make a difference. At the same time, all I can do, at this point, is to implore the Court to impose a total sentence of incarceration that does not exceed the statutory mandatory minimum 30 years for the Travel Act conviction. Even under the most jaundiced view of my client, and measured in the light least favorable to him, 30 years is a lot of punishment for what he did and the crimes for which he was convicted. If the government is looking for a high water mark in punishment for this genre of offenses, I respectfully maintain that this is not the right case in which to set that mark. None of the cases cited in the submissions, either of the parties or in the Orders of the Court, carried anywhere near that mark for the offense category in this case.

Will not the statutory sentencing goals of specific and general deterrence, protection of the public and rehabilitation of the offender not be satisfied with 30 years' imprisonment? I respectfully suggest that the right answer is yes.

I thank the Court for your courtesy and consideration.

Respectfully submitted,

/s/

Ephraim Savitt

Cc: Clerk of the Court (RJD)

    All counsel (ECF)

    Bebars Baslan (CorrLinks)