UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KRISTEN HENRY,

        Defendant.

- - - - - - - - - - - - - - - - - X

**DECLARATION**

13 CR 220 (RJD)

      I, Aaron Spivack, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

    1.    I am currently employed as a Special Agent with the FBI and am assigned to an FBI squad in the New York Field Office that investigates violent crimes against children.

    2.    I am the primary case agent responsible for the investigation in <u>United States v. Bebars Baslan and Kristen Henry</u>, 13-CR-220 (RJD).

    3.    On or about March 18, 2015, I received an email from AUSA Tiana Demas forwarding a voice message that Kristen Henry's mother, Cheryl Henry, had left for AUSA Demas that same day at approximately 5:45 p.m.

    4.    At some point during the evening of March 18, 2015, around approximately 9:00 p.m., AUSA Demas and I telephoned Cheryl Henry and spoke to her.

    5.    I did not take contemporaneous notes of this call. I generally recall the substance of the call and have reviewed emails on which I was cc'd briefly summarizing the call.

    6.    During the March 18, 2015 call with Cheryl Henry, I recall that Cheryl Henry had the mistaken impression that the government had offered Kristen Henry a plea offer to a charge that carried a 5-year mandatory minimum sentence.

7. AUSA Demas explained to Cheryl Henry that the government had never offered Kristen Henry a plea offer to such a charge and that Kristen Henry had not been charged with any crime that carried a mandatory minimum sentence of 5 years. AUSA Demas also made clear that all of the charges in the Indictment against Kristen Henry carried mandatory minimum terms of imprisonment of 10 years or more. AUSA Demas told Cheryl Henry that if anyone had told Cheryl Henry that Kristen Henry had been offered a plea to a 5-year mandatory minimum charge, that person was wrong.

8. AUSA Demas also told Cheryl Henry that the current plea offer, to a charge that carried a 10-year mandatory minimum sentence, was the only plea offer that the government had made and that the plea offer would not get better.

9. AUSA Demas explained to Cheryl Henry that because Kristen Henry had been in custody since March of 2013, were Kristen Henry to plead guilty to the charge that carried a 10-year mandatory minimum sentence, and were the Court to impose a 10-year sentence (which AUSA Demas told Cheryl Henry she could not predict), Kristen Henry would receive credit for the time she had already spent in custody. AUSA Demas also explained the concept of good conduct time, which would be subtracted from Kristen Henry's sentence, assuming Kristen Henry did not receive any disciplinary infractions while in custody. AUSA Demas also explained to Cheryl Henry that if Kristen Henry was eligible for and completed the Residential Drug Treatment Program offered by the BOP, then Kristen Henry could possibly be eligible for an additional one-year reduction of her sentence. AUSA Demas emphasized that the Bureau of Prisons was responsible for determining whether Kristen Henry would be eligible for the drug treatment program.

10. During this conversation, Cheryl Henry told me that when I met her during the summer of 2013 to pick up documents, I had told Cheryl Henry that I considered Kristen Henry to be a victim of her co-defendant, Bebars Baslan.

11. I recall responding to Cheryl Henry that while I believed that to some degree Kristen Henry had been victimized by Bebars Baslan, Kristen Henry was certainly responsible for her actions. I added that I did not think Kristen Henry was the same person as Bebars Baslan.

12. I vaguely remember Cheryl Henry stating that she and her husband (Kristen's dad) were going to drive from their home in Buffalo to Brooklyn the following morning (March 19) because they planned to visit Kristen at the Metropolitan Detention Center ("MDC") in Brooklyn.

13. AUSA Demas told Cheryl Henry that if Cheryl Henry and her husband went to the MDC to see Kristen on March 19, 2015, Kirsten would likely not be there, as she was scheduled to be produced in the Eastern District of New York. AUSA Demas suggested that Cheryl Henry contact Kristen Henry's attorney to work out the details of how they could best see Kristen Henry that day.

14. In general, I recall that Cheryl Henry did most of the talking during the call, which lasted approximately 10 to 15 minutes.

15. I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on: July 11, 2018
New York, New York

_____
Aaron Spivack
Special Agent, FBI