# Exhibit A

Redacted

# Exhibit B

I Bebars Baslan swear that the following is true and correct to the best of my recollection and knowledge under the panelty of purjury:

1. I am the defendant/petitioner in the above captioned case.

2. On July 24, 2014, I was convicted after trial in the Eastern District of New York. I was convicted at trial of four charges and pled guilty to a fifth charge on July 15, 2014. The top count against me was violating 18 U.S.C. §2241(c), 2 and 3551 (travel with intent to commit aggravated sexual abuse of a minor less than 12 years of age.). I was subsequently sentenced to 36 years in prison on that count.

3. This affidavit concerns events on the day I was arrested.

4. In the evening of March 19, 2013, I, along with Kristen Henry, left my apartment in Brooklyn, in order to meet Jack and three young children at a hotel in Jersey City, New Jersey.

5. My apartment in Brooklyn was located at 1153 Ocean Park in Midwood. In order to get to New Jersey that evening, Kristen and I drove through the Brooklyn-Battery Tunnel from Brooklyn to Manhattan, drove up the West Side Highway, and then took the Lincoln Tunnel from Manhattan to New Jersey. Upon my arrival at the hotel in New Jersey, I was arrested.

6. In order to get to New Jersey, we passed through Manhattan.

D. [signature] CSW 10/7/20

CASE MANAGER
AUTHORIZED BY THE ACT OF JULY 7, 1955,
AS AMENDED, TO ADMINISTER OATHS.
18 U.S.C. 4004

10-6-2020
Bebars Baslan
[signature]

# Exhibit C

- United States v. Gambino, 566 F.2d 414 (2nd Cir.): Government created a phony garbage collection business in the Bronx with ties to interstate commerce. Conviction was upheld because the "activities of the [phony business] were necessarily wedded to interstate commerce" and because "no one asked [the defendant] to threaten the FBI agent [posing as the business owner] or hit him on the head." In this case, New Jersey was a last minute add-on; it had no substantive value to accomplish the crime. The defendant, the informant, and the proposed victims were all from the same neighborhood in Brooklyn. This was not a case where the victims were from NJ and the defendant had to cross state lines to meet them. The government claimed that it chose NJ to demonstrate that the defendant would take a substantial step. That is without merit. ==Considering the geography of the area, leaving Brooklyn through Battery Tunnel, driving a few blocks and immediately taking the Holland tunnel was the fastest and the cheapest way out of Brooklyn,== and probably faster to get to (considering local traffic) to any of the local brand name hotels that the defendant can think of in Brooklyn, Queens, or Manhattan. The government could have established what it claimed by choosing Staten Island, which would have taken more time and twice the cost of tolls. Or even Manhattan. Also, given the nature of the Tri-State area, it is not unusual for motorists to jump out of one side of Manhattan, drive through NJ, and get back into the upper parts of the city. Additionally in Gambino, the defendant, of his own volition, took the step to threaten the company.