MEB:ADW
F. #2019V02366

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                            13-CR-220 (RJD)

BEBARS BASLAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW

SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Andrew Wang
Assistant U.S. Attorney
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

   I.  Venue Existed in the Eastern District of New York for Count One ................................... 2

   A.  Applicable Law .................................................................................................................. 2

   B.  The Defendant Crossed into New Jersey from the Eastern District of New York With the Required Intent .................................................................................................................. 3

   C.  The Defendant Performed Several Substantial Steps in the Eastern District of New York 4

   D.  In Section 2241(c) Cases, Venue Generally Exists in the District Where a Defendant Begins His Travel ............................................................................................................... 9

   II.  The Defendant Suffered No Prejudice ............................................................................ 10

CONCLUSION ............................................................................................................................. 14

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in response to the defendant's supplemental memorandum of law, see ECF No. 280 ("Def. Supp. Br."), in support of his petition pursuant to 28 U.S.C. § 2255, see ECF No. 265 (the "Petition").[1] In his latest submission, the defendant continues to argue that his trial counsel was ineffective for failing to dismiss Count One of the indictment in this case, which charged the defendant with traveling with intent to commit aggravated sexual abuse of a minor under the age of 12, in violation of 18 U.S.C. § 2241(c). The only issue raised in the defendant's supplemental memorandum is whether venue existed in the Eastern District of New York for Count One. Because venue unquestionably existed in the Eastern District, any motion by the defendant's trial counsel to dismiss Count One on that basis would have failed. As such, the defendant's ineffective assistance argument fails.

Alternatively, even assuming that a motion to dismiss Count One for lack of venue would have succeeded, the defendant fails to demonstrate prejudice. Any dismissal would have been without prejudice, and the government would have refiled Count One in either the Southern District of New York or the District of New Jersey. Hence, the defendant would have faced the same charges and the same evidence, but in two courts instead of one. Under those circumstances, it would not have been reasonably probable that the result of the proceeding would have been different.

---

[1] The government incorporates by reference its earlier memorandum in opposition to the Petition, including the factual recitation and legal arguments contained therein. See ECF No. 271.

1

For these reasons, as discussed in more detail below, the Court should deny the Petition.

## ARGUMENT

I. Venue Existed in the Eastern District of New York for Count One

    A. Applicable Law

"Both the Sixth Amendment and Federal Rule of Criminal Procedure 18 require that defendants be tried in the district where their crime was 'committed.'" United States v. Ramirez, 420 F.3d 134, 138 (2d Cir. 2005) (citing U.S. Const. amend. IV, and Fed. R. Crim. P. 18). Title 18, United States Code, Section 3237(a) states: "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Traveling with intent to commit aggravated sexual abuse of a minor under the age of 12, in violation of 18 U.S.C. § 2241(c), is a continuing offense and may be properly tried in any district where an essential conduct element of the offense began, continued or was completed. See United States v. Morgenstern, 725 F. App'x 546, 549 (9th Cir. 2018) (affirming Section 2241(c) conviction). Furthermore, "[b]ecause venue is not an element of a crime, the government need establish it only by a preponderance of the evidence at trial." United States v. Smith, 198 F.3d 377, 384 (2d Cir. 1999).

28 U.S.C. § 112(c) states, in pertinent part, that "[t]he Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York." As a result, offense conduct of crimes that transverse the waters surrounding both the Eastern and

2

Southern Districts of New York are sufficient to establish venue in the Eastern District of New York.  See United States v. Rutigliano, 790 F.3d 389, 397 (2d Cir. 2015) (stating that wires through the waters of the Eastern District of New York are sufficient to establish venue in the Southern District of New York because of joint jurisdiction over those waters) (citing United States v. Ramirez–Amaya, 812 F.2d 813, 816 (2d Cir. 1987) (concluding flight over "body of water that lies within the joint jurisdiction of the Southern and Eastern Districts of New York . . . was sufficient to make venue in the Southern District proper" for drug importation and conspiracy charges)); see also United States v. Kirk Tang Yuk, 885 F.3d 57, 72 (2d Cir. 2018) (concluding that travel in furtherance of a drug conspiracy over the Verrazano-Narrows Bridge from Staten Island to Brooklyn, passing over the channel of water known as the "Narrows" over which there is concurrent jurisdiction between the Southern and Eastern Districts of New York, was sufficient to establish venue in the Southern District of New York).

      B. The Defendant Crossed into New Jersey from the Eastern District of New York With the Required Intent

When the defendant crossed the state line between New York and New Jersey with the intent to commit sexual abuse, he did so from the Eastern District of New York. This is because notwithstanding that the Holland Tunnel connects Manhattan to New Jersey, the territorial waters that surround Manhattan and the Holland Tunnel include the Eastern District of New York.  See 28 U.S.C. § 112(c) (the "Eastern District comprises . . . concurrently with the Southern District, the waters within the counties of Bronx and New York"); Def. Supp. Br. at 3, 9 (defendant traveled from Manhattan into New Jersey via the Holland Tunnel).  Crossing a state line with the necessary mental state is a key conduct

3

element of the crime charged in Count One. Thus, because the defendant crossed state lines into New Jersey by traveling through the waters surrounding Manhattan, venue for Count One existed in the Eastern District of New York. See 18 U.S.C. § 3237(a); Rutigliano, 790 F.3d at 397; Ramirez–Amaya, 812 F.2d at 816; Kirk Tang Yuk, 885 F.3d at 72.

### C. The Defendant Performed Several Substantial Steps in the Eastern District of New York

As the defendant recognizes, one of the other conduct elements of Count One was attempting to engage in a sexual act with a person under the age of 12. See 18 U.S.C. § 2241(c); Def. Supp. Br. at 13 ("The essential conduct elements of Count 1 . . . [include] the attempt to engage in a sexual act with a minor."). Hence, so long as the defendant performed any acts constituting that offense conduct within the Eastern District of New York, venue existed in that district. See 18 U.S.C. § 3237(a); United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999); United States v. Thompson, 896 F.3d 155, 171 (2d Cir. 2018). Because the offense conduct is defined as an attempt, the only issue is whether the defendant performed within the Eastern District of New York one or more substantial steps towards completing the offense. See United States v. Crowley, 318 F.3d 401, 408 (2d Cir. 2003) (noting that the Second Circuit has adopted the "substantial step" standard derived from the American Law Institute's Model Penal Code).

A substantial step must be more than mere preparatory conduct, "yet must be less than the last act necessary before the actual commission of the substantive crime." Id. (citation omitted). Moreover, a substantial step necessary to prove attempt should be "strongly corroborative of the firmness of the defendant's criminal intent." United States v. Desposito, 704 F.3d 221, 231 (2d Cir. 2013) (citation omitted). There are "no bright line

4

rules for determining what actions amount to a 'substantial step,'" id. at 232-33, and "whether specific conduct constitutes a substantial step depends on the particular facts of each case viewed in light of the crime charged," id. at 231 (citation and internal edits omitted).

The defendant performed within the Eastern District of New York multiple substantial steps towards engaging in a sexual act with someone less than 12 years old, and all of them strongly corroborated "the firmness of [his] criminal intent." Id. Specifically, the defendant had his co-defendant obtain Benadryl in Brooklyn, gave Benadryl and orange juice to the CI in Brooklyn, instructed the CI (in Brooklyn) to give Jane Doe 1 more than the recommended dose of Benadryl, and then spoke with the CI over the phone before leaving Brooklyn. (PSR ¶ 13). As the trial evidence showed in great detail, the defendant's plan was to have the CI sedate Jane Doe 1 with the Benadryl (mixed with orange juice) to make it easier to sexually abuse the child when the defendant arrived at the hotel in New Jersey. In that context, the defendant's acts were substantial steps because they were "adapted to, approximated, and in the ordinary and likely course of things would result in, the commission of the particular crime." United States v. Abdallah, 528 F. App'x 79, 83 (2d Cir. 2013) (internal edits omitted).

The Second Circuit's reasoning in Abdallah applies here. In that case, Kamal Abdallah called a cooperator who was located in the Eastern District of New York to discuss the price of two stocks targeted in a securities fraud scheme, the target price at which he wanted to sell, the number of shares the cooperator should purchase, and the amount of the cooperator's kickback. Abdallah, 528 F. App'x at 81. Ultimately, the cooperator did not purchase any shares. Abdallah later challenged the existence of venue in the Eastern District

5

of New York for a securities fraud attempt charge against him, arguing that the phone call was merely preparatory. Id. at 82. The Second Circuit rejected this argument and held that the phone call was a substantial step because it was done in the context of "an executed and ongoing scheme to defraud a number of victims" where Abdallah was calling the cooperator to "put the previously agreed scheme into operation against a new victim." Id. at 83. The court also found significant that the call strongly corroborated Abdallah's intent to commit securities fraud.

Here, the defendant's actions in Brooklyn similarly were designed to "put the previously agreed scheme into operation against a . . . victim." Abdallah, 528 F. App'x at 83. The defendant had schemed with the CI over an extended period of time to procure and sexually abuse children. On March 19, 2013, the defendant attempted to execute that plan by giving the CI a sedative and coordinating his plan to drug Jane Doe 1 through an in-person conversation and a phone call, all of which occurred while the defendant was in Brooklyn. His actions and instructions were similar to those of Abdallah in that they were meant to facilitate his plan and corroborated his intent. The defendant's actions were thus "adapted to, approximated, and in the ordinary and likely course of things would result in" his engaging in a sexual act with a child under 12 years old. Id. at 83. And just as in Abdallah, it is irrelevant that the defendant ultimately failed in his attempt. The cooperator in Abdallah did not purchase shares at Abdallah's direction, making Abdallah's actions an attempt and not a completed act of securities fraud. Here, the defendant was arrested after he crossed state line with the intent to commit sexual abuse but before he actually could abuse Jane Doe 1, making his actions an attempted sexual act with a child. That is all that is required to establish venue. Cf. United States v. McDarrah, 351 F. App'x 558, 564 (2d Cir. 2009)

(communications with undercover officer who defendant believed to be a minor went beyond mere preparation, exhibited intent to engage in sexual conduct, and constituted substantial step in Section 2422(b) enticement prosecution); United States v. Howard, 766 F.3d 414, 426-27 (5th Cir. 2014) (instructions to undercover officer to perform sex acts on and procure birth control for intended female victims to "get them ready for [defendant]," in combination with other evidence regarding intent and planning, were a substantial step in Section 2422(b) enticement prosecution); United States v. Holley, 819 F. App'x 745, 748-49 (11th Cir. 2020) (in Section 2422(b) prosecution, "travel—even intrastate travel—is evidence of a substantial step because it corroborates a defendant's culpability and demonstrates that his conduct was criminal").

        The defendant implausibly argues that purchasing Benadryl was not part of the crime, took place before the crime began, did not make the crime more or less likely, and was not related to any element of the crime. Def. Supp. Br. at 12-13. However, this argument not only ignores the other actions that the defendant performed in the Eastern District of New York, but also fails on its own terms. As discussed above, buying Benadryl was a substantial step towards abusing Jane Doe 1, proving the essential conduct element of attempted sexual abuse of a child under the age of 12. It should also go without saying that buying Benadryl and handing it to an accomplice to sedate a young child would make the planned sexual abuse more likely to occur.[2]

---

[2] In this vein, the defendant defines an attempt to engage in a sexual act with a child far too narrowly. See Def. Supp. Br. at 9-10 ("The engaging or attempting to engage in a sexual act with a child took place at the hotel in Jersey City, in the District of New Jersey."). It is black letter law that a substantial step can occur well before "the last act necessary before the actual commission of the substantive crime." Crowley, 318 F.3d at 408.

7

Nor does the defendant's cited legal authority support his argument. In <u>United States v. Ramirez</u>, 420 F.3d 134 (2d Cir. 2005), the Second Circuit found venue did not exist in the Southern District of New York for visa fraud charges because sending certain documents to a government office in the Southern District (which were later attached to the false visa applications) was preparatory and occurred before the offenses began. <u>Id.</u> at 141. However, the essential conduct elements of these charges were making or subscribing to false statements, or otherwise presenting documents containing such statements. <u>Id.</u> at 140. There was, in other words, no attempt element among the essential conduct elements. The Second Circuit thus had no occasion to assess whether mailing documents later used in the fraud might have constituted a "substantial step."

<u>United States v. Tzolov</u>, 642 F.3d 314 (2d Cir. 2011) is likewise distinguishable. There, the Second Circuit found that venue did not exist in the Eastern District of New York for a substantive securities fraud count where the defendant merely boarded planes at John F. Kennedy International Airport on his way to investors that he subsequently defrauded. <u>Id.</u> at 319. But there, the <u>only</u> connection between the securities fraud and the Eastern District of New York was the defendant's use of the airport. By contrast, the defendant resided in the Eastern District of New York, formed the intent to commit the crime while in the Eastern District of New York and performed multiple acts relating to Count One in the Eastern District of New York, including his procurement of Benadryl, giving the Benadryl to the CI, and his calls with the CI. And unlike in <u>Tzolov</u>, the defendant's actions in this district all corroborated his intent to sexually abuse a child under

8

the age of 12, whereas taking flights from JFK in Tzolov had no direct connection to intent to defraud investors.

### D. In Section 2241(c) Cases, Venue Generally Exists in the District Where a Defendant Begins His Travel

Some courts have also found that venue generally exists in the district where a defendant begins his travel in connection with violating Section 2241(c), even if no abuse actually occurred in the originating district. For example, in United States v. Morgenstern, 725 F. App'x 546 (9th Cir. 2018), Craig Morgenstern was convicted of multiple counts of aggravated sexual assault, in violation of Section 2241(c). Morgenstern had traveled from the Eastern District of Washington to other states on multiple occasions to commit sexual abuse of young boys and recorded the abuse. The Ninth Circuit upheld venue in the Eastern District of Washington because a "rational jury could reasonably infer that Morgenstern travelled from Washington to Mississippi—bringing cameras, tripods, and video games he did not play—with a motivating purpose of sexually abusing Person A." Id. at 549. Hence, although the actual abuse in Morgenstern occurred in other districts, the Ninth Circuit found that the offense began in the Eastern District of Washington. Critical to the court's analysis was the fact that the equipment Morgenstern carried in his car when he drove from the Eastern District of Washington all corroborated his intent to commit sexual abuse elsewhere.

Similarly, in Cruz v. United States, Case No. 15-cv-3188, 2017 WL 3070843 (N.D. Ill. July 19, 2017), Bobby Cruz traveled from Des Plaines, in the Northern District of Illinois, to St. Louis, in the Eastern District of Missouri, where he intended to sexually abuse a child. The defendant then pleaded guilty to, among other things, one count of violating Section 2241(c). The district court later rejected a venue challenge, finding that Cruz's

9

offense began in the Northern District of Illinois. Id. at *5. Notably, in traveling to the Eastern District of Missouri, Cruz must have traveled through at least one other district in Illinois before reaching his destination. In other words, even though the defendant did not cross state lines when he left the Northern District of Illinois, the district court still found that venue existed in that district.

In this case, the defendant's travel from Brooklyn to Jersey City with camera and computer equipment in his car—i.e., evidence of his intent—demonstrates that the offense began in the Eastern District of New York, and venue is appropriate here. See Morgenstern, 725 F. App'x at 549. In addition, even if the defendant did not cross state lines from the Eastern District of New York (which he did—see supra), that fact would not defeat venue in this district. See Cruz, 2017 WL 3070843 at *5.

For the reasons described above, any argument regarding venue would have been futile. Thus, any failure by the defendant's trial counsel to raise such an argument did not constitute ineffective assistance of counsel. See United States v. Noble, 363 F. App'x 771, 773 (2d Cir. 2010) (an attorney's "failure to make a meritless argument does not amount to ineffective assistance") (internal quotation marks omitted).

II.     The Defendant Suffered No Prejudice

Even assuming arguendo that venue for Count One did not exist in the Eastern District of New York, the defendant's ineffective assistance claim must fail because he suffered no prejudice. The defendant asserts that had the Court dismissed Count One, there would have been a reasonable probability that the result of the proceeding would have been different in that the defendant would have pleaded guilty to the other counts and faced less jail time. Def. Supp. Br. at 14-15 (citing Strickland v. Washington, 466 U.S. 668 (1984));

10

see also Strickland, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Had Count One disappeared from the case, there indeed may have been a different result in this proceeding. However, the defendant's argument rests on the false premise that a dismissal of Count One would have been with prejudice. The defendant is wrong. Any dismissal would have been without prejudice, Count One would have been refiled in another district, and the result of the proceeding thus would not have been different because the evidence against the defendant as to Count One was overwhelming.

As the defendant admits, prosecution on Count One could have proceeded in the Southern District of New York or the District of New Jersey. See Def. Supp. Br. at 9 ("Venue therefore indisputably existed in the Southern District of New York and the District of New Jersey, the districts from which and to which Mr. Baslan crossed state lines."). Under those circumstances, "[e]ven assuming venue in the [Eastern] District of New York was improper, there is no reason to believe that [the defendant's] counsel's failure to object was unreasonable, or that [the defendant] was prejudiced by the error." United States v. Omoruyi, 7 F. App'x 6, 9 (2d Cir. 2001) (citation omitted). This is because a dismissal for venue "would have resulted simply in a trial in [another district court]." United States v. Boney, 572 F.2d 397, 401 n.6 (2d Cir. 1978); cf. Chambliss v. United States, 384 F. App'x 897 (11th Cir. 2010) (finding that trial counsel's failure to move to dismiss indictment for violation of Speedy Trial Act, while erroneous, did not prejudice defendant because charges could have been refiled).

In Boney, Annette Boney challenged her conviction in the Eastern District of New York for possessing with intent to distribute a schedule II controlled substance. The

11

count of conviction arose from Boney's shipment of approximately 20 kilograms of drugs from Texas to JFK International Airport. The government asserted venue in the Eastern District of New York based on a theory that Boney constructively possessed the drugs in this district, even though she remained in Texas before, during and after the shipment. See Boney, 572 F.2d at 400. While the Second Circuit found on appeal that Boney had waived any objections to venue, it remarked in a footnote that counsel's failure to challenge venue was understandable because "that would have resulted simply in a trial in a Texas District Court." Id. at 401 n.6.

The Second Circuit later reaffirmed that logic in Omoruyi. In that case, Austin Omoruyi pleaded guilty in the Southern District of New York to an illegal reentry charge, though he was "found" in Brooklyn. See Omoruyi, 7 F. App'x at 7. Omoruyi argued that his counsel was ineffective because he did not object to venue in the Southern District of New York. The Second Circuit held that even if venue was improper, Omoruyi suffered no prejudice, citing Boney for the proposition that the government simply could have tried the case in the district where venue existed. Id. at 2.

These cases stand for the proposition that even where venue does not exist for a particular charge in a prosecuting district, failure to object to venue is not necessarily prejudicial under Strickland if the charge could have been refiled and tried in an appropriate district. That is precisely the case for Count One. Had the Court dismissed Count One for lack of venue, the government easily could have refiled that count in the Southern District of New York or the District of New Jersey. In a trial in either district, the government's proof and the defendant's sentencing exposure would have been the same as what the defendant faced in the Eastern District of New York. Therefore, contrary to the defendant's claim that

12

a dismissal motion would have altered his entire defense strategy, such a motion simply would have inconvenienced the government into trying the defendant in two separate courts. In short, the defendant was not prejudiced, and his ineffective assistance claim fails on this basis as well.[3]

---

[3] Cornell v. Kirkpatrick, 665 F.3d 369 (2d Cir. 2011), Def. Supp. Br. at 14, is not to the contrary. In that case, Jason Cornell was charged in a New York state court indictment with raping Victim #1 and Victim #2, but the trial evidence showed that he assaulted them in two different counties—Ontario County and Monroe County, respectively. Nevertheless, New York State tried Cornell only in Ontario County. The Second Circuit found that trial counsel was deficient because he did not challenge venue, "allow[ing] for the allegations of both victims to be tried simultaneously." Id. at 383. The resulting prejudice was strong, as the evidence of Cornell's assault of Victim #2 was relatively weak, such that failing to object to venue "allowed the stronger evidence presented as to Victim #1's alleged rape to be heard contemporaneously with the weaker evidence concerning Victim #2." Id. at 382.

None of the prejudice concerns in Cornell exist in the case against the defendant. The evidence for Count One was largely the same as for Counts Two, Three and Four. Accordingly, even if Count One had been dismissed by this Court and tried in another district, the defendant would have confronted the same proof and the same sentencing exposure in that proceeding.

13

CONCLUSION

For the reasons set forth above, the government respectfully submits that the Court should deny the defendant's petition in its entirety.

Dated:   Brooklyn, New York
         December 16, 2020

                                        Respectfully submitted,

                                        SETH D. DuCHARME
                                        ACTING UNITED STATES ATTORNEY
                                        Eastern District of New York
                                        Attorney for Plaintiff
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                        By:   /s/ Andrew Wang
                             Andrew Wang
                             Assistant United States Attorney
                             (718) 254-6311