

August 6, 2021

**BY ECF**
Hon. Raymond J. Dearie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Bebars Baslan,* 13-Cr-220 (RJD)

Dear Judge Dearie:

On April 5, 2021, pursuant to 18 U.S.C. § 3582(c), I filed a motion for a reduction of sentence on behalf of Mr. Baslan. The government submitted its opposition on July 9, 2021. I write now to briefly reply to the government's response, and to urge the Court, yet again, to reduce Mr. Baslan's sentence to a more reasonable term of imprisonment.

There are essentially two surprising or unexpected aspects to the government's response. First, the government urges the Court to ignore *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), and to consider Mr. Baslan's motion only if it is consistent with USSG § 1B1.13. That is, of course, not the law, and it is, frankly, startling that the government asks the Court to ignore clear precedent from the Second Circuit under the theory that "*Brooker* was wrongly decided." Govt. Opp. at 8.

Second, seemingly in its effort to portray Mr. Baslan as an irredeemable sexual predator, the government rehashes allegations of sexual abuse made against Mr. Baslan by two women in Buffalo in 2005 and 2006. *See* Govt. Opp. at 5-6. However, as the government well knows, the Court made very clear at the sentencing that it was not taking these allegations into account for sentencing purposes, stating: "I don't know why there is such a focus of such attention in that regard in the sentencing. I can tell you right off the bat, they've got nothing to do with my judgment here. . . It's ancient history." Sentencing Transcript at 12, Exhibit A to original motion. If the Court declined to consider these allegations at the sentencing in February 2015, why would it consider them now?

Otherwise, the government's response is not surprising. It emphasizes that because Mr. Baslan has been vaccinated, and because Covid infection rates have drastically decreased in federal prisons, his basis for a sentence reduction under 18 U.S.C. § 3582(c) is no longer valid. Setting aside the unknown future risks the Delta variant or other Covid mutations may bring to the vaccinated population generally, and the inmate population specifically, it should be clear that Mr. Baslan's motion is not primarily based on his susceptibility to complications if infected

by Covid; rather it is a combination of factors, including the horrific conditions of Mr. Baslan's confinement and his rehabilitation that allow for a finding extraordinary and compelling reasons for a sentence reduction. As Judge Ross recently stated "[a] confluence of factors may establish extraordinary and compelling reasons in … combination." *United States v. Qadar*, No. 00-CR-603 (ARR), 2021 WL 3087956, at *11 (E.D.N.Y. July 22, 2021) (internal citations and quotation marks omitted). She went on to note that "[r]egardless of defendants' vaccination status, courts reviewing motions for sentence modifications have considered the extent to which onerous lockdowns and restrictions imposed by correctional facilities attempting to control the spread of the virus have made sentences harsher and more punitive than would otherwise have been the case." *Id.* at 8 (internal citations and quotation marks omitted). *See also United States v. Reiter*, No. 87-CR-132 (VSB), 2021 WL 1424332, at *8 (S.D.N.Y. Apr. 15, 2021) ("although the vaccine diminishes COVID-19 itself being an extraordinary and compelling reason for a reduction in Reiter's sentence, I agree with Judge Rakoff's recent recognition that 'the pandemic, aside from posing a threat to [Reiter's] health, has made [Reiter's] incarceration harsher and more punitive than would otherwise have been the case.'") *quoting United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020); *United States v. Mcrae*, No. 17-CR-643 (PAE), 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021) ("[A] day spent in prison under extreme lockdown and in well-founded fear of contracting a once-in-a-century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison.").

      The government also focuses, not unexpectedly, on Mr. Baslan's crime and his character, both of which were abhorrent. His crime was abhorrent because of the callousness, the lack of concern he had for the children he and his co-defendant intended to abuse. Thus, even though the crime was a sting operation and could not have actually occurred, Mr. Baslan's willingness and intent to commit the crime, along with his failure to accept responsibility and general repugnant nature deserved, in the Court's view, a sentence of 36 years.[1]

      All of the arguments about Mr. Baslan's crime and nature were considered by the Court and were reflected in the Court's sentence. What is before the Court now, 6 ½ years later, is a different question: does Mr. Baslan's sentence deserve a second look? Is the harshness of the sentence, reasonable in 2015, still consistent with justice in light of the horror of Mr. Baslan's conditions of confinement during the last 18 months, his susceptibility to complications if he is the victim of a break-through infection of Covid, his demonstrated and extraordinary efforts toward rehabilitation, and his genuine, albeit belated, remorse and acceptance of responsibility?

      The answers to these questions do not reside in criminal statutes or legal precedent. Clearly the Court is empowered to reconsider Mr. Baslan's sentence if it so chooses. The answers to those questions rest entirely in the Court's considered judgment. A judgment whether mercy and compassion have a place under these circumstances. Whether abhorrent

---

[1] Given that no actual children were abused by Mr. Baslan, I understand the Court's comments at sentencing about the lasting harm to child victims of sexual abuse to be about the horrors of such crimes generally. *See* Sent. Tr. at 22 ("I am concerned about your conduct, reprehensible conduct -- conduct that keeps punishing these victims every day. The murder victim rests in peace. These victims never have that opportunity."). Children are harmed, of course, in the creation of child pornography, but Mr. Baslan only possessed and did not create such material, and would never have received a sentence even half as long for the possession of child pornography.

people are capable of change. Whether they are deserving of a modicum of sympathy and benevolence.

Only the Court can answer these questions. Mr. Baslan is not asking for release, or anything close to it. He is asking to have a chance of some kind of life outside of prison bars some day. The reasons for asking for this chance can all be found in Mr. Baslan's original motion and exhibits. Based on these circumstances, I respectfully urge the Court to join the other courts that have reconsidered extreme sentences in light of the pandemic's impact and the extraordinary rehabilitative work done by some of those defendants, and to reduce Mr. Baslan's term of imprisonment to one that is sufficient but not greater than necessary to satisfy the sentencing factors of 18 U.S.C. § 3553(a).[2]

Thank you for your consideration.

Respectfully submitted,

/s/

Florian Miedel
*Attorney for Bebars Baslan*

Cc:   AUSA Andrew Wang (by ECF)

---

[2] *See e.g. Qadar*, No. 00-CR-603 (ARR), 2021 WL 3087956 (E.D.N.Y. 7/22/21) (reducing life sentence for murder for hire to approximately 24 years); *Rodriguez*, 492 F. Supp. 3d 306 (S.D.N.Y. 2020) (reducing life sentence for brutal torture murder of government informant to 30 years); *United States v. Quinones*, No. 00 CR. 761-1 (JSR), 2021 WL 797835, at *5 (S.D.N.Y. Feb. 27, 2021) (reducing life sentence for brutal torture murder to 35 years).