UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

       - against -                                  **MEMORANDUM AND ORDER**

BEBARS BASLAN,                               Case No. 13-CR-220

       Defendant.
-------------------------------------------------------- X

DEARIE, District Judge

      In July 2014, a jury found defendant Bebars Baslan guilty on four counts of a five-count indictment: traveling with intent to commit aggravated sexual abuse of a minor; conspiring to sexually exploit a child; attempting to sexually exploit a child; and attempting to coerce or entice a child to engage in illegal sexual activity. See Jury Verdict, Dkt. No. 135. These convictions resulted from Mr. Baslan's plan to drug and sexually abuse three children (aged 8-years, 18-months, and 3-months) while taking pictures and videos of the abuse. See Presentence Investigation Report, Dkt. No. 210, ¶¶ 5-8. Prior to trial, Mr. Baslan pled guilty to possession of child pornography. See Criminal Cause for Pleading, Dkt. No. 128; Indictment, Dkt. No. 12. On February 27, 2015, this Court sentenced Mr. Baslan to 36 years, or 432 months, of imprisonment. Mr. Baslan now moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c) due to the COVID-19 pandemic and Mr. Baslan's efforts at rehabilitation. See Baslan Mot., Dkt. No. 285, at 1; Baslan Br., Dkt. No. 286, at 2-3. For the following reasons, the motion is DENIED.

      The Court assumes the parties' familiarity with Mr. Baslan's trial, post-conviction filings, and the related decisions of this Court and the Second Circuit Court of Appeals. Mr. Baslan's Motion to Vacate pursuant to 28 U.S.C. § 2255 is pending before this Court and will be addressed separately. See Motion to Vacate, Dkt. No. 265.

**LEGAL STANDARD**

A court may reduce a criminal defendant's sentence upon a showing that: (1) he has exhausted all administrative remedies; (2) extraordinary and compelling reasons warrant a reduction; (3) the factors outlined in 18 U.S.C. § 3553(a) support reduction; and (4) reduction is consistent with Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); United States v. Thrower, 495 F.Supp.3d 132, 137 (E.D.N.Y. 2020) (defendant bears burden of proof). In evaluating whether "extraordinary and compelling reasons" exist, a court may consider "the full slate" of reasons a defendant might present. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit . . . is that rehabilitation alone shall not be considered an extraordinary and compelling reason." Id. at 237-38 (cleaned up). Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it must further find that the 18 U.S.C. § 3553(a) factors warrant a sentence reduction. See United States v. Gotti, 433 F.Supp.3d 613, 615 (S.D.N.Y. 2020) ("The court confronted with a compassionate release motion . . . may deny such a motion if . . . [the] Section 3553(a) factors override . . . what would otherwise be extraordinary and compelling circumstances.").

**DISCUSSION**

(1) Administrative Exhaustion

Mr. Baslan's request for compassionate release was denied by the warden of U.S.P. Tucson on February 26, 2021. Baslan Br. Ex. D, Dkt. No. 286, at 1. As the Government concedes, the exhaustion requirement is therefore satisfied. See Opp. Br., Dkt. No. 288, at 10.

(2) Extraordinary and Compelling Reasons

Mr. Baslan argues that harsh prison conditions and his risk of illness associated with the COVID-19 pandemic, alongside his rehabilitation, constitute extraordinary and compelling

reasons under § 3582(c)(1)(A)(i). While the Court recognizes the risks associated with COVID-19 in the prison context and appreciates Mr. Baslan's apparent commitment to rehabilitation, his arguments are unpersuasive.

*(a) COVID-19*

Mr. Baslan is currently serving his sentence at U.S.P. Tucson. As Mr. Baslan details, U.S.P. Tucson has experienced outbreaks of COVID-19, and eleven inmates at the facility have died from the disease. See BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited Oct. 26, 2021). However, the outbreak is now under control: as of October 26, 2021, U.S.P. Tucson has no inmates and only one staff member with a positive case of COVID-19. See id. These low positivity rates indicate that Mr. Baslan, who has been vaccinated, does not currently face a serious risk of contracting COVID-19 at U.S.P. Tucson. Mr. Baslan also describes the difficult conditions at U.S.P. Tucson over the last year, including restrictions on his access to the outdoors, exercise, and programming. Baslan Br., Dkt. No. 286, at 8-9. However, these are conditions that all inmates have experienced, and they do not constitute extraordinary and compelling factors in Mr. Baslan's case. See, e.g., United States v. Johnson, No. 18-cr-907, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) (noting that pandemic prison restrictions "are circumstances that all inmates have had to endure"). Moreover, while these restrictions pose a hardship, they do not rise to the level of extraordinary and compelling.

Mr. Baslan states that he suffers from several medical conditions – Asthma, Hepatitis B, and Rheumatoid Arthritis – but he has failed to show that these conditions place him at a substantially increased risk of complications from COVID-19. While sufferers of moderate to severe asthma can experience serious symptoms from COVID-19, see People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

3

precautions/people-with-medical-conditions.html (last visited Oct. 27, 2021), the medical records submitted by Mr. Baslan do not suggest that his asthma is moderate or severe. Rather, his asthma is apparently well-controlled such that he uses an inhaler only on an "as-needed" basis. See Baslan Br. Ex. E, Dkt. No. 286, at 1; cf. United States v. Nickens, No. 5:11-cr-317(2), 2021 WL 4487824, at *2 (N.D.N.Y. Sept. 14, 2021) (granting § 3582 motion because defendant's asthma was "poorly controlled" and caused "daily coughing and wheezing," among other reasons). As Mr. Baslan acknowledges, his Hepatitis B infection is currently "dormant." Baslan Br., Dkt. No. 286, at 10. To treat his Rheumatoid Arthritis, Mr. Baslan receives weekly injections of the drug Abatacept. Baslan Br. Ex. E, Dkt. No. 286, at 3. Mr. Baslan's argument that this drug causes immunosuppression and puts him at greater risk of serious illness from COVID-19 is not supported by the medical documentation provided. Additionally, Mr. Baslan has been fully vaccinated against COVID-19 since January 2021. See Gov. Opp., Dkt. No. 288, at 7; Baslan Reply, Dkt. No. 289, at 1. Although vaccinated individuals remain susceptible to "breakthrough" infections, the vaccine significantly reduces the risk that Mr. Baslan may become severely ill from COVID-19.

For these reasons, the Court finds that the conditions of confinement and health risks resulting from the COVID-19 pandemic do not constitute extraordinary and compelling circumstances in Mr. Baslan's case.

*(b) Rehabilitation*

While Mr. Baslan acknowledges the Second Circuit's reminder to the district courts in Brooker that a defendant's rehabilitation cannot, standing alone, constitute an extraordinary and compelling reason to justify sentence reduction, his brief nevertheless dedicates many pages to describing the rehabilitation he has undergone since his sentencing. See Baslan Br., Dkt. No.

286, at 11-27; Baslan Br. Ex. G-JJ, Dkt. No. 286. As his brief details, Mr. Baslan has engaged in community programs as a participant and mentor, holds a job in the prison library, and claims to have made many other contributions while incarcerated. See id. Mr. Baslan has maintained a clean disciplinary record and his PATTERN risk assessment shows that he has a "minimum" risk of recidivism. Baslan Br. Ex. II, Dkt. No. 286, at 1-3.

Taking Mr. Baslan at his word, the Court credits his efforts to improve himself and others. However, even taken "in combination with other factors" described in Mr. Baslan's brief, his rehabilitation is not sufficient to constitute extraordinary and compelling circumstances. See United States v. Lewis, No. 10-cr-392-10, 2021 WL 1873154, at *2 (S.D.N.Y. May 10, 2021); United States v. Burman, No. 16-cr-190, 2021 WL 681401, at *6 (S.D.N.Y. Feb. 21, 2021). Mr. Baslan's efforts at rehabilitation apparently began with his participation in the Challenge Program in 2016, five years ago. See Baslan Br., Dkt. No. 286, at 13. Five years of rehabilitative efforts, such as they may be, in the context of a 36-year sentence do not merit the extraordinary consideration Mr. Baslan urges upon the Court. Additionally, in weighing Mr. Baslan's rehabilitation, the Court is mindful of Mr. Baslan's history of manipulative tactics. See, e.g., Baslan Br., Dkt. No. 286, at 11 (acknowledging "Mr. Baslan's talents as a manipulator"); Opp. Br., Dkt. No. 288, at 14.

Mr. Baslan argues that United States v. Rodriguez, 492 F.Supp.3d 306 (S.D.N.Y. 2020), supports his motion. But, in that case, the defendant's rehabilitation was supported by a track record of 20 years and 27 letters from prison officials. Id. at 311-12. Mr. Baslan's submissions do not convincingly demonstrate the same unwavering commitment to rehabilitation. Additionally, the COVID-related factors in Rodriguez were significantly more compelling: that case was decided in September 2020, before vaccines were available, and the defendant suffered

5

from severe health conditions that even the government conceded met the extraordinary and compelling "threshold." Id. at 310. Thus, Rodriguez is inapposite here.

(3) Section 3553(a)

Even if Mr. Baslan could establish extraordinary and compelling reasons justifying a reduced sentence, the 18 U.S.C. § 3553(a) factors would not warrant a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A). Such factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense; and the need to protect the public from further crimes of the defendant. Id.

Mr. Baslan's offenses were very serious: he was found guilty of traveling across state lines as part of an attempt to sexually abuse three children under the age of twelve, including a toddler and an infant. See Presentence Investigation Report, Dkt. No. 210, ¶ 5. As the Court made clear at sentencing, what Mr. Baslan did and attempted to do was "revolting." Sentencing Transcript, Dkt. No. 213, at 22. His 36-year sentence reflects the seriousness of this offense.

Mr. Baslan's history and characteristics also weigh against a reduction of sentence. A self-described manipulator, Mr. Baslan failed to take responsibility for his actions even after being found guilty on all counts by a jury. See Baslan Br., Dkt. No. 286, at 5 (acknowledging that Mr. Baslan behaved with "no appreciation for the seriousness of his crimes" at the time of sentencing); Presentence Investigation Report, Dkt. No. 210, ¶ 117. Additionally, Mr. Baslan was in his mid-thirties when his crimes occurred; this was not a youthful or isolated indiscretion. See Presentence Investigation Report, Dkt. No. 210, at 1.

Finally, § 3553(a) instructs this Court to consider the need to protect the public. The Court emphasized at sentencing in 2015 that Mr. Baslan's sentence was necessary "to protect

others from folks like [him]." Sentencing Transcript, Dkt. No. 213, at 23. Despite Mr. Baslan's claimed efforts at rehabilitation, the Court must consider that a 44-year-old, in mostly good health, and with a history of egregious conduct towards children, may still pose a danger to the community. Although Mr. Baslan has maintained a clean record while incarcerated, this track record hardly assures the Court that his continued imprisonment is no longer necessary to ensure the safety of the most vulnerable members of society. See United States v. Boyd, No. 13-cr-890, 2021 WL 2732011, at *3 (S.D.N.Y. May 26, 2020) (denying compassionate release for defendant whose sex trafficking crimes "preyed on vulnerable members of our society").

As of October 2021, Mr. Baslan has served approximately 80 months, or 18.5%, of his sentence. He has not yet served even half of the time the Court found appropriate under § 3553(a) at the time of sentencing; his projected release date is November 21, 2043. See BOP Inmate Locator, https://www.bop.gov/inmateloc/, (last visited Oct. 27, 2021). This is yet another reason why Mr. Baslan's motion must be denied under § 3553(a). See, e.g., United States v. Gomez, No. 18-cr-341, 2021 WL 3666158, at *5 (S.D.N.Y. Aug. 17, 2021) (collecting cases denying motions for compassionate release where defendants "had yet to serve the bulk of the sentences the Court had found necessary under § 3553(a), even where such defendants could point to heightened vulnerability to COVID-19 and/or to heightened rigors of imprisonment"); United States v. Callahan, No. 13-cr-453, 2021 WL 2661144, at *3 (E.D.N.Y. June 29, 2021) (releasing defendant who had served less than a third of his term of sentence would not be consistent with § 3553(a)); cf. United States v. Robles, No. 08-cr-1114, 2021 WL 3524067, at *7 (S.D.N.Y. Aug. 10, 2021) (emphasizing that compassionate release motions have often been granted to movants "who were near the end of their sentence").

Given these considerations, reducing Mr. Baslan's sentence would not be consistent with the § 3553(a) factors. At this time, the Court concludes that Mr. Baslan's sentence is sufficient and no greater than necessary to satisfy the requirements of § 3553(a).

(4) <u>Sentencing Commission Policy Statements</u>

The policy statements of the Sentencing Commission "essentially restate[] the requirements of the compassionate-release statute, adding only that a sentence reduction is warranted only if the defendant is not a danger to the safety of any other person or to the community." <u>United States v. Torres</u>, 464 F.Supp.3d 651, 659 (S.D.N.Y. 2020) (citing policy statement) (cleaned up). As discussed above, the factors in the compassionate release statute and concerns for the safety of the community counsel against granting Mr. Baslan's motion.

## CONCLUSION

Mr. Baslan's motion is denied.

SO ORDERED.

Dated:  Brooklyn, New York               /s/ Raymond J. Dearie_____
       October 27, 2021                              RAYMOND J. DEARIE
                                                              United States District Judge