UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                  **MEMORANDUM AND ORDER**

BEBARS BASLAN,                           Case No. 13-cr-220 (RJD)

                     Defendant.
---------------------------------------------------------------X

DEARIE, District Judge

      Bebars Baslan is serving a 36-year sentence this Court imposed in 2015 after he was convicted by a jury for crimes stemming from his detailed plan to drug and sexually abuse a three-month-old child, an eighteen-month-old child, and a seven-year-old child. The Second Circuit summarily affirmed his conviction and sentence in 2017.[1]

      Pending now is an application for relief pursuant to 28 U.S.C. § 2255 in which Baslan attacks the validity of his conviction through a claim of ineffective assistance of counsel. Baslan Br., ECF No. 280 at 2.[2] His application is denied.

      The Court assumes the parties' familiarity with Baslan's trial, post-conviction filings, and the related decisions of this Court and the Second Circuit Court of Appeals.

## LEGAL STANDARD

      A prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected on the grounds that it "was imposed in violation of the Constitution or laws of the

---

[1] Baslan's appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no viable issues to raise on appeal.

[2] The petition is timely. It is deemed filed as of August 12, 2019, see Motion to Vacate, ECF No. 265, which is within the September 18, 2019 deadline imposed by the Second Circuit following the Government's waiver of the one-year § 2255 statute of limitations, see United States v. Baslan, No. 15-512, ECF No. 167 (2d Cir. Jan. 16, 2019) (denying motion to recall mandate).

United States, or that the [trial] court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The grounds for a collateral attack under § 2255 exist "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Baslan bases his § 2255 petition on a series of claimed violations of his Sixth Amendment right to counsel. To establish ineffective assistance of counsel rising to the level of a constitutional deprivation, a defendant must satisfy the two-part test set out in Strickland v. Washington, 466 U.S. 668 (1984). The two elements of the Strickland test are: (1) counsel's representation fell below an objective standard of reasonableness, see id. at 688, and (2) the defendant was prejudiced because of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

On the reasonableness prong, the "dispositive question is 'whether the [challenged actions or decisions] were outside the wide range of professionally competent assistance.'" Bailey v. Jones, No. 17-cv-3944, 2021 WL 4033318, at *12 (E.D.N.Y. Sept. 3, 2021) (Dearie, J.) (quoting Strickland, 466 U.S. at 690). Satisfying the reasonableness prong in Strickland is a formidable burden because "the range of reasonable applications is substantial." Id. (quoting Harrington v. Richter, 562 U.S. 86, 105 (2011)). The prejudice prong is similarly "stringent," Jackson v. Morgenthau, No. 07-cv-2757, 2009 WL 1514373, at *15 (S.D.N.Y. May 28, 2009), and requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," Strickland, 466 U.S. at 687.

# DISCUSSION

*A. Venue*

Baslan first argues, in his pro se motion (Baslan Mot., ECF No. 265) and through counsel in supplemental briefing (Baslan Br., ECF No. 280), that his conviction on Count One, "cross[ing] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years," in violation of 18 U.S.C. § 2241(c), must be vacated because his lawyer failed to move to dismiss the Count on venue grounds. See Baslan Br., ECF No. 280; Baslan Mot., ECF No. 265 at 14 – 17. We address whether trial counsel's failure to move to dismiss Count One on venue grounds was unreasonable and prejudicial under Strickland.

Under Article III of the Constitution and Rule 18 of the Federal Rules of Criminal Procedure, venue is proper in the district in which a crime was committed. See FED. R. CRIM. P 18; United States v. Rodriguez-Moreno, 526 U.S. 275, 278 (1999). For certain crimes that span multiple districts, venue "may be proper in more than one district." United States v. Kowalczyck, No. 88-cr-701, 1990 WL 172652, at *6 (E.D.N.Y. Oct. 24, 1990). Congress codified venue for so-called "continuing offenses" in 18 U.S.C. § 3237(a):

> [A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed.

While the Second Circuit has not yet addressed whether § 2241(c) is a continuing offense, other circuits and district courts have held as much. See e.g., United States v. Lukashov, 694 F.3d 1107, 1121 (9th Cir. 2012) ("[T]he district court correctly held, and the parties do not dispute, that aggravated sexual abuse [in violation of § 2241(c)] is a continuing offense for purposes of 18 U.S.C. § 3237(a)."); United States v. Cryar, 232 F.3d 1318, 1322 (10th Cir. 2000); United States v. King, 604 F.3d 125, 139 (3d Cir. 2010); United States v. Ridings, No.

3

05-cr-08, 2009 WL 36764, at *4 (N.D. W.Va. Jan. 6, 2009) ("[Section] 2241(c) constitutes a continuing offense rather than an offense committed at one point in time or place."). Baslan does not dispute that § 2241(c) is a continuing offense. See Baslan Br., ECF 280, at 7-13. Consistent with the weight of authority, the Court concludes that §2241(c), with its element of interstate travel, and which necessarily began in one district, from which Baslan departed, and was completed in another, where he was arrested, is a continuing offense under 18 U.S.C. § 3237(a).

In order to identify where a continuing offense was begun, continued, or completed, the Second Circuit has adopted a two-step analysis based on United States v. Rodriguez-Moreno, 526 U.S. 275 (1999). See United States v. Miller, 808 F.3d 607, 615 (2d Cir. 2015). This inquiry instructs courts to (1) examine the nature of the crime by identifying its "essential conduct elements," and (2) identify the locations where criminal acts were committed. Id. at 279-80. "Essential conduct elements" are distinguished from the "essential elements" of an offense and exist only where physical conduct occurred, and not where criminal intent was formed. United States v. Miller, 808 F.3d 607, 615 (2d Cir. 2015). Applying the Rodriguez-Moreno test to 18 U.S.C. § 2241(c), the essential conduct elements, as this Court instructed the jury, are "[f]irst, that the defendant crossed a state line; and second, that the defendant did so with the intent to commit a sexual act with a person under the age of 12." Criminal Cause for Jury Trial, ECF No. 132 at 11.

Baslan contends that the interstate travel element conferred venue only at the precise moment when he crossed from New York into New Jersey, such that venue was only proper in the District of New Jersey and the Southern District of New York because he entered the Holland Tunnel from Manhattan. See Baslan Br., ECF 280, at 9,11.

4

As an initial matter, even if, *arguendo*, venue was proper only at the moment Baslan crossed state lines, that crossing occurred from both the Eastern and Southern districts. "The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and *concurrently with the Southern District*, the waters within the counties of Bronx and New York." 28 U.S.C. § 112(b) (emphasis added). Because the Holland Tunnel connects New York to New Jersey through waters within the concurrent jurisdiction of the Southern and Eastern districts, the crossing of state lines was between both the Eastern and Southern districts of New York, and New Jersey. See United States v. Shyne, 388 F. App'x 65, 70–71 (2d Cir. 2010) ("[V]enue in the Southern District of New York was still proper because the hypothesized route would have included travel on the Verrazano–Narrows Bridge, which spans a body of water that lies within the joint jurisdiction of the Southern and Eastern Districts of New York."); United States v. Tang Yuk, 885 F.3d 57, 72 (2d Cir. 2018) (same).

Moreover, because § 2241(c) is a continuing offense, Rodriguez-Moreno and 18 U.S.C. § 3237 instruct that venue is proper in any district in which an essential conduct element begins, continues, or is completed. See 526 U.S. at 280-82; Lukashov, 694 F.3d at 1120. In Baslan's case, the element of crossing a state line began when he departed on his interstate journey from Brooklyn. Courts have consistently held that the interstate travel element of § 2241(c) occurs in each district through which the defendant travels, including where such interstate travel began. Ridings, 2009 WL 36764, at *9 ("[V]enue for the prosecution of a violation of § 2241(c) is proper where the crime began, was continued, or completed."); United States v. Perlitz, 728 F. Supp. 2d 46, 58 (D. Conn. 2010); United States v. King, No. 4:04-cr-71, 2013 WL 12340840, at *2 (M.D. Pa. July 2, 2013); Cruz v. United States, No. 15-cv-3188, 2017 WL 3070843, at *5 (N.D. Ill. July 19, 2017) ("Because Petitioner began his [§ 2241(c)] offense in the Northern

5

District of Illinois, traveled through this district . . . , and then returned to the district as the trip ended, venue was proper in the Northern District of Illinois pursuant to 18 U.S.C. § 3237(a).").[3]

We also address the element of attempt. As both parties point out, some courts consider "attempt" to be a third essential conduct element of § 2241(c). See e.g., Lukashov, 694 F.3d at 1121; King, 604 F.3d at 139; Cryar, 232 F.3d at 1322. Without reaching a conclusion as to that issue, this Court finds that venue for the element of attempt in Baslan's case would have been satisfied in the Eastern District. "[V]enue for attempt will lie in the district where a substantial step toward commission of the offense occurred." United States v. Davis, 689 F.3d 179, 187 (2d Cir. 2012). Baslan is correct that "mere preparation" does not constitute a substantial step. United States v. Farhane, 634 F.3d 127, 147 (2d Cir. 2011). But Baslan's acts in Brooklyn were far more than mere preparation: Baslan planned his scheme in detail while in Brooklyn, including agreeing with his co-conspirators that children's Benadryl would be used to drug the child victims, that Baslan would bring a camera to the New Jersey hotel, and that an informant who Baslan believed was bringing the children to the hotel would use a code word "indicating [the informant] was with the children." Revised PSR, ECF No. 210 ¶¶ 4-13. Baslan then took a number of steps toward the realization of that plan while in Brooklyn. After Baslan's co-defendant Kristen Henry purchased children's Benadryl, Baslan met with Henry and the

---

[3] Outside of the § 2241(c) context, courts have similarly held that an interstate offense "begins where the interstate journey begins." United States v. Holcombe, 883 F.3d 12, 15 (2d Cir. 2018) (Sex Offender Registration and Notification Act violations); see also United States v. Spivey, 956 F.3d 212, 217 (4th Cir. 2020), cert. denied, 141 S. Ct. 954 (2020) (concluding "venue was proper in the district from which [the Defendant] departed" and collecting cases holding the same); United States v. Asencio, No. 3:17-cr-31, 2018 WL 3715729, at *4 ("[T]he government may satisfy the venue requirement by establishing [Defendant] knowingly transported [the victim] from, through, or into the Northern District of Mississippi to prostitute her; where they eventually crossed state lines is irrelevant for venue purposes.").

6

informant at Baslan's Brooklyn apartment and gave the drugs to the informant. Baslan Trial Tr., ECF No. 142, at 594 – 595. Later that evening, Baslan received the code word from the informant and departed from Brooklyn with a camera and laptop in his possession. Id. at 595 – 598; Revised PSR, ECF No. 210 ¶ 13. Each of these acts in Brooklyn demonstrates the precise type of "[i]ntent, plan and action" that supports a finding of substantial steps toward an underlying crime. Abrams v. United States, No. 11-cv-672, 2012 WL 4086765, at *6 (E.D.N.Y. Sept. 17, 2012). All that stood between Baslan and the abuse of three children was a group of F.B.I. agents and police officers. See United States v. Stallworth, 543 F.2d 1038, 1041 (2d Cir. 1976).

Baslan submits that the Court must disregard conduct that "took place before the crime began," including the procurement of Benadryl, because it was not an essential conduct element. Baslan Br., ECF 280, at 11-12. But this conflates the "essential conduct element" inquiry, which defines the elements of an offense, with the "substantial steps" inquiry, which defines where venue is proper when attempt is an essential conduct element. That is, if attempt is an essential conduct element of an offense, we look to the location of substantial steps to determine venue. Davis, 689 F.3d 179, 187. The law of attempt does not require substantial steps to be essential conduct elements. Accordingly, while the procurement of Benadryl or the receipt of a code word may not be essential conduct elements, they were critical steps in his scheme and were "strongly corroborative of the firmness of [Baslan's] criminal intent," United States v. Desposito, 704 F.3d 221, 231 (2d Cir. 2013), and therefore sufficient to confer venue in the Eastern District.

Finally, venue in the Eastern District for Baslan's § 2241(c) offense comports with the "substantial contacts" test outlined by the Second Circuit in United States v. Saavedra, 223 F.3d 85 (2d Cir. 2000), which takes into account the site of the crime, its elements and nature, the

place where the effect of the criminal conduct occurred, and the suitability of the venue for factfinding. Id. at 93. Baslan resided and formed his criminal intent in Brooklyn. He planned his scheme in Brooklyn. He embarked on his interstate journey from Brooklyn. Brooklyn bears far more contacts with Baslan's § 2241(c) offense than any other district. By contrast, Baslan's theory of venue would lead to the peculiar outcome that venue was proper in the Southern District, which was a mere passage en route from Brooklyn to New Jersey, but not in the Eastern District.

In light of the established legal authority to the contrary, Baslan's venue claim cannot satisfy Strickland. Baslan's trial counsel correctly notes that Baslan's "novel" venue argument "is completely at odds with the case law precedents that make plain that venue for [§ 2241(c)] would be proper in the [sic] either district . . ." Trial Counsel Aff., ECF No. 271, Ex. A, ¶ 2.[4] It was reasonable for counsel not to move to dismiss Count One on venue grounds. The weight of the case law also renders meritless Baslan's contention that the outcome of the proceeding would have been different had trial counsel made a venue challenge.[5] Because Baslan can establish neither prong of the Strickland test, his petition as to the issue of venue is denied.

B. *Counsel's Alleged Admission of "False Evidence"*

---

[4] The Court also recognizes that a successful motion to dismiss for lack of venue would merely have changed the location of the proceeding. It was reasonable for trial counsel not to move the Court on venue grounds only to face an identical proceeding prosecution in a different district.

[5] To the extent Baslan suggests that a motion to dismiss on venue grounds would have succeeded in his case because his co-defendant's § 2241(c) charge was dismissed following a motion to dismiss for lack of venue, the Court is unpersuaded. No court ever ruled on Henry's venue argument and the government never conceded that venue was improper. The Court dismissed Count One as to Henry based on the government's voluntary request. According to the government and trial counsel, the government requested dismissal of the charge because the government viewed Henry as less culpable than Baslan. See Gov't Br., ECF No 21; Trial Counsel Aff., ECF No. 271, Ex. A, ¶ 3. The suggestion that Baslan would have succeeded on a motion to dismiss for lack of venue because Henry's Count One was dismissed is frivolous.

Baslan's second <u>Strickland</u> argument is that his counsel "admit[ed] to "false evidence" that Counts Two and Three could have involved multiple victims, which resulted in a higher sentencing calculation. Baslan Mot., ECF No. 265 at 18-21. Baslan focuses his argument on the following statement from trial counsel's objections to the Pre-Sentence Report (PSR):

> [N]o factual findings were made by the jury as to whether the attempt involved one victim – Jack's 18-month-old-son, two victims - either sons, or three victims - all 3 children. The recorded conversations offer snippets of evidence that can fit any one of these 3 possibilities.

PSR Obj., ECF No. 163 at 11. But in the sentence immediately following the "admission" with which Baslan now quibbles, trial counsel argued that only a single victim was involved:

> But the best evidence from the tapes, particularly the discussions on the day of the offense conduct, *supports only the inference that Baslan was only interested in photographing Henry with the 18-month-old baby*, and that the older son and 8-year-old niece would be sleeping in another room while the offensive photo-shoot took place.

<u>Id</u>. (emphasis added). Trial counsel's objections further took issue "with paragraph 80, in which the PSR employs a 'multiple victims' application pursuant to §2G2.1(d)(1)." <u>Id.</u>

Accordingly, the "admission" was a minor clarification that the evidence was not entirely clear. It was likely offered by trial counsel for the sake of candor and to lend credibility to the inference he asked the Court to draw. Counsel's statement was not unreasonable nor is it the type of "unprofessional error" for which relief under <u>Strickland</u> may be granted. 466 U.S. at 694. Moreover, Baslan cannot establish prejudice. Baslan submits that but for counsel's "admission," "there is a reasonable probability that the Court would have sustained the objection and removed the guideline calculations for Counts 2B and 3B." Baslan Mot., ECF No. 265 at 20. But Baslan fails to mount any support for the theory that trial counsel's reference to the lack of clarity on the number of victims factored into the Court's ultimate sentencing decision. Because Baslan can establish neither prong of the <u>Strickland</u> test, his petition as to the "false admission" is denied.

9

C. *Failure to Object to Restitution Formula*

Baslan next argues that his trial counsel was deficient for failing to object to the formula used by the Court to calculate the amount of restitution. Baslan Mot., ECF 265 at 22-24.[6]

Baslan's claim fails because this Court lacks subject matter jurisdiction over 28 U.S.C. § 2255 petitions that do not challenge custodial orders. Section 2255 grants prisoners the right to collaterally attack a sentence when "claiming the *right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a) (emphasis added). In Edwards v. United States, 01-cv-3415, 2007 WL 2325933 (E.D.N.Y. Aug. 10, 2007), the Court noted that "the plain language of [§ 2255] requires that the movant be both in custody (or subject to possible incarceration) and seeking a release therefrom" and found that the restitution order at issue "does not severely limit [Defendant's] liberty such that her motion can be viewed as challenging a custodial order." Id. at *3; see also United States v. Rutigliano, 887 F.3d 98, 111 (2d Cir. 2018) ("Collateral review jurisdiction under 28 U.S.C. § 2255 does not reach the restitution parts of criminal sentences where, as here, the restitution cannot be deemed custodial punishment."); Kaminski v. United States, 339 F.3d 84, 91 (2d Cir. 2003) (dismissing § 2255 claim because challenged restitution order was non-custodial). Baslan does not allege that the restitution order amounts to a restraint on his liberty and this Court finds no basis to hold as much. With no restraint on Baslan's liberty, this Court lacks subject matter jurisdiction to address Baslan's petition as to the restitution imposed.

D. *Failure to Present Entrapment Defense*

---

[6] The Court notes that Baslan's reply brief withdraws this objection "as far as the amount of the restitution order, but maintains that his attorney was ineffective when he did not ask for delayed scheduling as far as the payments of the restitution order." Baslan Rep., ECF No. 275 at 14.

In his final Strickland argument, Baslan submits that his trial counsel failed to present a defense of entrapment. Baslan's hypothetical entrapment defense relates only to the interstate travel element of Count One and alleges that the government induced him to travel to New Jersey in order to manufacture federal jurisdiction when he would have otherwise engaged in the sexual abuse of a minor under the age of twelve in Brooklyn.

Baslan cannot satisfy Strickland's reasonableness prong because making Baslan's hypothetical entrapment argument at trial would have required the defense to admit that Baslan intended to sexually assault children, but only in Brooklyn. See Trial Counsel Aff., ECF 271, Ex. A ¶ 9. It was more than reasonable for trial counsel not to take that strategic position at trial.

Baslan also fails under Strickland because an entrapment defense was futile due to the overwhelming evidence of Baslan's predisposition to travel from Brooklyn to New Jersey to engage in sexual acts with minors. The affirmative defense of entrapment consists of two elements: "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988). Predisposition may be established through a showing of:

> (1) an existing course of criminal conduct similar to the crime for which [the defendant] is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement.

United States v. Valencia, 645 F.2d 1158, 1167 (2d Cir. 1980); United States v. Viviano, 437 F.2d 295, 299 (2d Cir. 1971) (entrapment defense failed where "[t]here [was] no evidence whatsoever to suggest that [Defendant] displayed the slightest hesitancy[.]").

As I noted in addressing a similar "manufactured jurisdiction" argument presented by Baslan's co-defendant:

11

> [Henry] takes great care to gloss over the fact, as alleged, that Henry and defendant Baslan, of their own volition, chose to get in their vehicle, on the evening of March 19, 2013, and drive to Jersey City, New Jersey, allegedly for the sole purpose of undertaking their planned sexual abuse of the victims. Certainly, this voluntary, affirmative act of the defendant, is more than sufficient to find that federal jurisdiction has not been improperly manufactured.

United States v. Henry, No. 13-cr-220, 2015 WL 1258173, at *3 (E.D.N.Y. Mar. 18, 2015) (internal citations omitted). The record shows that Baslan was a ready, willing, and indeed eager participant in the scheme: It was Baslan who recited the "game plan" to the informant, gave Benadryl to the informant, confirmed he would bring a camera, travelled from Brooklyn to New Jersey, and was found with a laptop and digital camera when arrested. See Revised PSR, ECF No. 210 ¶¶ 8-13. The record reflects no hesitation on Baslan's part with respect to interstate travel or any other aspect of the scheme. Indeed, trial counsel submits in an affidavit that an entrapment defense was not viable because, "Baslan's predisposition came across multiple times and in multiple ways." Trial Counsel Aff., ECF. No 271, Ex. A ¶ 10. Because an entrapment defense would not have succeeded, Baslan was not prejudiced by trial counsel's failure to raise this argument. See Strickland, 466 U.S. at 694. Thus, Baslan's petition as to this issue is denied.

## CONCLUSION

Mr. Baslan's petition deserves to be summarily rejected. Like so many others, having been convicted at trial, and after full review by the appellate court, with nothing to lose, he fixes his sights on his chosen trial counsel in this groundless and irresponsible attack. Mr. Baslan's convictions are valid and his petition is denied.

SO ORDERED.

Dated: Brooklyn, New York
    December 6, 2021

                                                                /s/ Raymond J. Dearie
                                                                RAYMOND J. DEARIE
                                                                United States District Judge